IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BROCK STONE, et al. )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>DONALD J. TRUMP, et al. )<br>)<br>Defendants. )<br>) | Case No. 17-cv-02459 |

**PLAINTIFFS' MOTION TO FILE DECLARATION UNDER SEAL**

Pursuant to Local Rule 105.11, Plaintiffs respectfully move the Court to place under seal the Declaration of John Doe in Support of Motion to Permit John Doe to Proceed Under Pseudonym, and to Omit Individual Plaintiffs' Home Addresses From Caption (hereafter, the "Sealed Declaration"), which Plaintiffs have filed contemporaneously with this Motion.

Local Rule 105.11 provides that courts may grant motions to seal if the moving party includes "(a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."[1] The decision to seal judicial records "is a matter of a district court's 'supervisory power,' and it is one 'best left to the sound discretion of the [district] court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 58-997 (1978)).

---

[1] Plaintiffs have served this Motion upon Defendants via First Class Mail. For reasons stated in Plaintiffs' Motion to Permit John Doe to Proceed Under Pseudonym, and to Omit Individual Plaintiffs' Home Addresses From Caption, Plaintiff John Doe has concerns about retaliation, harassment, and violence from others within his service unit should he be identified as a plaintiff in this action. Therefore, Plaintiffs have served a redacted version of the Sealed Declaration upon Defendants which omits John Doe's name.

Sealing is appropriate here. As described in the Sealed Declaration, Plaintiff John Doe seeks to proceed under pseudonym due to legitimate concerns relating to his personal safety and the safety of his family, his girlfriend, and his girlfriend's family. Should Doe's identity become publicly available in association with this case, he fears he will be the target of retaliation, harassment, or violence. He is also concerned about the well-being of his family, his girlfriend, and his girlfriend's family, who live in Texas and Arkansas, two states notorious for actively seeking to strip the rights of transgender individuals contributing to the high rates of violence and discrimination against transgender individuals and their friends and family members. John Doe is also concerned that being identified as transgender in this action will jeopardize his current work in the armed forces, and future plans to work in defense contracting.

Unless the Sealed Declaration is placed under seal, Plaintiff and his family will be at risk for retaliation, harassment, and violence. Moreover, there are no alternatives other than filing under seal that would allow John Doe to support his motion to proceed under pseudonym while maintaining his anonymity in light of the risks.

Pursuant to Local Rule 105.11, if the Court denies this Motion, Plaintiffs reserve their right to withdraw the Sealed Declaration from the docket and secure prompt return of all such materials served upon Defendants. In the interim, Defendants and their counsel should not disclose publicly or use outside of this litigation the Sealed Declaration.

For the above stated reasons, Plaintiffs respectfully request that the Court enter an order sealing the Declaration of John Doe in Support of Motion to Permit John Doe to Proceed Under Pseudonym, and to Omit Individual Plaintiffs' Home Addresses From Caption. A proposed order is attached.

Dated: August 28, 2017

Respectfully submitted,

David M. Zionts*
Carolyn F. Corwin*
Jaclyn E. Martínez Resly*
Jeff Bozman*
Marianne F. Kies (Bar No. 18606)
Christopher J. Hanson*
Tom Plotkin*†
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Fax: (202) 778-5987
dzionts@cov.com
ccorwin@cov.com
jmartinezresly@cov.com
jbozman@cov.com
mkies@cov.com
chanson@cov.com
tplotkin@cov.com

Mitchell A. Kamin*
Nicholas A. Lampros*
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
mkamin@cov.com
nlampros@cov.com

Deborah A. Jeon (Bar No. 06905)
David Rocah (Bar No. 27315)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF MARYLAND
3600 Clipper Mill Road, #350
Baltimore, MD 21211
Telephone: (410) 889-8555
Fax: (410) 366-7838
jeon@aclu-md.org
rocah@aclu-md.org

Joshua A. Block*
Chase B. Strangio*
James Esseks*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2627
Fax: 212-549-2650
jblock@aclu.org
cstrangio@aclu.org
jesseks@aclu.org

*Attorneys for Plaintiffs*

\* *pro hac vice* application forthcoming

†Admitted to the Bars of Pennsylvania and New Jersey, admission to the Bar of the District of Columbia pending; and supervised by the principals of the firm.

## CERTIFICATE OF SERVICE

I hereby certify that, on August 28, 2017, a copy of the foregoing document was served on all named Defendants, via First Class Mail.

Marianne F. Kies, Bar No. 18606