**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| BROCK STONE, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 17-cv-02459 |
| ) | |
| DONALD J. TRUMP, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' UNOPPOSED MOTION TO FILE**
**DECLARATION OF JOHN DOE UNDER SEAL**

Pursuant to Local Rule 105.11, Plaintiffs respectfully move the Court to place under seal the Declaration of John Doe in Support of Plaintiffs' Motion for Preliminary Injunction, which Plaintiffs have filed contemporaneously with this Motion. The Department of Justice does not oppose the relief requested in this Motion.

Local Rule 105.11 provides that courts may grant motions to seal if the moving party includes "(a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."[1] The decision to seal judicial records "is a matter of a district court's 'supervisory power,' and it is one 'best left to the sound discretion of the [district] court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'" *Virginia Dep't of State Police v.*

---

[1] For reasons stated in Plaintiffs' Motion to Permit John Doe to Proceed Under Pseudonym, and to Omit Individual Plaintiffs' Home Addresses From Caption (Dkt. No. 8), Plaintiff John Doe has credible concerns about retaliation, harassment, and violence should he be identified as a plaintiff in this action. Therefore, Plaintiffs have served on Defendants a redacted version of the Sealed Declaration, which omits John Doe's name. Plaintiffs are prepared to negotiate a protective order promptly if counsel for Defendants wish to view the unredacted version.

*Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-99 (1978)).

Sealing is appropriate here.  As described in Plaintiffs' Motion for Permission for Plaintiff John Doe to Proceed Under Pseudonym, and Motion to Omit Individual Plaintiffs' Home Addresses from Caption (Dkt. No. 8), and the accompanying Declaration of John Doe filed under seal (Dkt. No. 9), Plaintiff John Doe has legitimate concerns about the effects that participation in this case might have on his personal safety and the safety of his family, his girlfriend, and his girlfriend's family.  Should Doe's identity become publicly available in association with this case, he fears he will be the target of retaliation, harassment, or violence. He is also concerned about the well-being of his family, his girlfriend, and his girlfriend's family, who live in Texas and Arkansas, two states notorious for actively seeking to strip away the rights of transgender individuals, contributing to the high rates of violence and discrimination against transgender individuals and their friends and family members.  John Doe is also concerned that being identified as transgender in this action will jeopardize his current work in the armed forces, and future plans to work in defense contracting.

Unless the Sealed Declaration is placed under seal, Plaintiff Doe and his family will be at risk for retaliation, harassment, and violence. Moreover, there are no alternatives other than filing under seal that would allow Plaintiff Doe to support his Motion for Preliminary Injunction while maintaining his anonymity in light of the risks.  The Court granted Plaintiffs' previous motion to file Declaration of John Doe under seal (Dkt. No. 9) on the same grounds.

Pursuant to Local Rule 105.11, if the Court denies this Motion, Plaintiffs reserve their right to withdraw the Sealed Declaration from the docket and secure prompt return of all such

materials served upon Defendants. In the interim, Defendants and their counsel should not disclose publicly or use outside of this litigation the Sealed Declaration.

For the above stated reasons, Plaintiffs respectfully request that the Court enter an order sealing the Declaration of John Doe in Support of Plaintiffs' Motion for Preliminary Injunction. A proposed order is attached.

Dated: September 14, 2017

David M. Zionts*
Carolyn F. Corwin*
Mark H. Lynch (Bar No. 12560)†
Jaclyn E. Martínez Resly*
Jeff Bozman*
Marianne F. Kies (Bar No. 18606)
Christopher J. Hanson*
Tom Plotkin*‡
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. NW
Washington, DC 20001
Telephone: (202) 662-6000
Fax: (202) 778-5987
dzionts@cov.com
ccorwin@cov.com
mlynch@cov.com
jmartinezresly@cov.com
jbozman@cov.com
mkies@cov.com
chanson@cov.com
tplotkin@cov.com

Mitchell A. Kamin*
Nicholas A. Lampros*
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
mkamin@cov.com
nlampros@cov.com

\* Admitted *pro hac vice*

† Inactive; reactivation application forthcoming

‡ Admitted to the Bars of Pennsylvania and New Jersey, admission to the Bar of the District of Columbia pending; and supervised by the principals of the firm.

Respectfully submitted,

/s/ Deborah A. Jeon

Deborah A. Jeon (Bar No. 06905)
David Rocah (Bar No. 27315)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF MARYLAND
3600 Clipper Mill Road, #350
Baltimore, MD 21211
Telephone: (410) 889-8555
Fax: (410) 366-7838
jeon@aclu-md.org
rocah@aclu-md.org

Joshua A. Block*
Chase B. Strangio*
James Esseks*
Leslie Cooper*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2627
Fax: 212-549-2650
jblock@aclu.org
cstrangio@aclu.org
jesseks@aclu.org
lcooper@aclu.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 14th day of September, 2017, a copy of the foregoing was served via electronic mail, pursuant to agreement, on the following counsel:

Peter J. Phipps
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
Phone:  (202) 616-8482 // (412) 894-7421
Peter.Phipps@usdoj.gov

                                                                    /s/  Marianne F. Kies
                                                                    Marianne F. Kies