IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BROCK STONE, et al.    *

    Plaintiffs    *

  vs.    * CIVIL ACTION NO. MJG-17-2459

DONALD J. TRUMP et al.    *

    Defendants    *

\*   \*   \*   \*   \*   \*   \*   \*   \*

<u>MEMORANDUM & ORDER RE: CLARIFICATION</u>

The Court has before it Defendants' Motion for Clarification and, if Necessary, a Partial Stay of Preliminary Injunction Pending Appeal [ECF No. 91] and the materials related thereto. The Court finds a hearing unnecessary.

I. <u>CLARIFICATION</u>

Defendants seek clarification from the Court that the Preliminary Injunction [ECF No. 84], issued on November 21, 2017, does not prohibit the Secretary of Defense from exercising his independent discretion to defer the January 1, 2018 effective date for the accessions provision of the Open Service Directive.[1] The Court's Order did not address nor contemplate

---

[1] The Open Service Directive was issued by then-Secretary of Defense Carter on June 30, 2016, and the accessions provision was scheduled to go into effect on July 1, 2017. On June 30, 2017, Secretary of Defense Mattis delayed the effective date to January 1, 2018.

1

addressing any legitimate independent reasons for delaying the accessions provision.  Defendants have not shown the impossibility of implementing the accessions provision within the planned timeframe.  Nor have defendants shown a likelihood that the Secretary of Defense intends to take an action that would present the alleged issue.

By this motion, Defendants essentially ask this Court to issue an advisory opinion as to whether a hypothetical action that could be taken by Secretary Mattis could achieve the denial of accession to transgender applicants without violation of the outstanding Order.  Determination of the legality of an action that would effectively delay the application of the Court Order would likely require resolution of a myriad of factual disputes.  The motion seems to request judicial advice as to what can be done to delay transgender accession to the military that will not risk a contempt finding.  The role of the federal courts is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000).  Thus, the Court shall DENY Defendants' motion.

II.  PARTIAL STAY

In the alternative, Defendants seek a partial stay of the Preliminary Injunction pending appeal.[2]  Subsequent to filing the instant motion, Defendants also filed in the Fourth Circuit appellate case (No. 17-2398) an emergency motion for administrative stay and partial stay pending appeal.  On December 21, 2017, the Fourth Circuit denied the motion.  See Order, ECF No. 99.  To the extent that the instant motion is not moot, the Court finds that Defendants have not met their burden to establish irreparable harm if they must implement the accessions provision by January 1, 2018.  Nor have Defendants shown that the Court abused its discretion in weighing the equities to decide that a preliminary injunction was warranted such that they are likely to succeed on the merits of their appeal of the Preliminary Injunction.  Granting a stay may harm Plaintiffs and is not in the public interest.

Accordingly, upon considering the four factors, Nken v. Holder, 556 U.S. 418, 434 (2009), the Court finds that they do not weigh in favor of a stay of the accession provision of the Court's preliminary injunction while the Fourth Circuit decides Defendants' appeal.

---

[2]  The Court notes that in the corresponding D.C. Court case, Doe 1 v. Trump, No. 17-cv-0159-CKK, Defendants sought a partial stay pending appeal, and it was denied on December 11, 2017, the day before the instant motion was filed.

Defendants' Motion for Clarification and, if Necessary, a Partial Stay of Preliminary Injunction Pending Appeal [ECF No. 91] is DENIED.

SO ORDERED, on Thursday, December 28, 2017.

/s/
Marvin J. Garbis
United States District Judge