## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BROCK STONE, et al.,

                          Plaintiffs,

      vs.

DONALD J. TRUMP, et al.,

                          Defendants.

Case No. 1:17-cv-02459-MJG

## MEMORANDUM IN SUPPORT OF
## PLAINTIFFS' MOTION TO COMPEL INITIAL DISCLOSURES

Federal Rule of Civil Procedure 26(a)(1) and this Court's Scheduling Order (ECF No. 100) required Defendants to disclose the individuals, documents, and information that Defendants "may use" to support their defenses by January 9, 2018.  Defendants' two-sentence "initial disclosure" contains none of the required identifications, and is tantamount to no disclosure at all:

> The Department of Defense is currently undertaking a study of policies concerning transgender service members and upon completion of that study, and the development of any new policies resulting from that study, Defendants will supplement these disclosures as appropriate consistent with Federal Rule of Civil Procedure 26(e).

Defendants have ignored Plaintiffs' repeated attempts to ascertain whether Defendants will immediately correct their January 9 "Initial Disclosures," necessitating this Motion to Compel.  In light of the expedited discovery schedule in this case, Plaintiffs respectfully request that the Court order Defendants to respond to this motion, if at all, by no later than Wednesday, January 31, with Plaintiffs' reply due on Monday, February 5.

## BACKGROUND

Following a telephone conference with the parties on December 13, 2017 (ECF No. 94), the Court issued a Scheduling Order on December 27, 2017 (ECF No. 100).  The discovery

timeline outlined in the Scheduling Order is identical to the schedule agreed upon by both parties in their Joint Proposed Scheduling Order submitted to the Court on December 20, 2017.  *See id.*; ECF No. 98.  All parties and the Court agreed that a brisk discovery timeline was appropriate for this action.  Accordingly, the Scheduling Order required Rule 26(a)(1) initial disclosures to be served no later than January 9, 2018, and orders that all discovery must be completed by April 24, 2018.  ECF No. 100.

Plaintiffs served their initial disclosures on January 9.  Defendants, by contrast, served only a two-sentence document that—although styled as "Defendants' Initial Disclosures"—contained no disclosures at all:

> Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Defendants make the following initial disclosures based on the information reasonably available as of this date.
>
> The Department of Defense is currently undertaking a study of policies concerning transgender service members and upon completion of that study, and the development of any new policies resulting from that study, Defendants will supplement these disclosures as appropriate consistent with Federal Rule of Civil Procedure 26(e).

Declaration of Mitchell Kamin ("Kamin Decl."), Ex. 1.

Plaintiffs conferred with Defendants the next day by telephone, on January 10.  In this call, Plaintiffs' counsel stated that Defendants' initial disclosures were manifestly inadequate and requested that they be corrected promptly.  Kamin Decl. ¶ 4.  Plaintiffs' counsel further informed defense counsel of Plaintiffs' intention to send a letter detailing Plaintiffs' concerns.  Defendants agreed to consider Plaintiffs' letter, *id.*, which Plaintiffs sent via email on January 11, 2018, Kamin Decl., Ex. 2.  Plaintiffs' January 11 letter explained why Defendants' "Initial Disclosures" are inconsistent with both the Federal Rules and common sense; among other things, Defendants' vigorous defense of this lawsuit, which challenges actions taken by Defendants in July and August

2017, establishes that Defendants *must* be aware of at least some facts and information which Defendants "may" use to defend against Plaintiffs' claims. *Id.* at 2.  Their failure to timely disclose those facts and information is inexcusable.[1]

Defendants have not responded to Plaintiffs' January 11 letter, despite subsequent follow-up emails from Plaintiffs' counsel on January 19 and 22.  Kamin Decl., Exs. 3, 4.

## ARGUMENT

### I.    Legal Standard

Federal Rule of Civil Procedure 26(a)(1) requires that a party "must, without awaiting a discovery request," identify "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses" and provide a copy or description of "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses."  Fed. R. Civ. P. 26(a)(1)(A)(i), (ii).  Initial disclosures are to be made based on the information "then reasonably available" to the party, and a party is not excused from this obligation simply because "it has not fully investigated the case."  *Id.* 26(a)(1)(E).  The purpose of initial disclosures is for parties to provide "basic information that is needed . . . to prepare for trial or make an informed decision about settlement."  *Id.* 26(a)(1), advisory committee's note (1993 Amendment § (a)).

Where "a party fails to make a disclosure required by Rule 26(a)," any other party "may move to compel disclosure and for appropriate sanctions."  Fed. R. Civ. P. 37(a)(3)(A).  "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of

---

[1] This is at least Defendants' second attempt to stall discovery in this case, both predicated on the February 21, 2018 deadline.  Defendants requested a stay of discovery until that date during the December 13, 2017 scheduling conference and the Court denied that request.  ECF No. 94.

persuasion." *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases).

District courts in this Circuit routinely grant motions to compel where a party fails to provide the disclosures required under Rule 26. *See, e.g.*, *Pledger v. UHS-Pruitt Corp.*, 2013 WL 5603259, at *2 (E.D.N.C. Oct. 11, 2013) (compelling initial disclosures where none were provided); *Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*, 2016 WL 3452734, at *2 (D.S.C. June 24, 2016) (holding promise of future supplementation insufficient and compelling initial disclosure of damages computations based on currently known information); *Deakins v. Pack*, 2012 WL 1957795, at *3–4 (S.D. W. Va. May 31, 2012) (compelling supplementation of initial disclosures where disclosing party knew or could easily obtain information required).

## II. Defendants' "Initial Disclosures" Are Manifestly Inadequate And Must Be Promptly Supplemented Based On Defendants' Current Knowledge

### A. Defendants' Failure To Identify A Single Document Or Individual Is Facially Inadequate Under the Federal Rules of Civil Procedure.

Defendants' Initial Disclosures did not identify *any* individuals likely to have discoverable information, nor did they describe any documents. "[A]n evasive or incomplete disclosure […] must be treated as a failure to disclose." Fed. R. Civ. P. 37(a)(4); *see Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 573 (D. Md. 2010). As such, this Court should issue an order compelling Defendants to provide a complete disclosure based on their current knowledge of the facts.

Defendants' vague promise to "supplement" their Initial Disclosures a month from now does not excuse their failure to produce adequate disclosures in the first place. Although their position is not entirely clear, Defendants appear to suggest that they need not identify any individuals or documents because Defendants are still "studying" President Trump's August 25, 2017 Transgender Service Member Ban for the purpose of generating a February 21, 2018 "implementation plan," and state that Defendants may "supplement" their Initial Disclosure once

- 4 -

that plan is issued.  Defendants' use of the term "supplement" is inapt: Defendants have not yet provided any information to supplement.  In any event, a party's obligation to timely supplement its disclosures does not discharge Defendants' *current* obligation to provide complete and correct *initial* disclosures, based on the information currently available to Defendants and supported by a reasonable inquiry.  *See* Fed. R. Civ. P. 26(g)(1)(A) ("By signing [a disclosure], an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry […] *with respect to a disclosure, it is complete and correct as of the time it is made."* (emphasis added)); *see also* D. Md. Local Rules, Appx. A, Guideline i(e); *In re Oakwood Homes Corp.*, 340 B.R. 510, 541 (Bankr. D. Del. 2006) (requiring initial disclosure as to computation of damages based on "the best information then available").

In addition to being contrary to their obligations under the Federal Rules of Civil Procedure, Defendants' position defies logic.  Plaintiffs have alleged claims arising from the President's policy decision to ban transgender individuals from serving in the military, first announced via Twitter on July 26, 2017, and formalized as a memorandum to the Secretary of Defense and Secretary of Homeland Security on August 25, 2017.  *See* ECF Nos. 40-22, 40-21.  Regardless of the future results of the Department of Defense's ongoing study concerning the *implementation* of the August 2017 Ban, there is no conceivable justification for Defendants' failure to identity witnesses and documents related to the *formation* of that policy now.  Nor is there any justification for Defendants not to disclose evidence presently known pertinent to the ongoing "study," such as the individuals who are involved in it, any documents on which those individuals have relied or intend to rely, and any policy recommendations currently being considered based on the study's results to date.

B.     Plaintiffs Are Prejudiced By Defendants' Failure To Timely Disclose Pursuant To Rule 26(a).

Defendants' refusal to serve complete and accurate initial disclosures prejudices Plaintiffs' ability to litigate this case.  Discovery will close on April 24, 2018.  ECF No. 100.  Defendants apparently intend to "supplement" their Initial Disclosures, if at all, upon completion of the Department of Defense's study into their policies on or after February 21, 2018.  In other words, Defendants have unilaterally decided to withhold their evidence from Plaintiffs until only two months of discovery remain.  Defendants' obfuscation materially impairs Plaintiffs' ability to investigate the individuals and documents Defendants ultimately choose to reveal.  *See Winston v. Land Transp., LLC*, 2007 WL 2471063, at *2 (E.D. Va. Aug. 27, 2007) ("It is beyond question that the disclosures required by Rule 26 are the basis for the framing of further discovery requests by the adverse party.").  Moreover, numerous depositions have already been scheduled in the related D.D.C. case.  Plaintiffs cannot adequately prepare to participate in those depositions without knowing the materials and information on which Defendants' witnesses would purport to rely.

**REQUEST FOR EXPEDITED BRIEFING**

In light of the rapid discovery timeline in this case and the ongoing prejudice to Plaintiffs' ability to obtain discovery into Defendants' defenses, it is imperative that Defendants provide complete initial disclosures well in advance of February 21, 2018.  Defendants' initial deadline to do so—January 9, 2018—has long since passed.  Under a standard briefing schedule this Motion would likely not be decided until after February 21.  As such, Plaintiffs respectfully request that Defendants be required to oppose this Motion, if at all, by Wednesday, January 31, 2018.  Plaintiffs' reply, if any, should be due on Monday, February 5.

**CONCLUSION**

For the foregoing reasons, the Court should issue an order compelling Defendants to make complete initial disclosures consistent with Federal Rule of Civil Procedure 26(a)(1) within two business days of the issuance of an order granting this Motion.

## CERTIFICATE OF GOOD FAITH CONFERENCE OF COUNSEL

Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 104.7, Plaintiffs' counsel hereby certify that on January 10, 2017 at approximately 1:00 p.m. EST they conferred in good faith via telephone with counsel for Defendants regarding Defendants' Initial Disclosures, as described in the accompanying Declaration of Mitchell Kamin.  Participating in this conference were Mitchell Kamin and Marianne Kies, counsel for Plaintiffs, and Ryan Parker, counsel for Defendants.  During this conference, Plaintiffs' counsel requested prompt correction of Defendants' Initial Disclosures.  Plaintiffs' counsel then sent defense counsel a letter on January 11 reiterating Plaintiffs' request in greater detail.  Plaintiffs' counsel subsequently sent two follow-up emails requesting a response from Defendants to Plaintiffs' January 11 letter, on January 19 and January 22.  Defense counsel has not responded to Plaintiffs' letter, nor the subsequent emails.  Plaintiffs were therefore unable to ascertain Defendants' position on this Motion.

Dated: January 26, 2018

Respectfully submitted,

 /s/ *Peter J. Komorowski*

David M. Zionts*
Carolyn F. Corwin*
Jaclyn E. Martínez Resly*
Augustus Golden*
Jeff Bozman*
Marianne F. Kies (Bar No. 18606)
Christopher J. Hanson*
Tom Plotkin*
Peter J. Komorowski (Bar No. 20034)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. NW
Washington, DC 20001
Telephone: (202) 662-6000
Fax: (202) 778-5987
dzionts@cov.com
ccorwin@cov.com
jmartinezresly@cov.com
agolden@cov.com
jbozman@cov.com
mkies@cov.com
chanson@cov.com
tplotkin@cov.com
pkomorowski@cov.com

Mitchell A. Kamin*
Nicholas A. Lampros*
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
mkamin@cov.com
nlampros@cov.com

* Admitted pro hac vice

*Attorneys for Plaintiffs*

Deborah A. Jeon (Bar No. 06905)
David Rocah (Bar No. 27315)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF MARYLAND
3600 Clipper Mill Road, #350
Baltimore, MD 21211
Telephone: (410) 889-8555
Fax: (410) 366-7838
jeon@aclu-md.org
rocah@aclu-md.org

Joshua A. Block*
Chase B. Strangio*
James Esseks*
Leslie Cooper*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2627
Fax: 212-549-2650
jblock@aclu.org
cstrangio@aclu.org
jesseks@aclu.org
lcooper@aclu.org

*Attorneys for Plaintiffs*