# Exhibit 2

# COVINGTON

BEIJING   BRUSSELS   DUBAI   JOHANNESBURG   LONDON
LOS ANGELES   NEW YORK   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

Mitchell A. Kamin

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T  +1 424 332 4759
mkamin@cov.com

**Via Email**

January 11, 2018

Ryan B. Parker
United States Department of Justice
Civil Division, Federal Programs Branch
T: (202) 514-4336
ryan.parker@usdoj.gov

> **Re: Defendants' Initial Disclosures in *Stone, et al. v. Trump, et al.*, Case No. 1:17-cv-02459-MJG (D. Md.)**

Dear Mr. Parker:

    We write regarding the initial "disclosures" served by Defendants in the above-referenced matter on January 9, 2018 ("Initial Disclosures"). Defendants' Initial Disclosures—in their entirety—are as follows:

> *Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Defendants make the following initial disclosures based on the information reasonably available as of this date.*
>
> *The Department of Defense is currently undertaking a study of policies concerning transgender service members and upon completion of that study, and the development of any new policies resulting from that study, Defendants will supplement these disclosures as appropriate consistent with Federal Rule of Civil Procedure 26(e).*

    For the reasons stated during our telephone conference on Wednesday, January 10, 2018, and discussed further below, Defendants' Initial Disclosures do not comply with Defendants' discovery obligations under federal law or the District Court's orders. Defendants have not disclosed a single witness or document with which they might support their defenses. We cannot comprehend that Defendants are not presently aware of any such witnesses or documents, more than four months after Plaintiffs filed their complaint. Surely, Defendants still intend to defend the constitutionality of the President's challenged actions in 2017; indeed, Defendants have already attempted to do so. The only possible conclusion to draw is that Defendants are aware of evidence on which they might rely but have nevertheless failed to disclose it.

    Pursuant to Federal Rule of Civil Procedure 26(a), a party "must" identify "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses" and provide a copy or

**COVINGTON**

Ryan B. Parker
January 11, 2018
Page 2

description of "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i), (ii). A party must make its initial disclosures based on the information "then reasonably available to it," and is not excused from that obligation simply because "it has not fully investigated the case." *Id.* 26(a)(1)(E).

As you are aware, Defendants have not identified any individuals or documents likely to provide or contain information which Defendants may use to support their defenses in this case. We understand Defendants' position to be that they are not required to identify any such individuals or documents in light of the fact that Defendants are still "studying" President Trump's August 25, 2017 Transgender Service Member Ban for purposes of generating a February 21, 2018 "implementation plan." You stated that Defendants may "supplement" their Initial Disclosures when that plan is issued.

Defendants' use of the term "supplement" is inapt: Defendants have not provided any information to supplement. In any event, the requirement to timely supplement disclosures does not excuse Defendants' obligation to provide complete and correct *initial* disclosures based on a reasonable inquiry. *See* Fed. R. Civ. P. 26(g)(1)(A); *see also* D. Md. Local Rules, Appx. A, Guideline 1(e). Plaintiffs have alleged claims arising from the President's policy decision to ban transgender individuals from serving in the military, first announced via Twitter on July 26, 2017, and formalized as a memorandum to the Secretary of Defense and Secretary of Homeland Security on August 25, 2017. Regardless of the future results of the Department of Defense's ongoing study concerning the implementation of the Ban, there is no conceivable justification for Defendants' failure to identify witnesses and documents related to the *formation* of that policy now. Nor is there any reason to fail to disclose evidence pertinent to the ongoing study, such as the individuals who are involved in it and any documents on which those individuals have relied or intend to rely.

Defendants' failure to provide complete Initial Disclosures prejudices Plaintiffs' ability to conduct discovery in a timely manner. This concern is particularly pressing given that the discovery deadline in this case is April 24, 2018—less than four months away.

For the foregoing reasons, Plaintiffs request that Defendants immediately supplement their Initial Disclosures to comply with Federal Rule of Civil Procedure 26(a)(1) and the Court's Scheduling Order of December 27, 2017. Plaintiffs reserve all rights to compel disclosure and seek appropriate sanctions under Rule 37(a)(3)(A) and, if necessary, to seek to exclude under Rule 37(c)(1) all witnesses and information not properly disclosed.

Sincerely,

*[signature]*

*Attorney for Plaintiffs*