**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

BROCK STONE, et al.,

                Plaintiffs,

vs.

DONALD J. TRUMP, et al.,

                Defendants.

Case No. 1:17-cv-02459-GLR

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit the attached order issued on September 18, 2018, in *Stockman v. Trump*, No. EDCV 17-01799-JGB (C.D. Cal.), ECF No. 124 ("*Stockman* Order"), in further support of Plaintiffs' Opposition to Defendants' Motion to Dissolve the Preliminary Injunction, ECF 139; Plaintiffs' Opposition to Defendants' Motion to Dismiss or for Summary Judgment, ECF 163-2; Plaintiffs' Opposition to Defendants' Motion to Stay Compliance with the Magistrate Judge's Memorandum Opinion and Order, ECF 211; and Plaintiffs' Response to Defendants' Objections to the Magistrate Judge's Memorandum Opinion and Order, ECF 216. Like this case, the *Stockman* case involves a constitutional challenge to President Trump's ban on military service by transgender persons.

The *Stockman* Order addresses several of the issues pending before this Court in the above-mentioned motions. *First*, the *Stockman* Order found that President Trump's March 23, 2018 memorandum and the accompanying February 22, 2018 memorandum from Secretary Mattis (together, the "Implementation Plan") do not moot a challenge to President Trump's August 25, 2017 memorandum (the "Transgender Military Service Ban," or "the Ban"). *Stockman* Order at 7–9. In making this finding, the *Stockman* court rejected a key argument

Defendants rely on here in their Motion to Dissolve the Preliminary Injunction and Motion to Dismiss or for Summary Judgment. *See* ECF 120 at 9–11; ECF 158 at 21–23. Relying on Supreme Court precedent, the *Stockman* Order noted that it does not "matter that the new ordinance differs in certain respects from the old one," so long as "it disadvantages [plaintiffs] in the same fundamental way." *Stockman* Order at 8 (quoting *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 669 (1993) (emphasis removed)). The *Stockman* court found that "the controversy presented by the new policy is substantively the same as the controversy presented by the old policy," that is, under both the Ban and the Implementation Plan, "[t]ransgender individuals will be disadvantaged 'in the same fundamental way.'" *Id.* at 9 (quoting *City of Jacksonville*, 508 U.S. at 669). The court therefore determined that Defendants' challenged conduct in connection with the Ban continued in the Implementation Plan, rejecting Defendants' mootness argument in that case.

*Second*, the *Stockman* court joined the court in *Karnoski v. Trump*, 2018 WL 1784464 (W.D. Wash. Apr. 13, 2018), in rejecting Defendants' oft-repeated argument that the Implementation Plan does not discriminate based on transgender identity. *Stockman* Order at 9. After analyzing the Implementation Plan's various rules and exceptions, the *Stockman* court determined that it was "clear that a diagnosis of gender dysphoria is neither necessary nor sufficient to be excluded from the military." *Id.* at 8. Instead, "[w]hat *is* both necessary and sufficient to be excluded, irrespective of a diagnosis of gender dysphoria, is a person serving consistent with their transgender identity." *Id.* at 8–9 (emphasis added). The court concluded that "the policy aims to eliminate a person's *trans*ness, and nothing else." *Id.* at 9.

*Third*, the court determined that the Implementation Plan is not entitled to deference merely because it involves a military policy. The court concluded that the Panel of Experts'

study accompanying the Implementation Plan simply "attempts to rationalize a decision made on July 26, 2017," the date of President Trump's Twitter announcement banning all transgender military service, and held that "[i]t will not do to hypothesize or invent governmental purposes for gender classifications *post hoc* in response to litigation." *Stockman* Order at 11 (quoting *Sessions v. Morales-Santana*, 137 S. Ct. 1678, 1696 (2017)).[1]

*Fourth*, the court in *Stockman* rejected each of the justifications Defendants in this case put forth for the Implementation Plan in their Motion to Dissolve the Preliminary Injunction, ECF 120 at 18–28, and Motion to Dismiss or Summary Judgment, ECF 158 at 28–41. The court first held that the policy should be analyzed under intermediate scrutiny, *Stockman* Order at 11, consistent with this Court's decision, ECF 85 at 43. Next, the *Stockman* court found that concerns about "military readiness" were not substantially related to the effect of the policy, because the policy would ban individuals who have not undergone gender transition surgery, despite the fact that those individuals would not be subject to the concerns about deployability Defendants allege accompany gender transition. *Stockman* Order at 12. The court also concluded that "unit cohesion" is not a legitimate justification for the policy, because the assertion of "'loss of unit cohesion' ha[d] been consistently weaponized against open service by a new minority group,'" and, "[y]et, at every turn, this assertion ha[d] been overcome by the military's steadfast ability to integrate these individuals into effective members of our armed forces." *Id.* at 13. Finally, the court correctly noted that, under Supreme Court precedent, even significant concerns

---

[1] The conclusion in the *Stockman* Order that the Panel of Experts' study simply rationalized a previously made decision supports the Magistrate Judge's finding in this case that the Panel of Experts would not have existed but for President Trump's initial decision to ban transgender persons from all military service, ECF 204 at 6–7, a finding Defendants here label "clearly erroneous," ECF 209 at 24–26.

of cost and administration cannot survive intermediate scrutiny. *Id.* at 11 (citing *Frontiero v. Richardson*, 411 U.S. 677, 688–91 (1973)). These conclusions apply equally to this case.

Dated: September 20, 2018

David M. Zionts*
Carolyn F. Corwin*
Mark H. Lynch (Bar No. 12560)
Augustus Golden*
Jeff Bozman*
Marianne F. Kies (Bar No. 18606)
Joshua Roselman*
Peter J. Komorowski (Bar No. 20034)
Mark Neuman-Lee*
Covington & Burling LLP
One CityCenter
850 Tenth St. NW
Washington, DC 20001
Telephone: (202) 662-6000
Fax: (202) 778-5987
dzionts@cov.com
ccorwin@cov.com
mlynch@cov.com
agolden@cov.com
jbozman@cov.com
mkies@cov.com
jroselman@cov.com
pkomorowski@cov.com
mneumanlee@cov.com

Mitchell A. Kamin*
Nicholas A. Lampros*
Covington & Burling LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
mkamin@cov.com
nlampros@cov.com

*Admitted pro hac vice*

Respectfully submitted,

/s/ Peter J. Komorowski
Peter J. Komorowski

Deborah A. Jeon (Bar No. 06905)
David Rocah (Bar No. 27315)
American Civil Liberties Union Foundation of Maryland
3600 Clipper Mill Road, #350
Baltimore, MD 21211
Telephone: (410) 889-8555
Fax: (410) 366-7838
jeon@aclu-md.org
rocah@aclu-md.org

Joshua A. Block*
Chase B. Strangio*
James Esseks*
Leslie Cooper*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2627
Fax: 212-549-2650
jblock@aclu.org
cstrangio@aclu.org
jesseks@aclu.org
lcooper@aclu.org

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

    I hereby certify that, on September 20, 2018, a copy of the foregoing and its exhibits were served on Defendants via CM/ECF.  In addition, a courtesy copy was mailed to the Chambers of Judge Russell.

                                         */s/ Peter J. Komorowski*
                                         Peter J. Komorowski