## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BROCK STONE, et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>DONALD J. TRUMP, et al.,<br><br>  Defendants. | Case No. 1:17-cv-02459-GLR<br><br><br>Hon. George Levi Russell, III |

**PLAINTIFFS' RESPONSE TO**
**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit this Response to Defendants' Notice of Supplemental Authority (ECF 232) regarding the U.S. Supreme Court's Order staying the preliminary injunctions in *Karnoski v. Trump*, No. 18-35347 (9th Cir.) and *Stockman v. Trump*, No. EDCV 17-01799 (C.D. Cal.).

1. As a preliminary matter, Defendants' suggestion that the stay supports its motion to *dissolve* this Court's preliminary injunction, *see* ECF 232, confuses the issue and should be rejected. The Supreme Court's Order did not dissolve or reverse the *Karnoski* and *Stockman* injunctions; it simply stayed those injunctions "pending disposition of the Government's appeal[s]." *Trump v. Karnoski*, No. 18A625, and *Trump v. Stockman*, No. 18A627 (U.S. Jan. 22, 2019). Although Defendants do not mention it, the Supreme Court simultaneously denied their petitions for writs of certiorari seeking immediate review of those injunctions. *Trump v. Karnoski*, No. 18-676, and *Trump v. Stockman*, No. 18-678 (U.S. Jan. 22, 2019). The merits of those injunctions continue to be adjudicated in the ordinary course. The same should be true for

this Court's injunction. Even if this Court ultimately stays enforcement of its injunction pending appeal, the Court should deny the Defendants' motion to dissolve.

2. With respect to Defendants' forthcoming request for a stay of this Court's injunction, Plaintiffs accept that, in light of the Supreme Court's Order, it would be appropriate for this Court to stay the nationwide effect of its injunction pending appeal. But the Supreme Court's Order does not prevent this Court from exercising its equitable discretion with respect to the individual circumstances of the named Plaintiffs. Defendants' argument before the Supreme Court centered on the nationwide effects of the *Karnoski* and *Stockman* injunctions. Every page of the Argument section of their Applications focused on Defendants' concerns regarding a nationwide injunction, and no plaintiffs in those cases urged the Supreme Court to preserve a stay as to specific individual plaintiffs. In response to Defendants' forthcoming motion, Plaintiffs will fully brief the issue and explain why the injunction should remain in effect with respect to a small number of individual plaintiffs who would suffer severe and immediate harm.

3. Finally, in light of the impending stay of this, and all other, preliminary injunctions—in whole or in very substantial part—it is in both parties' interests to expeditiously reach a resolution of the case. Defendants previously argued that a stay of compliance with this Court's discovery orders would not prejudice Plaintiffs while the preliminary injunction remained in place. ECF 208 at 10. This soon may no longer be the case. Now that Plaintiffs may lose the protection of the preliminary injunction, Plaintiffs respectfully request that implementation of this Court's discovery orders, and its consideration of the pending dispositive motions, proceed expeditiously.

Dated: January 23, 2019

David M. Zionts*
Carolyn F. Corwin*
Mark H. Lynch (Bar No. 12560)
Augustus Golden*
Jeff Bozman*
Marianne F. Kies (Bar No. 18606)
Joshua Roselman*
Peter J. Komorowski (Bar No. 20034)
Mark Andrews-Lee*
Covington & Burling LLP
One CityCenter
850 Tenth St. NW
Washington, DC 20001
Telephone: (202) 662-6000
Fax: (202) 778-5987
dzionts@cov.com
ccorwin@cov.com
mlynch@cov.com
agolden@cov.com
jbozman@cov.com
mkies@cov.com
jroselman@cov.com
pkomorowski@cov.com
mandrewslee@cov.com

Mitchell A. Kamin*
Nicholas M. Lampros*
Covington & Burling LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
mkamin@cov.com
nlampros@cov.com

*Admitted pro hac vice*

Respectfully submitted,

 /s/  *Peter J. Komorowski*
Peter J. Komorowski

Deborah A. Jeon (Bar No. 06905)
David Rocah (Bar No. 27315)
American Civil Liberties Union Foundation of Maryland
3600 Clipper Mill Road, #350
Baltimore, MD 21211
Telephone: (410) 889-8555
Fax: (410) 366-7838
jeon@aclu-md.org
rocah@aclu-md.org

Joshua A. Block*
Chase B. Strangio*
James Esseks*
Leslie Cooper*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2627
Fax: 212-549-2650
jblock@aclu.org
cstrangio@aclu.org
jesseks@aclu.org
lcooper@aclu.org

Attorneys for Plaintiffs

— 4 —

## CERTIFICATE OF SERVICE

    I hereby certify that on this 23rd day of January, 2019, a copy of the foregoing was served via CM/ECF on all counsel of record.

                                            */s/ Peter J. Komorowski*
                                            Peter J. Komorowski