IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BROCK STONE, et al., | : |
| Plaintiffs, | : |
| v. | :   Civil Action No. GLR-17-2459 |
| DONALD J. TRUMP, et al., | : |
| Defendants. | : |

**ORDER**

Pending before the Court is Defendants President Donald J. Trump, Acting Secretary of Defense Patrick M. Shanahan,[1] Secretary of the Army Mark Esper, Secretary of the Navy Richard Spencer, Secretary of the Air Force Heather Wilson, Secretary of Homeland Security Kirstjen Nielsen, and Commandant of the U.S. Coast Guard Karl L. Schultz's[2] Motion to Stay the Preliminary Injunction and Request for Expedited Ruling (ECF No. 234). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant the Motion.

On July 26, 2017, President Trump published a series of Tweets stating, "[T]he United States Government will not accept or allow . . . [t]ransgender individuals to serve in any

---

[1] On January 1, 2019, President Trump appointed Shanahan Acting Secretary of Defense. Accordingly, the Court substitutes Shanahan for James Mattis. See Fed.R.Civ.P. 25(d).

[2] On June 1, 2018, President Trump appointed Schultz Commandant of the U.S. Coast Guard. Accordingly, the Court substitutes Schultz for Paul Zukunft. See Fed.R.Civ.P. 25(d).

capacity in the U.S. Military." (2d Am. Compl. ¶¶ 6, 148).[3] On August 25, 2017, President Trump issued a "Memorandum for the Secretary of Defense and the Secretary of Homeland Security" (the "2017 Memorandum"), which formalized the ban on transgender service members announced in his Tweets. (Id. ¶ 8). President Trump also directed the Secretary of Defense to develop a plan for implementing the policy directives in the 2017 Memorandum by February 21, 2018. (Id.).

On November 21, 2017, this Court issued a Preliminary Injunction enjoining Defendants from enforcing or implementing certain "policies and directives" in the 2017 Memorandum. (Prelim. Inj. at 1–2, ECF No. 84). Three different federal district courts in California, Washington, and Washington, D.C. also entered preliminary injunctions prohibiting enforcement of President Trump's July 26, 2017 Twitter announcement or certain directives in the 2017 Memorandum. Stockman v. Trump, No. EDCV 17-1799 JGB (KKx), 2017 WL 9732572, at *16 (C.D.Cal. Dec. 22, 2017) (enjoining enforcement of "the Accession, Retention, and Sex Reassignment Surgery Directives"); Karnoski v. Trump, No. C17-1297-MJP, 2017 WL 6311305, at *10 (W.D.Wash. Dec. 11, 2017) (enjoining the defendants from "taking any action relative to transgender individuals that is inconsistent with the status quo that existed prior to President Trump's July 26, 2017 announcement"), appeal dismissed, No. 17-36009, 2017 WL 8229552 (9th Cir. Dec. 30, 2017); Doe 1 v. Trump, 275 F.Supp.3d 167, 177, 217 (D.D.C. 2017) (enjoining enforcement of the

---

[3] The Court provided additional factual background in its November 21, 2017 and November 30, 2018 Memorandum Opinions (ECF Nos. 85, 227). The Court repeats only facts relevant to the pending Motion.

"Accession and Retention Directives, corresponding with sections 1(b) and 2(a) of the [2017 Memorandum]"), vacated sub nom. Doe 2 v. Shanahan, No. 18-5257, 2019 WL 102309 (D.C.Cir. Jan. 4, 2019).

On February 22, 2018, the Secretary of Defense submitted to President Trump an implementation plan (the "Implementation Plan"), which recommended changes to the transgender service policy set forth in the 2017 Memorandum, including a grandfathering provision that would permit transgender individuals currently serving in the military to continue to do so. (2d Am. Compl. ¶¶ 11, 176–78). President Trump then issued a second memorandum on March 23, 2018 (the "2018 Memorandum") revoking the 2017 Memorandum and permitting the Secretary of Defense to proceed with the Implementation Plan. (Id. ¶¶ 12, 179–80).

Because President Trump revoked the 2017 Memorandum, Defendants moved to dissolve the Preliminary Injunction on March 23, 2018. (ECF No. 120). Also in March 2018, Defendants moved to dissolve the preliminary injunctions in Stockman, Karnoski, and Doe 2. Defendants' Motion to Dissolve the Preliminary Injunction, Stockman v. Trump, No. 17-cv-1799-JGB-KK (C.D.Cal. Mar. 23, 2018), ECF No. 82; Defendants' Motion to Dissolve the Preliminary Injunction, Karnoski v. Trump, No. 17-cv-1297-MJP (W.D.Wash. Mar. 23, 2018), ECF No. 215; Defendants' Motion to Dissolve the Preliminary Injunction, Doe 2 v. Shanahan, No. 17-cv-1597 (CKK) (D.D.C. Mar. 23, 2018), ECF No. 96. In Stockman, Karnoski, and Doe 2, the district courts denied the motions to dissolve the preliminary injunctions. Stockman v. Trump, 331 F.Supp.3d 990, 1004 (C.D.Cal. 2018); Doe 2 v. Trump,

315 F.Supp.3d 474, 498 (D.D.C. 2018), rev'd sub nom. Doe 2 v. Shanahan, No. 18-5257, 2019 WL 102309 (D.C.Cir. Jan. 4, 2019); Karnoski v. Trump, No. C17-1297-MJP, 2018 WL 1784464, at *14 (W.D.Wash. Apr. 13, 2018). The defendants appealed in each of these cases. See Stockman v. Trump, No. 18-56539 (9th Cir. Nov. 16, 2018); Doe 2 v. Shanahan, No. 18-5257 (D.C.Cir. Aug. 27, 2018); Karnoski v. Trump, No. 18-35347 (9th Cir. Apr. 30, 2018).

On January 4, 2019, the United States Court of Appeals for the District of Columbia Circuit vacated without prejudice the preliminary injunction the United States District Court for the District of Columbia had entered. Doe 2, 2019 WL 102309, at *1. On January 22, 2019, the United States Supreme Court issued an order staying the preliminary injunctions in Karnoski and Stockman. Trump v. Karnoski, No. 18A625 (U.S. Jan. 22, 2019) (order staying preliminary injunction); Trump v. Stockman, No. 18A627 (U.S. Jan. 22, 2019) (same).

On January 24, 2019, Defendants filed their Motion to Stay the Preliminary Injunction and Request for Expedited Ruling. (ECF No. 234). Plaintiffs filed their Opposition on January 30, 2019. (ECF No. 235). On February 13, 2019, Defendants filed their Reply. (ECF No. 242).

In light of the Supreme Court's Order, Defendants move for the Court to stay the nationwide effect of this Court's Preliminary Injunction. Plaintiffs do not oppose a stay of the Preliminary Injunction's nationwide effect. Instead, they oppose a stay of the Preliminary Injunction as applied to five Plaintiffs—Niko Branco, John Doe 2, Ryan Wood, Airman First Class Seven Ero George, and Petty Officer First Class Teagan Gilbert—to whom the grandfathering provision does not apply because they either intend to enlist in the military or

become commissioned officers. Defendants argue that in staying the preliminary injunctions in Karnoski and Stockman, the Supreme Court "necessarily rejected the option of leaving each injunction in place as to the individual plaintiffs." (Defs.' Reply. at 3, ECF No. 242). The Court agrees with Defendants.

Before the Supreme Court, the Stockman and Karnoski defendants presented the option of narrowly tailoring the stays such that the injunctions would remain in effect only as to the plaintiffs in those cases. See Application for a Stay in the Alternative to a Writ of Certiorari Before Judgment to the United States Court of Appeals for the Ninth Circuit at 37, Trump v. Stockman, No. 18-678 (U.S. Dec. 13, 2018) ("At a minimum, the Court should stay the nationwide scope of the injunction, such that the injunction bars the implementation of the Mattis policy only as to the seven individual respondents in this case who are currently serving in the military or seeking to join it."); Application for a Stay in the Alternative to a Writ of Certiorari Before Judgment to the United States Court of Appeals for the Ninth Circuit at 40, Trump v. Karnoski, No. 18-678 (U.S. Dec. 13, 2018) (same, but directed at the nine individual Karnoski plaintiffs). Presented with this choice, the Supreme Court decided to stay the nationwide effect of the preliminary injunctions in Stockman and Karnoski without any exceptions. Thus, the Supreme Court implicitly rejected the option to narrowly tailor its stays so that the preliminary injunctions were still in effect as to the individual plaintiffs. Further, the Stockman and Karnoski plaintiffs include transgender individuals who intend to join the military, Stockman, 2017 WL 9732572, at *4–6; Karnoski, 2017 WL 6311305, at *3, like certain Plaintiffs in this case. The Court, therefore, cannot materially

distinguish Plaintiffs in this case from those for whom the Supreme Court rejected a narrow tailoring of the stays.

Thus, because the Court is bound by the Supreme Court's decision to stay the preliminary injunctions in their entirety, the Court will grant Defendants' Motion.[4] Accordingly, it is this 7th day of March, 2019, by the United States District Court for the District of Maryland, hereby:

ORDERED that Defendants' Motion to Stay the Preliminary Injunction and Request for Expedited Ruling (ECF No. 234) is GRANTED.

/s/
_____
George L. Russell, III
United States District Judge

---

[4] In issuing the present Order, the Court expresses no opinion on the merits of Defendants' pending Motion to Dissolve the Preliminary Injunction (ECF No. 120), including whether this Court's Preliminary Injunction applies to both the 2017 Memorandum and the 2018 Memorandum.