IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BROCK STONE, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. GLR-17-2459 |
| DONALD J. TRUMP, et al., | : | |
| Defendants. | : | |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiffs'[1] Motion to Lift Stay of Compliance with the Magistrate Judge's Memorandum Opinion and Order (ECF No. 239) and Defendants'[2] Motion for Reconsideration, Motion to Continue Stay of Compliance with the Magistrate Judge's Memorandum Opinion and Order, and Request for an Administrative Stay (ECF No. 257). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant in part and deny in part Defendants' Motion and deny Plaintiffs' Motion as moot.

---

[1] Plaintiffs are: Airman First Class Seven Ero George, Teddy D'Atri, Ryan Wood, Niko Branco, John Doe 2, Jane Roe 1, and John Doe 3.
[2] Defendants are: President Donald J. Trump, Secretary of Defense Mark Esper, Acting Secretary of the Army Ryan McCarthy, Secretary of the Navy Richard Spencer, Secretary of the Air Force Heather Wilson, Acting Secretary of Homeland Security Kevin McAleenan, and Commandant of the U.S. Coast Guard Karl L. Schultz.

# I. BACKGROUND[3]

On May 4, 2018, the Court referred this case to a United States Magistrate Judge ("USMJ") for all discovery. (ECF No. 152). On June 15, 2018, Plaintiffs filed a Motion to Compel Supplemental Interrogatory Answers and Production ("Motion to Compel"). (ECF No. 177-1). In their Motion to Compel, Plaintiffs sought deliberative materials regarding: (1) President Trump's July 2017 Tweets and the August 2017 Memorandum[4]; (2) the Panel; and (3) the Implementation Plan and President Trump's acceptance of the Implementation Plan. (Pls.' Mot. Compel at 1, ECF No. 177-1). At the same time, Plaintiffs filed a Motion for a Judicial Determination of Privilege Claims, (ECF No. 178) (sealed), regarding a PowerPoint presentation that the Army inadvertently produced and Defendants sought to claw back on the theory that it is protected by deliberative process privilege, (Defs.' Objs. Mag. Judge's Mem. Op. & Order at 5, ECF No. 209). On June 18, 2018, Defendants filed a Motion for a Protective Order to preclude discovery directed at President Trump and other sources concerning presidential communications and deliberations. (ECF No. 179).

On August 14, 2018, the USMJ issued a Memorandum Opinion and Order granting Plaintiffs' Motion to Compel, granting in part and denying in part Defendants' Motion for a Protective Order, and dismissing as moot Plaintiffs' Motion for Judicial Determination

---

[3] The Court provided additional factual background in its November 30, 2018 and August 20, 2019 Memorandum Opinions (ECF Nos. 227, 263). The Court repeats only facts relevant to the pending Motions.

[4] Capitalized terms retain their definitions from the Court's August 20, 2019 Memorandum Opinion.

of Privilege. (Aug. 14, 2018 Mem. Op. ["USMJ Mem. Op."] at 11, ECF No. 204; Aug. 14, 2018 Order, ECF No. 205). The USMJ granted Plaintiffs' Motion to Compel because there were no justifiable reasons to stay discovery. (USMJ Mem. Op. at 4). Applying In re Subpoena Duces Tecum Served on Office of Comptroller of the Currency, 145 F.3d 1422, 1424 (D.C. Cir. 1998), the USMJ concluded that deliberative process privilege does not apply in this case given that government intent "is at the very heart of this litigation." (USMJ Mem. Op. at 5–6). The USMJ dismissed Plaintiffs' Motion for Judicial Determination of Privilege Claims as moot because the USMJ determined that deliberative process privilege does not apply to Plaintiffs' discovery requests. (Id. at 11). Finally, balancing deference to the Executive with Plaintiffs' need for discovery, the USMJ granted Defendants' Motion for a Protective Order as to the President but not as to individuals with whom the President communicates. (Id. at 9–11).

The USMJ ordered Defendants to produce:

> (1) Deliberative materials regarding the President's July 2017 [T]weets and August 2017 Memorandum;
>
> (2) Deliberative materials regarding the activities of the [Panel] and its working groups . . . tasked with developing a plan to study and implement the President's decision; and
>
> (3) Deliberative materials regarding the DoD's [I]mplementation Plan and the President's acceptance of the Plan in his March 23[, 2018] Memorandum, including any participation or interference in that process by anti-transgender [activists] and lobbyists.

3

(Id. at 3). The USMJ also stayed discovery directed at President Trump pending the Court's resolution of Defendants' Motion to Dismiss President Trump as a party to this case. (Id. at 10–11).

On August 17, 2018, Defendants filed a Motion to Stay Compliance with the Magistrate Judge's Discovery Order. (ECF No. 208). In their Motion, Defendants requested that the Court stay compliance with the USMJ's August 14, 2018 Order pending the Court's resolution of their Objections to the Order. (Defs.' Mot. Stay Compliance Mag. Judge Mem. Op. & Order at 1, ECF No. 208). Defendants filed their Objections to the Magistrate Judge's Discovery Order on August 28, 2018. (ECF No. 209).

On August 30, 2018, the parties filed a Joint Motion to Suspend Certain Deadlines. (ECF No. 210). In the Motion, the parties requested that the Court suspend the discovery deadline because of the pending Motions before the Court. (Jt. Mot. Suspend Certain Deadlines at 2, ECF No. 210). On September 10, 2018, the Court granted the parties' Motion and suspended the discovery deadline, discovery-related motions deadline, and dispositive pre-trial motions deadline. (Sept. 10, 2018 Order, ECF No. 213).

On November 30, 2018, the Court issued a Memorandum Opinion and Order overruling Defendants' Objections. (ECF Nos. 227, 228). With regard to Defendants' Objections related to deliberative process privilege, the Court concluded that the USMJ did not act contrary to law when he applied In re Subpoena Duces Tecum to determine that the "deliberative process privilege does not apply to the documents Plaintiffs requested because the government's intent is at the heart of the issue in this case." (Nov. 30, 2018 Mem. Op. at 15–16, ECF No. 227). The Court further concluded that even if the USMJ had

4

applied the balancing test from Cipollone v. Liggett Group Inc., 812 F.2d 1400 (table), 1987 WL 36515 (4th Cir. 1987) (per curiam), the USMJ "would have reached the same conclusion." (Id. at 16). The Court also rejected Defendants' contention, based on Trump v. Hawaii, 138 S.Ct. 2392 (2018), that the Cipollone balancing test did not weigh in favor of disclosing the documents because government intent is not at issue. (Id.). The Court noted that Trump v. Hawaii involved a facially neutral policy, whereas this case involves a facially discriminatory policy. (Id. at 16–17). As a result, the Court concluded that the deference afforded to the government policy in Trump v. Hawaii did not apply in this case. (Id. at 17). The Court overruled Defendants' Objections related to the clawback of an inadvertently produced PowerPoint document because it affirmed the USMJ's determination that deliberative process privilege did not apply to Plaintiffs' requested discovery. (Id.).

The Court also overruled Defendants' Objections to the USMJ's factual findings that: (1) the Panel would not have existed but for President Trump's Tweets; (2) the circumstances surrounding military readiness and deployability could not have changed so dramatically between 2016 and 2018 to warrant the creation of a new policy; and (3) the Implementation Plan bans transgender persons from military service. (Id. at 9). The Court concluded that these findings of fact were reasonable and supported by evidence in the record. (Id. at 9–10).[5]

---

[5] The Court also concluded that the USMJ did not err in granting Defendants' Motion for a Protective Order only as to President Trump, and, as a result, overruled Defendants' Objections as to this ruling. (Nov. 30, 2018 Mem. Op. at 19). The Court clarified, however, that the USMJ's August 14, 2018 Order "encompass[ed]

Although the Court overruled Defendants' Objections and affirmed the USMJ's August 14, 2018 Order, it stayed enforcement of the Order pending a decision from the United States Court of Appeals for the Ninth Circuit in In re Donald J. Trump, No. 18-72159 (9th Cir.), which sought a writ of mandamus in Karnoski v.Trump, No. 17-cv-01297 (W.D.Wash.), because that case involved similar discovery issues. (Id.).

On January 31, 2019, Plaintiffs filed their Motion to Lift Stay of Compliance with the Magistrate Judge's Memorandum Opinion and Order. (ECF No. 239). Defendants filed their Opposition on February 14, 2019. (ECF No. 243). On February 28, 2019, Plaintiffs filed a Reply. (ECF No. 247).

The Ninth Circuit issued its decision in Karnoski on June 16, 2019. Karnoski v. Trump, 926 F.3d 1180, 1206 (9th Cir. 2019). The Circuit Court granted Defendants' request for a writ of mandamus and vacated the district court's discovery order. Id. at 1207. The Ninth Circuit applied the balancing test from FTC v. Warner Communications Inc., 742 F.2d 1156 (9th Cir. 1984), id. at 1206, which the United States Court of Appeals for the Fourth Circuit applied in Cipollone, 1987 WL 36515. This test requires the Court to balance four factors to determine whether the litigant's "need for [deliberative] materials and the need for accurate fact-finding override the government's interest in non-disclosure." Karnoski, 926 F.3d at 1206 (quoting Warner, 742 F.2d at 1161). Those factors are: (1) "the relevance of the evidence"; (2) "the availability of other evidence"; (3) "the government's role in the litigation"; and (4) "the extent to which disclosure would hinder

---

communications both to and from the President." (Id.). Defendants do not seek reconsideration of this part of the Court's Memorandum Opinion and Order.

6

frank and independent discussion regarding contemplated policies and decisions." Id. (quoting Warner, 742 F.2d at 1161).

The Ninth Circuit noted that the second and third factors favor the Karnoski plaintiffs because "[t]he evidence sought is primarily, if not exclusively, under Defendants' control, and the government—the Executive—is a party to and the focus of the litigation." Id. With regard to the first factor, however, the Ninth Circuit noted that the record was not sufficiently developed for the Court to assess the relevance of the requested discovery. Id. As to the fourth factor, the Ninth Circuit stated that it "deserves careful consideration[ ] because the military's interest in full and frank communication about policymaking raises serious—although not insurmountable—national defense interests." Id. To this end, the Ninth Circuit explained, "Documents involving the most senior executive branch officials . . . may require greater deference. (They may, of course, also be the most relevant.)." Id.

The Ninth Circuit noted that the district court "appear[ed] to have conducted a single deliberative process privilege analysis covering all withheld documents, rather than considering whether the analysis should apply differently to certain categories." Id. It clarified that, in applying the balancing test, "the district court should consider classes of documents separately when appropriate." Id. The Circuit Court placed the burden on the Karnoski defendants to "persuasively argue that a more granular analysis would be proper," and if they succeeded, "the district court should undertake it." Id.

On June 27, 2019, Defendants filed their Motion for Reconsideration, Motion to Continue to Stay Compliance with the Magistrate Judge's Memorandum Opinion and

7

Order, and Request for an Administrative Stay. (ECF No. 257). Plaintiffs filed their Opposition on July 22, 2019. (ECF No. 260). On August 16, 2019, Defendants filed their Reply. (ECF No. 262).

## II. DISCUSSION

### A. Standard of Review

The Federal Rules of Civil Procedure include three Rules that permit a party to move for reconsideration. Rule 54(b) governs motions to reconsider interlocutory orders. See Fayetteville Inv'rs v. Commercial Builders, Inc., 936 F.2d 1462, 1470 (4th Cir. 1991) (finding that the district court properly reconsidered interlocutory order under Rule 54(b)). This Rule provides that interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b).

Although the standard used to alter or amend a final judgment pursuant to Rule 59(e) is not binding in an analysis of Rule 54(b) motions, see Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003), the Court will use the Rule 59(e) standard as guidance for evaluating Defendants' Motion, see Harper v. Anchor Packing Co., Nos. GLR-12-460 & GLR-12-462, 2014 WL 3828387, at *1 (D.Md. Aug. 1, 2014). Pursuant to Rule 59(e), a district court may alter or amend a final judgment only under three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." U.S. ex rel. Becker v. Westinghouse Savannah River Co., 305

F.3d 284, 290 (4th Cir. 2002) (quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). "A motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT 08CV501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)).

Under Federal Rule of Civil Procedure 72(a), a district court "must consider timely objections" to a USMJ's order on nondispositive, pretrial matters and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Likewise, Local Rule 301.5 (D.Md. 2018) permits a district court to "reconsider, modify, or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." The Court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636 (2018).

**B. <u>Analysis</u>**

**1. Motion for Reconsideration**

Defendants contend that the Court should reconsider its November 30, 2018 Memorandum Opinion and Order in light of the Ninth Circuit's decision in Karnoski, which clarified the application of the test to overcome deliberative process privilege. Defendants move for reconsideration of the Court's overruling of their Objections to and affirmance of the USMJ's August 14, 2018 Order granting Plaintiffs' Motion to Compel and dismissing as moot Plaintiffs' Motion for Judicial Determination of Privilege.

9

Defendants also request that the Court reconsider its overruling of Defendants' Objections related to certain factual findings the USMJ made. Plaintiffs oppose Defendants' Motion.

### a. Motion to Compel & Motion for Judicial Determination of Privilege

Defendants maintain, based on Karnoski, that the Court should apply the Cipollone balancing test on a case-by-case or document-by-document basis with special deference to the military. Plaintiffs counter that the Court applied the same balancing test Karnoski mandates and applied the appropriate level of deference. The Court agrees in part with Defendants.

In Karnoski, the Ninth Circuit clarified that the district court should have applied the balancing factors to "classes of documents separately when appropriate." 926 F.3d at 1206. Here, the Court instead applied the factors to discovery in this case as a whole. (See Nov. 30, 2018 Mem. Op. at 16–17). Given the Ninth Circuit's clarification in Karnoski, which the Court finds persuasive, the Court will grant Defendants' Motion to the extent it seeks reconsideration of the Court's application of the Cipollone factors. Accordingly, the Court will amend its November 30, 2018 Order to sustain Defendants' Objections to the USMJ's conclusion regarding the deliberative process privilege. The Court will vacate in part the USMJ's August 14, 2018 Order and remand this case to the USMJ to apply the Cipollone factors to the categories of documents Plaintiffs seek in their Motion to Compel and permit Defendants to argue that Plaintiffs should more narrowly define the categories of documents. See Karnoski, 926 F.3d at 1206. The USMJ shall give due consideration to whether a document or category of documents requires greater deference depending on

who is involved. See id. Consequently, the Court will also vacate the portion of the August 14, 2018 Order dismissing as moot Plaintiffs' Motion for Judicial Determination of Privilege. Depending on the USMJ's ruling on Plaintiffs' Motion to Compel, the USMJ may need to consider Plaintiffs' Motion for Judicial Determination of Privilege on the merits. The portion of the USMJ's August 14, 2018 Order granting in part and denying in part Defendants' Motion for a Protective Order remains in effect.

### b. Factual Findings

Defendants contend that the Court should reconsider the three factual findings it affirmed when it overruled Defendants' Objections. The Court is not persuaded.

First, Defendants challenge the USMJ's factual finding that the DoD's policy bans transgender persons from military service. (See USMJ Mem. Op. at 9). Defendants' argument removes this phrase from the context of the Court's discussion. The Court made this statement when rebutting Defendants' argument that the Implementation Plan is based on a medical condition—gender dysphoria—and not transgender status. (See Nov. 30, 2018 Mem. Op. at 10). As the Court stated in its August 20, 2019 Memorandum Opinion, "the Implementation Plan discriminates on the basis of transgender status, not a medical condition." (Aug. 20, 2019 Mem. Op. at 57, ECF No. 263). While the Implementation Plan may not ban all transgender persons from military service, it does ban individuals based on their transgender status. Thus, the Implementation Plan does indeed ban transgender persons from military service.

Second, Defendants take issue with the USMJ's factual finding that the circumstances surrounding military readiness and deployability could not have changed so

11

dramatically between 2016 and 2018 so as to warrant a new policy. (See USMJ Mem. Op. at 6). In support of their argument, Defendants point to the United States Court of Appeals for the D.C. Circuit's opinion in Doe 2 v. Shanahan, 755 F.App'x 19, 23 (D.C. Cir. 2019), which stated that the Implementation Plan was the result of "the creation of a panel of military and medical experts, the consideration of new evidence gleaned from the implementation of the [Open Service Directive] on the service of transgender individuals . . . , and a reassessment of the priorities of the group that produced the [Open Service Directive]." Id. at 23. The D.C. Circuit made this statement in the context of discussing the differences between the August 2017 Memorandum and the Implementation Plan; the Court was not addressing whether there was a change in circumstances regarding military readiness and deployability between 2016 and 2018 that would warrant the creation of a new transgender service policy. Thus, the Court still finds the USMJ's factual finding reasonable.

Third, Defendants request that the Court reconsider its decision overruling Objections to the USMJ's factual finding that the Panel would not have existed but for President Trump's Tweets. (See USMJ Mem. Op. at 6–7). Defendants cite Judge Williams' concurring opinion in Doe 2 v. Shanahan, 917 F.3d 694 (D.C. Cir. 2019) (Williams, J., concurring in the result), to support their argument. Specifically, Judge Williams noted that "President Trump's July–August 2017 directives came a month after, and were consistent with, Secretary Mattis's prior memorandum" and that Secretary Mattis delayed accessions under the Open Service Directive to have "additional time to evaluate more carefully the impact" of the Open Service Directive. Id. at 729. Secretary Mattis's June 30, 2017

12

Memorandum delaying accessions did not, however, mention establishing a panel of experts to study the issue, and it was not until a month-and-a-half after President Trump announced the Ban on Twitter and formalized it in his August 2017 Memorandum—and a full two-and-a-half months after Secretary Mattis's Memorandum delaying accessions—that Secretary Mattis announced the formation of the Panel to study the issue of transgender service. Thus, as the Court previously concluded, this timeline of events would "make it reasonable to conclude that the Panel . . . was born of President Trump's Tweets." (Nov. 30, 2018 Mem. Op. at 9). The Court sees no reason to disturb this factual finding at this juncture.

The Court will, therefore, deny Defendants' Motion as to the factual findings.

2.     **Motion to Continue Stay & Request for Administrative Stay**

Defendants request that the Court continue the stay of compliance with the USMJ's August 14, 2018 Order and request that it enter an administrative stay. Plaintiffs, unsurprisingly, oppose the stay requests.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Donnelly v. Branch Banking & Trust Co., 971 F.Supp.2d 495, 501 (D.Md. 2013) (quoting Landis v. N. America Co., 299 U.S. 248, 254 (1936)). The Court considers the following factors when determining whether to grant a stay: (1) "the length of the requested stay"; (2) "the hardship that the movant would face if the motion were denied"; (3) "the burden a stay would impose on the nonmovant"; and (4) "whether the stay would promote judicial economy by avoiding duplicative litigation." Id. at 501–

02 (quoting In re Mut. Funds Inv. Litig., No. MDL 1586, 2011 WL 3819608, at *1 (D.Md. Aug. 25, 2011)). On a motion to stay discovery pending an interlocutory appeal, the movant "'bears the burden of establishing its need' for a stay and does not enjoy an automatic stay as a right." District of Columbia v. Trump, 344 F.Supp.3d 828, 843 (D.Md. 2018) (quoting Clinton v. Jones, 520 U.S. 681, 708 (1997)).

With regard to the hardship factor, Defendants maintain that the disclosure of documents revealing Defendants' internal deliberations on military policy would cause irreparable harm, and therefore, the Court should continue the stay. Defendants' argument assumes, however, that the Court would not reconsider its ruling affirming the USMJ's Order and would not modify that Order. Because the Court will vacate the part of the August 14, 2018 Order granting Plaintiffs' Motion to Compel and remand this case to the USMJ to determine whether Plaintiffs have overcome Defendants' assertions of deliberative process privilege, Defendants will not, at this point in time, be forced to produce the documents they contend will result in irreparable harm. This factor, therefore, weighs against continuing the stay.

Defendants next contend that a stay pending review of their Motion for Reconsideration will not harm Plaintiffs because Plaintiffs have moved for summary judgment, and even if they would be harmed, the potential harm to Defendants in disclosing the documents far outweighs any harm to Plaintiffs. Defendants' argument misses the mark. On August 20, 2019, the Court denied without prejudice Plaintiffs' Motion for Summary Judgment because discovery was necessary to determine the level of deference, if any, the Court should apply to the Implementation Plan. (Aug. 20, 2019 Mem. Op. at

14

58). As Plaintiffs correctly note, the materials they seek are important to their case "in the event their pending motion for summary judgment is not granted." (Pls.' Opp'n Defs.' Mot. Reconsid. ["Pls.' Opp'n"] at 29, ECF No. 260). That Plaintiffs have had to wait more than a year for discovery to move forward in this case has imposed a burden on them. Now that the Court has denied Plaintiffs' Motion for Summary Judgment without prejudice, discovery should move forward. In addition, as the Court addressed above, the Court will vacate the part of the USMJ's Order granting Plaintiffs' Motion to Compel, and therefore, Defendants will not be forced to produce documents they contend are covered by the deliberative process privilege. Thus, the burden on Plaintiffs counsels against continuing the stay.

As to the length of the requested stay, Defendants contend that a stay pending review of their Motion for Reconsideration and appellate review, if any, would be of a reasonable duration. Plaintiffs counter that a stay would further delay discovery while Defendants seek a writ of mandamus. The Court agrees with Plaintiffs. When the Court entered its Order staying discovery on November 30, 2018, it anticipated that the stay "should be brief, given that the Ninth Circuit heard oral argument on the issue" about a month earlier. (Nov. 30, 2018 Mem. Op. at 21). But the Ninth Circuit did not issue its opinion until June 16, 2019—more than eight months later. Although the Court does not know how long it would take for the Fourth Circuit to issue an opinion on a petition for writ of mandamus in this case, based on the Ninth Circuit's timeline, it doubts that the length of the stay would be reasonable. Further, Defendants may not even seek a writ of mandamus from the Fourth Circuit—they repeatedly state that they will only do so if

15

necessary. Thus, any stay the Court enters would be based on the possibility that Defendants may seek appellate review—a prospect that seems highly unlikely given that the Court will vacate the portion of the USMJ's Order granting Plaintiffs' Motion to Compel and remand to the USMJ for further discovery proceedings.

Finally, Defendants assert that a stay would promote judicial economy because it would prevent them from having to seek an emergency stay in the Fourth Circuit pending their potential petition for writ of mandamus. Plaintiffs counter that "[g]ranting a stay delaying compliance with the [USMJ]'s Order . . . in anticipation of some future, potential related litigation would not further the Court's interest in judicial economy." (Pls.' Opp'n at 31). As the Court discussed above, discovery has already been delayed in this case and Defendants' petition for writ of mandamus is only a possibility, not a certainty. Thus, a continuation of the stay may not even been necessary. In addition, on August 20, 2019, the Court denied without prejudice Plaintiffs' Motion for Summary Judgment because more discovery is necessary. Continuing the stay, therefore, would further delay resolution of this case, which would not promote judicial economy.

In short, the Court concludes that an extension of the stay of compliance with the USMJ's August 14, 2018 Order is not warranted. For the same reasons the Court declines to continue the stay of compliance with the USMJ's August 14, 2018 Order, the Court will deny Defendants' request for an administrative stay. Plaintiffs, however, consent to a forty-eight-hour extension of the stay of Defendants' compliance with the USMJ's Order to seek a stay from the Fourth Circuit pending any petition for writ of mandamus. Accordingly, the Court will grant a limited, forty-eight-hour extension of the stay of compliance with

16

the USMJ's August 14, 2018 Order for Defendants to seek a stay from the Fourth Circuit if they choose to do so. After forty-eight hours, the stay will automatically lift and discovery in this case will be remanded to the USMJ for further proceedings consistent with this Opinion. Because the Court will lift the stay of compliance with the USMJ's Order, the Court will deny Plaintiffs' Motion as moot.

### III. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Defendants' Motion for Reconsideration, Motion to Continue to Stay Compliance with the Magistrate Judge's Memorandum Opinion and Order, and Request for an Administrative Stay (ECF No. 257) and deny as moot Plaintiffs' Motion to Lift Stay of Compliance with the Magistrate Judge's Memorandum Opinion and Order (ECF No. 239). A separate Order follows.

Entered this 3rd day of September, 2019.

                                            /s/
                                  George L. Russell, III
                                  United States District Judge