# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BROCK STONE, *et al.*,<br><br>               Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>               Defendants. | Case No. 1:17-cv-02459-GLR<br><br>Hon. A. David Copperthite |

## JOINT STATUS REPORT

The parties hereby submit the following Joint Status Report pursuant to the Court's February 19, 2020 Order requesting a joint status report "advising the Court as to what discovery remains outstanding in light of recent developments in *Doe v. Esper* and *Karnoski v. Trump* as set forth in ECF 294." ECF 295.

## BACKGROUND

On June 15, 2018, Plaintiffs filed a Motion to Compel seeking a determination that the deliberative process privilege did not shield three categories of documents and information from disclosure in this case. As stated in Plaintiffs' Motion, the three categories of documents Plaintiffs seek are as follows:

> (1) deliberative materials relating to the President's original July 2017 Tweets and August 2017 Memorandum banning transgender individuals from military service ["Category 1"];
>
> (2) deliberative materials relating to the activities of the Department of Defense's so-called "panel of experts" and its working groups tasked with developing a plan to study and implement that decision ["Category 2"]; and
>
> (3) deliberative materials relating to the Department of Defense's Implementation Plan and the President's acceptance of that Plan in his March 23 memorandum including any participation or

        interference in that process by anti-transgender activists and lobbyist[s] ["Category 3"].

ECF 177-1 at 1.[1]  United States Magistrate Judge A. David Copperthite issued an order on August 14, 2018 granting Plaintiffs' Motion.  ECF 205.  Defendants filed objections to that order.  ECF 209.  United States District Judge George L. Russell III overruled those objections on November 30, 2018 (ECF 227 & 228), but stayed Defendants' compliance with the Magistrate Judge's Order pending the Ninth Circuit's consideration of a mandamus petition that was pending in the related *Karnoski v. Trump* litigation, *In re Donald J. Trump*, No. 18-72159 (9th Cir.) (ECF 228).

      Following the Ninth Circuit's grant of a writ of mandamus in *Karnoski*, Defendants filed a Motion for Reconsideration of the Court's ruling on their Objections (ECF 257).  The District Court granted in part and denied in part that Motion, and remanded these issues to the Magistrate Judge for further discovery proceedings.  ECF 267 & 268.  The parties thereafter submitted supplemental briefing.  *See* ECF 276, 281, and 285.

      Defendants submitted a Notice of Production and Supplemental Authority relating to Plaintiffs' pending Motion and the supplemental briefing thereon on February 14, 2020.  ECF 294.  The Magistrate Judge ordered the parties to submit this joint status report, ECF 295, and Plaintiffs filed a response to Defendants' Notice, ECF 296.

      **PRODUCTIONS SUBSEQUENT TO THE DISTRICT COURT'S REMAND**

      In response to the orders issued in the related *Doe* and *Karnoski* cases, Defendants represent that they have produced to Plaintiffs here all documents reviewed by the Panel of

---

[1] This is a quote from Plaintiffs' Motion.  Defendants disagree with Plaintiffs' characterization of the events to which the deliberative materials relate.

Experts and all communications to or from members of the Panel of Experts from September 14, 2017 to March 23, 2018, that were previously withheld pursuant to the deliberative process privilege.[2]

Specifically, in response to the order in the related case *Doe 2 v. Esper*, No. 17-cv-1597-CKK (D.D.C.), ECF 237, Defendants produced to Plaintiffs here: (1) an unredacted version of the Administrative Record; (2) unredacted meeting minutes of the Panel of Experts; (3) documents, testimony, and data reviewed by members of the Panel along with the deliberations on those materials; and (4) communications to or from members of the Panel dated from September 14, 2017 (the date of the Interim Guidance creating the Panel of Experts) to March 23, 2018 (the date of the Presidential Memorandum), pertaining to the development of the Department of Defense's policy on military service by transgender individuals and individuals with gender dysphoria, that were previously withheld pursuant to the deliberative process privilege. Defendants are unaware of any additional documents that are responsive to the *Doe* order but that have not been produced to Plaintiffs here. If such documents are discovered, they will be produced to Plaintiffs here pursuant to the cross-use agreement.

In response to an order in the related case *Karnoski v. Trump*, No. 17-cv-1297, Defendants produced to Plaintiffs here deliberative documents from the non-voting member of the Panel of Experts. Defendants are aware of other documents responsive to the *Karnoski* order that have not been produced to plaintiffs in any case, including documents falling within Plaintiffs' Category 2 (*i.e.*, the working group documents) and Category 3, but Defendants will not be producing those documents to plaintiffs in any case at this time because the Ninth Circuit

---

[2] The Department of Defense continues to withhold certain materials on the basis of other privileges or because they contain personally identifying information, which are not the subject of Plaintiffs' pending Motion.

— 3 —

Court of Appeals granted a temporary administrative stay of the effect of the *Karnoski* order pending consideration of Defendants' request for a stay pending review of their mandamus petition.  Plaintiffs disagree with Defendants' refusal to produce such documents.

## OUTSTANDING ISSUES

The parties agree that Defendants' production of the above-referenced documents does not satisfy Plaintiffs' request for deliberative materials related to the President's statements on Twitter in July 2017 or the August 2017 Presidential Memorandum (Category 1), or deliberative materials following the end of the work of the Panel of Experts (Category 3).  Plaintiffs request that documents within those categories be produced for the reasons set forth in their previous filings; Defendants oppose such production for the reasons set forth in their previous filings.

The parties further agree that certain of the above-referenced documents relate to the activities of the Panel of Experts, and are thus encompassed within Category 2 of the documents subject to Plaintiffs' Motion.  The parties also agree that Defendants' production of the above-listed documents does not fully satisfy Plaintiffs' request for documents within Category 2, which encompasses not just materials related to the Panel, but also those relating to the Panel's supporting working groups.

Plaintiffs contend that Defendants continue to withhold responsive materials within Category 2 including, *inter alia*: data, reports, and analyses exchanged among the working groups which were not presented to the Panel; records of working group discussions and communications related to such materials (including discussions and communications regarding why such materials were *not* to be presented to the Panel); records of requests for information made by the working groups and responses thereto; records or minutes of all working group meetings; drafts of materials to be presented to the Panel; and communications between participants in the working groups and third parties or other sources regarding the Panel's work.

Defendants assert that all data considered by the working groups that is not inextricably intertwined with deliberative material has been produced to Plaintiffs.

Plaintiffs request that the documents discussed in the preceding paragraph be produced for the reasons set forth in their previous filings; Defendants oppose such production for the reasons set forth in their previous filings.

| | |
|---|---|
| Dated: March 4, 2020 | Respectfully submitted, |
| */s/ Marianne F. Kies* | */s/Courtney D. Enlow* |

| | |
|---|---|
| David M. Zionts* | JOSEPH H. HUNT |
| Carolyn F. Corwin* | Assistant Attorney General, Civil Division |
| Mark H. Lynch (Bar No. 12560) | |
| Jeff Bozman* | ALEXANDER K. HAAS |
| Marianne F. Kies (Bar No. 18606) | Director, Federal Programs Branch |
| Joshua Roselman* | |
| Peter J. Komorowski III (Bar No. 20034) | ANTHONY J. COPPOLINO |
| Mark Andrews-Lee* | Deputy Director, Federal Programs Branch |
| Jeffrey Huberman* | |
| Rishi R. Gupta* | COURTNEY D. ENLOW |
| Covington & Burling LLP | MICHAEL J. GERARDI (D.C. Bar. No. 1017949) |
| One CityCenter | |
| 850 Tenth St. NW | ANDREW E. CARMICHAEL |
| Washington, DC 20001 | Trial Attorneys |
| Telephone: (202) 662-6000 | United States Department of Justice |
| Fax: (202) 778-5987 | Civil Division, Federal Programs Branch |
| dzionts@cov.com | Telephone: (202) 616-8467 |
| ccorwin@cov.com | Email: courtney.d.enlow@usdoj.gov |
| mlynch@cov.com | |
| jbozman@cov.com | *Attorneys for Defendants* |
| mkies@cov.com | |
| jroselman@cov.com | |
| pkomorowski@cov.com | |
| mandrewslee@cov.com | |
| jhuberman@cov.com | |
| rrgupta@cov.com | |

Mitchell A. Kamin*
Nicholas A. Lampros*
Covington & Burling LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
mkamin@cov.com
nlampros@cov.com

*Attorneys for Plaintiffs*

[additional counsel listed on following page]

Deborah A. Jeon (Bar No. 06905)
David Rocah (Bar No. 27315)
American Civil Liberties Union Foundation of Maryland
3600 Clipper Mill Road, #350
Baltimore, MD 21211
Telephone: (410) 889-8555
Fax: (410) 366-7838
jeon@aclu-md.org
rocah@aclu-md.org

Joshua A. Block*
Chase B. Strangio*
James Esseks*
Leslie Cooper*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2627
Fax: 212-549-2650
jblock@aclu.org
cstrangio@aclu.org
jesseks@aclu.org
lcooper@aclu.org

*Attorneys for Plaintiffs*

\* *Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2020 a copy of the foregoing and accompanying exhibits were served on Defendants via electronic mail.


Dated:  March 4, 2020                              */s/ Marianne F. Kies*
                                                                   Marianne F. Kies