**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| BROCK STONE, et al., | |
| Plaintiffs, | |
| v. | Case No. 1:17-cv-02459-GLR |
| DONALD J. TRUMP, et al., | Hon. George L. Russell, III |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY COMPLIANCE WITH THE MAGISTRATE JUDGE'S MEMORANDUM OPINION AND ORDER**

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................................................... 1

Background ............................................................................................................ 2

Legal Standard ..................................................................................................... 6

Argument .............................................................................................................. 7

    I.    The Court Should Deny Defendants' Motion to Stay Compliance for the
Same Reasons It Denied Their Prior Request for a Stay. ....................................... 7

    II.    The Court Should Deny the Motion to Stay Because Defendants Do Not
Make a "Strong Showing" That Their Objections Are Likely to Succeed. .......... 11

        1.    The Magistrate Judge's Opinion Is Consistent with the
Court's Direction and Supported by the Evidence. ...................... 11

        2.    Defendants Cannot Show that the Magistrate Judge's
Opinion Was Clearly Erroneous or Contrary to Law. .................. 13

Conclusion .......................................................................................................... 16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cipollone v. Liggett Group, Inc.*,
  812 F.2d 1400 (4th Cir. 1987) ........................................................................... *passim*

*Donnelly v. Branch Banking & Trust Co.*,
  971 F. Supp. 2d 495 (D. Md. 2013) .................................................................... 7

*F.T.C. v. Warner Commc'ns Inc.*,
  742 F.2d 1156 (9th Cir. 1984) ............................................................................ 13

*FEC v. Christian Coal.*,
  178 F.R.D. 456 (E.D. Va. 1998) ......................................................................... 11

*GTSI Corp. v. Wildflower Int'l, Inc.*,
  2009 WL 3245396 (E.D. Va. Sept. 29, 2009) ................................................. 7, 11

*Harman v. Levin*,
  772 F.2d 1150 (4th Cir. 1985) ............................................................................ 11

*Hartford Accident & Indem. Co. v. Zurich Am. Ins. Co.*,
  2019 WL 3936817 (D. Md. Aug. 19, 2019) ........................................................ 7

*Hilton v. Braunskill*,
  481 U.S. 770 (1987) ...................................................................................... 7, 11

*Karnoski v. Trump*,
  926 F.3d 1180 (9th Cir. 2019) ................................................................... 4, 12, 13

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ............................................................................................ 7

*Mullins v. Suburban Hosp. Healthcare Sys., Inc.*,
  2017 WL 3023282 (D. Md. July 17, 2017) .......................................................... 10

*OT, LLC v. Harford Cty., Maryland*,
  2019 WL 4598010 (D. Md. Sept. 23, 2019) ......................................................... 6

*Perry v. Schwarzenegger*,
  591 F.3d 1147 (9th Cir. 2009) ............................................................................ 9

**Statutes**

28 U.S.C. § 636 .................................................................................................... 11

**Other Authorities**

Fed. R. Civ. P. 72 ..............................................................................................................2, 11

Local Rule 105.2(a) ...............................................................................................................2

# INTRODUCTION

This Court should reject Defendants' latest attempt to delay discovery and should deny their Motion to Stay Compliance with the Magistrate Judge's Memorandum Opinion and Order (ECF 301). Plaintiffs, no longer protected by a preliminary injunction, suffer ongoing and severe harm from Defendants' discriminatory policies. To move this case forward and have a full and fair chance to challenge these unconstitutional policies, Plaintiffs need the documents the Magistrate Judge once again ordered Defendants to disclose. Defendants' persistent delay tactics to stall discovery have prevented Plaintiffs from obtaining these documents and proceeding with their case for over two years. Enough is enough—discovery should move forward now.

Defendants can claim no legitimate burden in producing the thousands of documents they have withheld under assertions of the deliberative process privilege, assertions that the Court has now rejected. As the Magistrate Judge found, Defendants' counsel has acknowledged that these thousands of "documents are not only available, but also culled as to the government's position on privilege." ECF 299 at 3. Indeed, Defendants appear to have dropped their argument that producing these documents would be unduly burdensome. The documents and other information at issue should be produced without further delay.

Nor can Defendants credibly argue that they would be irreparably harmed by compliance with the Order. For nearly two years since the filing of Plaintiffs' Motion to Compel, Defendants have withheld thousands of documents, arguing that the onus was on Plaintiffs to identify, based on voluminous and vague privilege logs, the individual documents they seek to compel. The Magistrate Judge rightly saw this proposal as a "delay tactic," *id.* at 5, but nonetheless allowed Defendants to seek a protective order for particular documents for which they had a good faith basis to seek protection. This sensible approach properly puts the burden of identifying specific documents on the party that is resisting disclosure and has more information about the

documents, and it mitigates any concern that Defendants will face irreparable harm in the absence of a stay.

The balance of harms weighs strongly in favor of disclosure and allowing Plaintiffs to proceed with their case, so that Plaintiffs can finally obtain the evidence to which they are entitled in litigating Defendants' unconstitutional discrimination. The Motion to Stay Compliance should be denied.

Plaintiffs also respectfully request that this Court rule expeditiously on the present motion, and on Defendants' Objections and Plaintiffs' forthcoming response thereto.[1] Defendants have already announced that they will not produce the documents ordered produced by the Magistrate Judge until the stay is fully adjudicated. Given that Defendants have unilaterally awarded themselves a stay until this Court acts, Plaintiffs respectfully urge speedy resolution of this dispute.

## BACKGROUND

Plaintiffs bring an equal protection challenge to Defendants' policy that discriminates against transgender people serving and seeking to serve in the military. *See* ECF 284. Although Plaintiffs originally filed this action in August 2017, the parties remain in the midst of fact and expert discovery, due to what the Magistrate Judge aptly termed the Defendants' "persistent delay tactics." ECF 299 at 12. In view of the length and complex nature of these proceedings, Plaintiffs provide a short recitation of the relevant facts giving rise to Defendants' present Motion to Stay Compliance. *See* ECF 301.

On August 14, 2018, the Magistrate Judge issued an order granting Plaintiffs' Motion to Compel three categories of documents. ECF 204 at 3-7. Specifically, Plaintiffs' June 15, 2018

---

[1]     Plaintiffs will respond to Defendants' Objections (ECF 302) no later than May 7, 2020, consistent with Local Rule 105.2(a).  *Cf.* Fed. R. Civ. P. 72, Advisory Committee's note.

Motion to Compel sought discovery of deliberative materials regarding (1) President Trump's original July 2017 Tweets and August 2017 Memorandum, (2) the activities of the Department of Defense ("DoD")'s so-called panel of experts ("the Panel") and its working groups tasked with developing a plan to study and implement the President's decision, and (3) DoD's Implementation Plan and the President's acceptance of that Plan in his March 23 Memorandum, including any participation or interference in that process by anti-transgender activists and lobbyists. *See* ECF 177-3 at 2. The Magistrate Judge reasoned that the deliberative process privilege did not shield Defendants from their obligation to produce these three categories of documents because "each of the categories of compelled documents is likely to contain evidence reflecting Defendants' intent." ECF 204 at 5. Furthermore, the Magistrate Judge denied Defendants' request to stay discovery proceedings, finding "there are no justifiable reasons to stay decisions on the discovery disputes pending the outcome of the dispositive motions or for any other proffered reasons." *Id.* at 4.

Defendants then requested that this Court stay compliance with the Magistrate Judge's Order compelling production. *See* ECF 208. Defendants also filed objections to that Order. *See* ECF 209. Plaintiffs opposed Defendants' request to stay compliance and their objections to the Magistrate Judge's Order. *See* ECF 211, 216.

On November 30, 2018, the Court agreed with Plaintiffs that Defendants' objections lacked merit. The Court carefully reviewed the Magistrate Judge's findings with respect to the formation of the Panel in response to the President's July 2017 Tweets, the lack of changes in military readiness from the Open Service Directive to the Implementation Plan, and the Implementation Plan's effect of banning transgender military service, and the Court determined that each of these findings was "reasonable." ECF 227 at 9-11. With respect to the deliberative

process privilege, this Court independently considered the *Cipollone* factors and found the relevance of the evidence, the availability of alternative evidence, and the government's central role in the litigation all "weigh strongly in favor of disclosure and outweigh the fourth factor." *Id.* at 16 (citing *Cipollone v. Liggett Group, Inc.*, 812 F.2d 1400 (4th Cir. 1987)) . Therefore, this Court concluded that the Magistrate Judge properly ordered production of these documents. *Id.*

Nevertheless, this Court granted Defendants' Motion to Stay Compliance in light of the then-pending decision of the U.S. Court of Appeals for the Ninth Circuit in *Karnoski*. *Id.* at 1, 21. In *Karnoski*, which also involves a challenge to the decision to ban transgender persons from military service, the Defendants petitioned the Ninth Circuit for a writ of mandamus challenging an order compelling discovery issued by the U.S. District Court for the Western District of Washington. *See Karnoski v. Trump*, 926 F.3d 1180, 1186 (9th Cir. 2019). This Court determined that granting a stay would be appropriate because it would "avoid duplicative litigation" in light of *Karnoski*, "the length of the stay should be brief," and "[d]enying the stay would impose a burden on Defendants." ECF 227 at 21. Although this Court recognized that "granting a stay may burden Plaintiffs," it justified that burden, under those particular facts, to maintain "consistency with the parallel proceeding in the Ninth Circuit." *Id.* at 22.

The Ninth Circuit held that the independence, or lack thereof, of the process leading to Defendants' policy remained a central question for further discovery and noted that the plaintiffs there could present additional evidence to support their argument that the military's decisionmaking process was circumscribed by the President's orders. *Karnoski*, 926 F.3d at 1202-03. The court issued the writ of mandamus, concluding that the record in that case was inadequate to perform the four-factor balancing required to analyze the government's

deliberative process privilege claims and that the district court "should consider classes of documents separately when appropriate." *Id.* at 1206.

Following that decision, the Defendants moved this Court to reconsider its decision on Defendants' discovery objections and moved to extend the stay of compliance with Defendants' discovery obligations. ECF 257-1. On September 3, 2019, this Court issued an Order granting in part and denying in part Defendants' Motion. *See* ECF 267. The Court again rejected Defendants' challenge to the Magistrate Judge's factual findings, and it vacated the Magistrate Judge's "August 14, 2018 Order and remand[ed] . . . to apply the *Cipollone* factors to the categories of documents Plaintiffs seek in their Motion to Compel and permit Defendants to argue that Plaintiffs should more narrowly define the categories of documents." *Id.* at 10. This Court went on to reject Defendants' request to extend the stay of discovery, *id.* at 16-17, explaining that, at that time, "Plaintiffs have had to wait more than a year for discovery to move forward" and that delay "has imposed a burden on them." *Id.* at 15. Moreover, the Court "doubt[ed] that the length of [a] stay" pending a motion for reconsideration and potential appellate review "would be reasonable," noting the length of time it took for the Ninth Circuit to issue its opinion in *Karnoski*. *Id.* Finally, the Court determined that "[c]ontinuing the stay . . . would further delay resolution of this case, which would not promote judicial economy." *Id.* at 16.

Following supplemental briefing on the *Cipollone* factors, the Magistrate Judge issued an Order on April 9, 2020. ECF 300; *see* ECF 299.[2] The Magistrate Judge again granted Plaintiffs'

---

[2]    While this issue was on remand before the Magistrate Judge, the Western District of Washington in *Karnoski* considered similar requests for production and granted a renewed motion to compel in December 2019. Order, *Karnoski v. Trump*, No. C17-1297-MJP (W.D. Wash. Dec. 18, 2019), ECF 401. On February 7, 2020, the Western District of Washington also denied the government's motion to stay the order compelling discovery. Order, *Karnoski v.*

Motion to Compel discovery of the same three categories of documents for which Plaintiffs originally moved to compel on June 15, 2018, nearly two years prior. ECF 299 at 12; *see* ECF 177-1. As an initial matter, the Magistrate Judge determined that Plaintiffs' requests were "appropriately discreet," not "overly broad," and that Defendants "already have knowledge of the documents that comprise each of the three categories." ECF 299 at 2-3. The Magistrate Judge carefully applied the *Cipollone* factors to each category of documents, finding that Plaintiffs satisfied the first three factors because all three categories of evidence were relevant to the litigation, alternative evidence was not available, and the Government played a necessary and important role in the litigation. *Id.* at 6-9. Under the fourth *Cipollone* factor, the Magistrate Judge applied a balancing test and determined the public interest weighs in favor of requiring Defendants to make disclosures under all three categories. *Id.* at 9-12. The Magistrate Judge added "caveats to the ordered disclosures" by permitting Defendants to seek protective orders "[i]f Defendants have specific and well-defined objections based upon the level at which the documents were issued, or any other good faith reasons as to specific documents." *Id.* at 11.

Defendants again move to stay compliance with the Magistrate Judge's Order, *see* ECF 300, pending resolution of their Objections to that Order filed on April 23, 2020, ECF 302.

## LEGAL STANDARD

"The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *OT, LLC v. Harford Cty., Maryland*, No. CV GLR-17-2812, 2019 WL 4598010, at *3 (D. Md. Sept. 23, 2019) (quoting

---

*Trump*, No. C17-1297-MJP (W.D. Wash. Feb. 7, 2020), ECF 413. Defendants then filed a petition for writ of mandamus in the Ninth Circuit. *Trump v. U.S. District Court for the Western District of Washington*, No. 20-70365 (9th Cir. Feb. 11, 2020), ECF 1-1. Although the Ninth Circuit has granted the Defendants a temporary administrative stay, the case is still being briefed. *See* Order, *Trump v. U.S. District Court for the Western District of Washington*, No. 20-70365 (9th Cir. Feb. 12, 2020), ECF 3.

*Hartford Accident & Indem. Co. v. Zurich Am. Ins. Co.*, No. JKB-19-00593, 2019 WL 3936817, at *3 (D. Md. Aug. 19, 2019)). A litigant seeking a stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "The Court considers the following factors when determining whether to grant a stay: 'the length of the requested stay, the hardship that the movant would face if the motion were denied, the burden a stay would impose on the nonmovant, and whether the stay would promote judicial economy by avoiding duplicative litigation.'" ECF 227 at 20 (quoting *Donnelly v. Branch Banking & Trust Co.*, 971 F. Supp. 2d 495, 501 (D. Md. 2013)). Courts also consider "whether the stay applicant has made a strong showing that he is likely to succeed on the merits." *See, e.g.,* *GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09CV123 (JCC), 2009 WL 3245396, at *1 (E.D. Va. Sept. 29, 2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

## ARGUMENT

I.      **The Court Should Deny Defendants' Motion to Stay Compliance for the Same Reasons It Denied Their Prior Request for a Stay.**

The Court should allow discovery to continue now for the same reasons the Court denied Defendants' earlier motion to stay in September 2019. The conditions now are substantially the same as they were in September 2019 such that the factors—(1) the length of the requested stay; (2) the hardship that the movant would face if the motion were denied; (3) the burden a stay would impose on the nonmovant; and (4) whether the stay would promote judicial economy by avoiding duplicative litigation—weigh heavily in favor of denying the motion to stay and letting Plaintiffs' case proceed. The only thing that has changed is that seven more months have passed without any progress in this litigation.

*First*, there exists no reason to think the length of a stay would be brief, and Defendants do not suggest otherwise. When the Court granted a stay in November 2018 while the Ninth

Circuit considered the government's petition for writ of mandamus in *Karnoski*, it reasoned that the "length of the stay should be brief," because the Ninth Circuit had already heard oral argument. ECF 227 at 21. In fact, as the Court later recognized, the length of the stay was not brief, and the Ninth Circuit did not issue an opinion until over eight months after oral argument. ECF 267 at 15. "Based on the Ninth Circuit's timeline," the Court "doubt[ed] that the length of a [further] stay would be reasonable." *Id.* Moreover, though Defendants point to yet another mandamus petition they have filed in the Ninth Circuit, that appeal is procedurally distinct from the prior appeal. In the present appeal, the Ninth Circuit has entered only a temporary administrative stay while it considers Defendants' request for a full stay pending consideration of the merits. Order, *Trump v. U.S. District Court for the Western District of Washington*, No. 20-70365, (9th Cir.), ECF 3.  This Court entered its prior stay only after the Ninth Circuit had entered a full stay of the underlying *Karnoski* decision pending its consideration of the merits of the earlier appeal in that case. ECF 227 at 21. In any event, there is no reason to think that a stay pending Defendants' current mandamus petition in *Karnoski* would be reasonable now, particularly considering that the Ninth Circuit has not yet scheduled oral argument.

*Second*, a stay would continue to severely burden Plaintiffs. When the Court granted Defendants' first motion to stay compliance in November 2018, a preliminary injunction offered Plaintiffs partial protection from the harmful effects of Defendants' discriminatory policies. That preliminary injunction has since been stayed, allowing those discriminatory policies to go into effect and working an ongoing and continuing harm on Plaintiffs. *See* ECF 249. The continuing injury Plaintiffs face from the application of Defendants' unconstitutional policies weighs strongly in favor of denying Defendants' Motion to Stay Compliance.

As the Court recognized in the September 2019 order, "[t]hat Plaintiffs have had to wait more than a year for discovery to move forward in this case has imposed a burden on them." ECF 267 at 15. Plaintiffs have now had to wait nearly two years since filing their original motion to compel in June 2018, *see* ECF 177, and over two years since serving their discovery requests in January 2018. Before the litigation can move forward, Defendants must disclose those documents that are not protected by the deliberative process privilege. *See* ECF 299 at 9 ("Plaintiffs cannot properly depose any witnesses until they have reviewed the document disclosure."). Defendants' "persistent delay tactics," *see* ECF 299 at 12, have prevented Plaintiffs from receiving the documents they need to continue the litigation. "[D]iscovery should move forward." ECF 267 at 15.

*Third*, in contrast to the burden this ongoing delay has placed on Plaintiffs, the harms Defendants face in moving forward are, at most, slight. The Court denied Defendants' prior motion for a stay because "Defendants [would] not, at this point in time, be forced to produce the documents they contend will result in irreparable harm." *Id.* at 14. It is even clearer now that there would be no irreparable harm to Defendants, because the Magistrate Judge's careful order specifically permits Defendants to withhold and seek a protective order concerning documents for which they have good-faith, "specific and well-defined objections," mitigating any concern that Defendants will face irreparable harm in the absence of a stay. *See* ECF 299 at 11.[3] Throughout this litigation, Defendants have made a blanket assertion of the deliberative process

---

[3]     Defendants wrongly claim that protective orders are no solution to their alleged confidentiality harms, citing a case in which a protective order only "limit[ed] dissemination." *See* ECF 301 at 15 (citing *Perry v. Schwarzenegger*, 591 F.3d 1147, 1164 (9th Cir. 2009)). There is no reason to think the Magistrate Judge contemplated solely protective orders that would only limit dissemination as opposed to precluding disclosure. If the Magistrate Judge issues a protective order that Defendants believe insufficiently protects their interests, the Defendants

privilege as to tens of thousands of documents. Yet they have provided little or no evidence that the production or disclosure of the vast majority of these documents would implicate any of the concerns they claim would cause "irreparable harm." *See* ECF 301 at 8. The Magistrate Judge's Order permits Defendants to carry their burden of justifying their withholding or other special treatment of documents through the articulation of specific facts supporting the assertion of any privileges or other concerns, while allowing Plaintiffs to move forward with discovery.

*Fourth*, "further delay[ing] resolution of this case … would not promote judicial economy." ECF 267 at 16. As the Court has already determined, "more discovery is necessary." *Id.* Despite Plaintiffs' having filed their underlying Motion to Compel nearly two years ago, in June 2018, ECF 177-1, discovery deadlines have been extended indefinitely due to Defendants' delay tactics, *see* ECF 273. Continuing to delay necessary discovery "in anticipation of some future, potential related litigation would not further the Court's interest in judicial economy." ECF 267 at 16 (quoting ECF 260 at 31); *see also Mullins v. Suburban Hosp. Healthcare Sys., Inc.*, No. PX 16-1113, 2017 WL 3023282, at *2 (D. Md. July 17, 2017) (denying plaintiff's motion for a stay in anticipation of rejoining previously dismissed claims where the case was pending for over a year, the parties had begun discovery, and the other claims might have taken several months to reach discovery). Defendants acknowledge that the documents falling within Plaintiffs' first category—deliberative materials regarding the President's July 2017 tweets and August 2017 memorandum—are not subject to the Government's mandamus petition in *Karnoski*. ECF 301 at 6. At a minimum, the Court should not grant a stay as to Category 1 documents.

---

could challenge the order at that time. However, speculation about the inadequacy of a potential protective order is not a legitimate basis to further delay discovery.

This case has dragged on as a result of Defendants' delay tactics, and circumstances have changed significantly since November 2018, when this Court granted Defendants' original motion to stay compliance. Now, nearly two years after Plaintiffs filed their motion to compel, the factors that this Court has previously used when considering Defendants' motions to stay weigh heavily in favor of allowing discovery to proceed promptly.

## II.   The Court Should Deny the Motion to Stay Because Defendants Do Not Make a "Strong Showing" That Their Objections Are Likely to Succeed.

Defendants fail to show that their objections to the Magistrate Judge's ruling are likely to succeed. In addition to the factors outlined in Section I, courts also consider "whether the stay applicant has made a strong showing that he is likely to succeed on the merits." *See, e.g., GTSI*, 2009 WL 3245396, at \*1 (quoting *Hilton*, 481 U.S. at 776). A district court may overturn a magistrate judge's decision on a pre-trial discovery ruling only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636; *see also* Fed. R. Civ. P. 72(a). "[T]he 'clearly erroneous' standard is deferential," and a magistrate's findings of fact should be affirmed, unless "the reviewing court's view of the entire record leaves the Court with the 'definite and firm conviction that a mistake has been committed.'" *FEC v. Christian Coal.*, 178 F.R.D. 456, 460 (E.D. Va. 1998) (citing *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1985)). Because Defendants identify no clearly erroneous finding or portion of the Magistrate Judge's opinion that is contrary to law, this Court should deny their Motion to Stay Compliance.

1.   <u>The Magistrate Judge's Opinion Is Consistent with the Court's Direction and Supported by the Evidence.</u>

The Court remanded the case to the Magistrate Judge specifically "to apply the *Cipollone* factors to the categories of documents Plaintiffs seek in their Motion to Compel and permit Defendants to argue that Plaintiffs should more narrowly define the categories of documents."

ECF 267 at 10. The Magistrate Judge did just that, finding that Plaintiffs' categories were appropriately discrete and that the *Cipollone* factors weighed in favor of disclosure. These findings were supported by evidence and were not clearly erroneous.[4]

*First*, the Magistrate Judge's findings that Plaintiffs' three categories of compelled documents were not overly broad and that a more granular approach was not necessary under the circumstances were supported by the evidence. When remanding the case to the Magistrate Judge, the Court made clear that Defendants had the burden of showing that Plaintiffs' categories were overly broad. *Id.*; *see also id.* at 7 ("The [Ninth] Circuit Court placed the burden on the *Karnoski* defendants to 'persuasively argue that a more granular analysis would be proper.'") (quoting *Karnoski*, 926 F.3d at 1206). The Magistrate Judge found that Defendants did not carry their burden, citing the facts that Defendants "already [had] knowledge of the documents that comprise each of the three categories" and "described in detail the types of documents contained in each category." ECF 299 at 2-3. The Magistrate Judge rejected as a "delay tactic" Defendants' insistence that Plaintiffs identify individual documents for disclosure. *Id.* at 5. The Magistrate Judge further rejected Defendants' argument that producing the requested information was unduly burdensome, based on Defendants' counsel's explanation that the requested documents have already been collected and listed on Defendants' privilege logs. *Id.* at 3. Defendants no longer even appear to argue that producing the requested categories of documents would be overly burdensome. Thus, the Magistrate Judge's finding that Plaintiffs' categories were "appropriately discreet," *id.*, was not clearly erroneous.

*Second*, the Magistrate Judge weighed the *Cipollone* factors for each of Plaintiffs' three categories of documents and found that the factors—"(1) the relevance of the evidence to the

---

[4]     As noted *supra*, Plaintiffs intend to separately respond in full to the merits of Defendants' Objections, and address them here only as pertaining to Defendants' stay request.

lawsuit; (2) the availability of alternative evidence on the same matters; (3) the government's role (if any) in the litigation, and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions"—all weighed in favor of disclosure for each of Plaintiffs' three categories. *See id.* at 5-12 (quoting *Cipollone*, 812 F.2d 1400). Acknowledging that the "litigation here is very fact driven," the Magistrate Judge rested his application of the factors on findings of fact, considering the factors separately for each category when appropriate. *See* ECF 299 at 5-12. Accordingly, the Magistrate Judge abided by this Court's mandate.

2.    <u>Defendants Cannot Show that the Magistrate Judge's Opinion Was<br>Clearly Erroneous or Contrary to Law.</u>

Defendants do not directly contest the Magistrate Judge's application of the *Cipollone* factors. Instead, they argue that the Magistrate Judge failed to consider other criteria. These arguments are unpersuasive.

*First*, Defendants argue in vague terms that the Magistrate Judge did not "evaluate the current record in determining whether Plaintiffs have established a sufficient need" for additional discovery. S*ee* ECF 301 at 11. This argument fails on multiple levels. First, Defendants' purported "sufficient need" test, which they derive from language in the *Karnoski* decision, is merely a summation of the four *Cipollone* factors. *See Karnoski*, 926 F.3d at 1206 ("'[A] litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure.' . . . As the district court here correctly recognized, we balance four factors in determining whether this exception to the deliberative process privilege is met." (quoting *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984))). Of course, the Magistrate Judge applied those four factors and found they weighed in favor of disclosure, thus satisfying the test Defendants claim the Magistrate Judge

— 13 —

failed to consider. Second, Defendants are simply wrong that the Magistrate Judge failed to evaluate the current record by not considering the effect of Defendants' recent disclosure of certain Panel materials. *See* ECF 301 at 11-12. The Magistrate Judge's opinion specifically quoted Defendants' assertion that they had produced this material, and nonetheless found that that the remaining Category 2 documents should be disclosed, because Defendants had never challenged the relevance of the documents and had not met their burden of showing that discovery of the documents was not proportional to the needs of the case. ECF 299 at 7. Defendants could not contend that the Magistrate Judge overlooked any persuasive showing that the many documents still at issue would be cumulative of the contents of the limited materials they have now produced. Defendants have never made such a showing.

*Second,* Defendants' argument that the Magistrate Judge did not properly consider whether a document or category of documents requires greater deference depending on who is involved is misleading at best. *See* ECF 301 at 14. As a practical matter, the Magistrate Judge could not have reasonably considered whether specific documents or types of documents required heightened deference, as Defendants steadfastly have refused to propose a differential level of deference for certain documents or categories of documents. Nonetheless, the Magistrate Judge adequately protected Defendants from this concern by giving them the opportunity to seek protective order relief for particular documents if they "have specific and well-defined objections based upon the *level* at which the documents were issued, or any other *good faith reasons* as to specific documents." ECF 299 at 11 (emphasis in original). Allowing Defendants to seek a protective order for objections "based upon the *level* at which the documents were issued" directly responds to the Court's direction to "give due consideration to whether a document or

category of documents requires greater deference depending on who is involved." *See* ECF 267 at 10-11.

*Third*, the Magistrate Judge's protective order procedure also undermines Defendants' argument that the Magistrate Judge "summarily dismissed" Defendants' confidentiality interests. Defendants take words out of context to argue that the Magistrate Judge generally dismissed Defendants' confidentiality concerns as "far-fetched." *See* ECF 301 at 14. In context, what the Magistrate Judge labeled as "far-fetched" was Defendants' all-or-nothing approach of treating all withheld documents as deserving of the same level of deference. ECF 299 at 9. Review of the Magistrate Judge's order shows that the Magistrate Judge did not summarily dismiss Defendants' concerns but rather found that "there [was] no particularized showing that a significant chilling effect would occur in future deliberations" and that "[t]he prior disclosure and the lack of specificity in Defendants' objections weigh in favor of full disclosure." *Id.* at 10-11. These findings were not clearly erroneous.

*Finally*, Defendants' half-hearted challenge to the Magistrate Judge's factual findings is inappropriate. The Court already upheld these findings, ECF 227 at 9-10, and then denied Defendants' motion to reconsider the findings, ECF 267 at 12-13. In both opinions, the Court considered—and rejected—the very argument Defendants make yet again. *See* ECF 216 at 20. Reconsideration of these factual findings was not even within the scope of the remand to the Magistrate Judge. *See* ECF 267 at 10 (remanding the case "to the USMJ to apply the *Cipollone* factors to the categories of documents Plaintiffs seek in their Motion to Compel and permit Defendants to argue that Plaintiffs should more narrowly define the categories of documents"). Further, Defendants mislead when they claim that "intervening" discovery proves the factual findings wrong. *See* ECF 301 at 15. The only example of such "intervening" discovery cited by

Defendants—a May 2017 memorandum from the Secretary of the Air Force—was not only produced before the Magistrate Judge's first opinion, but Plaintiffs had submitted it to the Court as an exhibit. *See* ECF 216 at 20 (citing ECF 190-2).

Defendants have made no showing, much less a strong showing, that they are likely to succeed on the merits. For this reason, too, the Court should deny the Motion to Stay Compliance.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Compliance with the Magistrate Judge's Memorandum Opinion and Order should be denied. In light of Defendants' representations to Plaintiffs that they do not intend to comply with the Magistrate Judge's order until this stay motion is fully adjudicated, Plaintiffs respectfully request that the Court resolve the present motion expeditiously.

Dated:  April 24, 2020

Respectfully submitted,

*/s/ Peter J. Komorowski III*
Peter J. Komorowski III

David M. Zionts*
Carolyn F. Corwin*
Mark H. Lynch (Bar No. 12560)
Jeff Bozman*
Marianne F. Kies (Bar No. 18606)
Joshua Roselman*
Peter J. Komorowski III (Bar No. 20034)
Mark Andrews-Lee*
Jeffrey Huberman*
Rishi R. Gupta*
Covington & Burling LLP
One CityCenter
850 Tenth St. NW
Washington, DC 20001
Telephone: (202) 662-6000
Fax: (202) 778-5987
dzionts@cov.com
ccorwin@cov.com
jbozman@cov.com
mkies@cov.com
jroselman@cov.com
pkomorowski@cov.com
mandrewslee@cov.com
jhuberman@cov.com
rrgupta@cov.com

Mitchell A. Kamin*
Nicholas M. Lampros*
Covington & Burling LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
mkamin@cov.com
nlampros@cov.com

* *Admitted pro hac vice*

Deborah A. Jeon (Bar No. 06905)
David Rocah (Bar No. 27315)
American Civil Liberties Union Foundation of Maryland
3600 Clipper Mill Road, #350
Baltimore, MD 21211
Telephone: (410) 889-8555
Fax: (410) 366-7838
jeon@aclu-md.org
rocah@aclu-md.org

Joshua A. Block*
Chase B. Strangio*
James Esseks*
Leslie Cooper*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2627
Fax: 212-549-2650
jblock@aclu.org
cstrangio@aclu.org
jesseks@aclu.org
lcooper@aclu.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2020, a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Peter J. Komorowski III*

Peter J. Komorowski III