# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BROCK STONE, et al.,

               Plaintiffs,

     v.

DONALD J. TRUMP, et al.,

               Defendants.

Case No. 1:17-cv-02459-GLR

Hon. George L. Russell, III

---

## PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S MEMORANDUM OPINION AND ORDER

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 3

LEGAL STANDARD ......................................................................................................... 8

ARGUMENT ...................................................................................................................... 9

I.     Defendants' "Sufficient Need" Argument Is Not Supported by the Law or the Facts. ....................................................................................................... 9

     A.     The Court Should Reject Defendants' Attempt to Supplant the *Cipollone* Factors with a Separate "Sufficient Need" Test. ....................... 9

     B.     In Any Event, Plaintiffs Have Shown a Need for the Materials at Issue. ...................................................................................................... 12

II.     The Magistrate Judge's Finding that Plaintiffs' Categories Were Appropriately Discrete Is Supported by the Evidence. ........................................ 15

III.     The Magistrate Judge's Application of the *Cipollone* Factors Was Not Clearly Erroneous or Contrary to Law .................................................................. 17

     A.     The Magistrate Judge's Finding That the Materials at Issue Were Highly Relevant Was Not Clearly Erroneous or Contrary to Law. .......... 17

     B.     The Magistrate Judge's Finding That There Is No Alternative Evidence Was Not Clearly Erroneous or Contrary to Law. ..................... 18

     C.     The Magistrate Judge Provided a Remedy to Mitigate Any Potential Chilling Effect from Disclosure. ................................................ 20

IV.     The Magistrate Judge's Opinion Properly Allows for Whether Greater Deference Should Be Applied to Certain Documents. .......................................... 22

V.     Defendants Have Conceded that Certain Information Within Plaintiffs' Category 1 Is Not Deliberative and Thus Not Protected by the Deliberative Process Privilege. .................................................................................................. 23

VI.     Defendants Concede that the Magistrate Judge's Factual Findings Were Not Clearly Erroneous. ........................................................................................... 23

CONCLUSION ................................................................................................................. 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baird v. CCDC/CCSCC,*
2008 WL 4999252 (S.D. W.Va. Nov. 20, 2008) ......................................................8

*Buchanan v. Consol. Stores Corp.,*
206 F.R.D. 123 (D. Md. 2002)................................................................................8

*Cipollone v. Liggett Group, Inc.,*
812 F.2d 1400 (4th Cir. 1987) (table)..........................................................*passim*

*In re Delphi Corp.,*
276 F.R.D. 81 (S.D.N.Y. 2011) ............................................................................11

*Doe 2 v. Esper,*
2019 WL 4394842 (D.D.C. Sept. 13, 2019) .........................................................15

*F.T.C. v. Warner Commc'ns Inc.,*
742 F.2d 1156 (9th Cir. 1984) ..............................................................................23

*Ferrell v. U.S. Dep't of Hous. & Urban Dev.,*
177 F.R.D. 425 (N.D. Ill. 1998)............................................................................12

*Harrison v. Shanahan,*
2019 WL 2216474 (E.D. Va. May 22, 2019) ........................................................21

*Holmes v. Hernandez,*
221 F. Supp. 3d 1011, 1021 (N.D. Ill. 2016) ........................................................12

*Huggins v. Prince George's Cty.,*
750 F. Supp. 2d 549 (D. Md. 2010) ........................................................................8

*Karnoski v. Trump,*
2019 WL 6894510 (W.D. Wash. Dec. 18, 2019) .........................................6, 15, 21

*Karnoski v. Trump,*
926 F.3d 1180 (9th Cir. 2019) ......................................................................*passim*

*Patrick v. PHH Mortg. Corp.,*
298 F.R.D. 333 (N.D.W. Va. 2014)........................................................................8

*In re Sealed Case,*
121 F.3d 729 (D.C. Cir. 1997)..............................................................................12

*Trump v. U.S. District Court for the Western District of Washington*,
 No. 20-70365 (9th Cir. Feb. 11, 2020) ...............................................................................7, 15

*United States v. Farley*,
 11 F.3d 1385 (7th Cir. 1993) ...................................................................................................12

*Wells v. Shriners Hosp.*,
 109 F.3d 198 (4th Cir. 1997) ....................................................................................................23

**Statutes and Regulations**

28 U.S.C. § 636(b)(1)(A) ...................................................................................................................8

Fed. R. Civ. P. 72(a) ....................................................................................................................8, 9

**INTRODUCTION**

Defendants' Objections are the latest in a long line of obstructive litigation tactics that have delayed resolution of Plaintiffs' claims, and work an ongoing and severe harm on Plaintiffs' interests. Defendants fall far short of the high bar they must meet to show that the Magistrate Judge's Memorandum Opinion and Order (the "Magistrate Judge's Opinion") was clearly erroneous or contrary to law. In addressing the current discovery dispute, this Court provided specific guidance for the Magistrate Judge on remand: "apply the *Cipollone* factors to the categories of documents Plaintiffs seek in their Motion to Compel and permit Defendants to argue that Plaintiffs should more narrowly define the categories of documents." ECF 267 at 10. The Magistrate Judge did exactly that and concluded—based on his application of the *Cipollone* factors and findings of fact this Court has already upheld, twice, *see* ECF 227 at 9–10; ECF 267 at 12–13—that Defendants must produce deliberative materials in the three categories of discovery sought by Plaintiffs.

The Magistrate Judge also included "caveats to the ordered disclosures." ECF 299 at 11. In discussing the chilling effects of disclosure, the Magistrate Judge rejected Defendants' "approach of sheltering all documents because the exposure of any one will result in the catastrophic disruption of the deliberative process," but the Magistrate Judge also rejected "the notion that Plaintiffs are entitled to the universe of documents regardless of the level of its origin and the why the privilege applies." *Id.* at 9–10. Accordingly, the Magistrate Judge concluded that "[n]either party is entitled to an all or none result here," and invited Defendants to file a motion for protective order if they "have specific and well-defined objections based upon the *level* at which the documents were issued, or any other *good faith* reasons as to specific documents." *Id.* at 11 (emphasis in original). The Magistrate Judge's approach thus both allows discovery to

finally move forward and provides Defendants a method to identify specific documents that they believe in good faith merit heightened protection.

Instead of accepting the Magistrate Judge's invitation, Defendants persist in challenging the Magistrate Judge's ruling, just as they have challenged and appealed virtually every unfavorable discovery ruling in this case. Although Defendants have long resisted categorical application of the *Cipollone* factors to the documents at issue, they have consistently refused to delineate the types of documents within Plaintiffs' three categories that they claim should receive differential treatment. As the Magistrate Judge observed, Defendants' "persistent delay tactics," *see* ECF 299 at 12, have stifled discovery and prevented Plaintiffs from moving forward and further developing their case. Indeed, implicit in Defendants' Objections is the belief that Defendants should be able to determine for themselves what evidence is relevant and what is not, and what information Plaintiffs truly need. In other words, Defendants' seek to control the record on which their policy will be evaluated. This is not the appropriate way to resolve any civil litigation, much less a case alleging unconstitutional discrimination in violation of the Equal Protection Clause.

As with their Opposition to Defendants' recent Motion to Stay Compliance with the Magistrate Judge's Opinion, Plaintiffs respectfully request that this Court rule expeditiously on Defendants' Objections. Defendants have made clear they will not produce any additional documents at least until their stay motion is fully adjudicated, unilaterally granting themselves a stay until this Court acts. Nearly two years have passed since Plaintiffs first filed their Motion to Compel, challenging Defendants' blanket invocation of the deliberative process privilege to withhold tens of thousands of documents and dozens of interrogatory responses. During this time, the preliminary injunction that offered Plaintiffs' partial protection from Defendants'

unconstitutional discrimination was stayed, and Plaintiffs have suffered, and continue to suffer, severe harm from these discriminatory policies. Accordingly, Plaintiffs respectfully urge speedy resolution of this dispute.

## BACKGROUND

Plaintiffs assert an equal protection challenge to a policy that discriminates against transgender people serving and seeking to serve in the military. *See* ECF 284. Although Plaintiffs filed this action in August 2017, the parties remain in the midst of fact discovery, due to what the Magistrate Judge aptly termed Defendants' "persistent delay tactics." ECF 299 at 12. In view of the length and complex nature of these proceedings, Plaintiffs provide a short recitation of the relevant facts surrounding Plaintiffs' Motion to Compel, and Defendants' Objections to the Magistrate Judge's most-recent Memorandum Opinion and Order granting that Motion. *See* ECF 299 and 300.

In January and May of 2018, Plaintiffs served discovery requests seeking a range of information and documents relating to the development and implementation of Defendants' policy of discrimination against transgender persons. Defendants declined to produce most of the requested materials, asserting the deliberative process privilege on a blanket basis. On June 15, 2018, Plaintiffs filed a Motion to Compel seeking discovery of deliberative materials regarding: (1) President Trump's original July 2017 Tweets and August 2017 Memorandum; (2) the activities of the Department of Defense ("DoD")'s so-called Panel of Experts ("the Panel") and its working groups tasked with developing a plan to study and implement the President's decision; and (3) DoD's Implementation Plan and the President's acceptance of that Plan in his March 23 Memorandum, including any participation or interference in that process by anti-

transgender activists and lobbyists.[1] *See* ECF 177-3 at 2. On August 14, 2018, the Magistrate Judge issued an order granting Plaintiffs' Motion to Compel as to the three categories of documents. ECF 204 at 3–7. The Magistrate Judge reasoned that the deliberative process privilege did not shield Defendants from their obligation to produce each category of documents because "each of the categories of compelled documents is likely to contain evidence reflecting Defendants' intent." *Id.* at 5. Defendants then requested that the Court stay compliance with the Magistrate Judge's Order compelling production, ECF 208, and filed objections to the Order, ECF 209. Plaintiffs opposed both Defendants' request to stay compliance, *see* ECF 211, and Defendants' objections to the Magistrate Judge's Order, *see* ECF 216.

On November 30, 2018, the Court issued a Memorandum Opinion and Order finding that Defendants' objections lacked merit. ECF 227 and 228. The Court carefully reviewed the Magistrate Judge's findings with respect to the formation of the Panel in response to the President's July 2017 Tweets, the lack of changes in military readiness from the Carter Policy to the Mattis Plan, and the Mattis Plan's effect of banning transgender military service, and determined that each of these findings was "reasonable." ECF 227 at 9–11. With respect to the deliberative process privilege, this Court independently considered the *Cipollone* factors and found the relevance of the evidence, the availability of alternative evidence, and the government's central role in the litigation all "weigh strongly in favor of disclosure and outweigh the fourth factor." *Id.* at 16 (citing *Cipollone v. Liggett Group, Inc.*, 812 F.2d 1400 (4th Cir. 1987) (table)). Therefore, this Court concluded that the Magistrate Judge properly ordered production of these documents. *Id.*

---

[1]     DoD's Implementation Plan and the President's acceptance of that Plan are referred to herein as the "Mattis Plan."

However, the Court granted Defendants' Motion to Stay Compliance with the Magistrate Judge's Order, in light of the then-pending decision of the United States Court of Appeals for the Ninth Circuit in the related *Karnoski* litigation. *Id.* at 1, 21. In *Karnoski*, another case involving a challenge to the policy banning transgender individuals from military service, Defendants petitioned the Ninth Circuit for a writ of mandamus challenging an order compelling discovery issued by the U.S. District Court for the Western District of Washington. *See Karnoski v. Trump*, 926 F.3d 1180, 1186 (9th Cir. 2019). This Court determined that granting a stay here would be appropriate because it would "avoid duplicative litigation." ECF 227 at 21. Given the posture of the *Karnoski* appeal, the Court also found that "the length of the stay should be brief," and "[d]enying the stay would impose a burden on Defendants." *Id*. Although the Court recognized that "granting a stay may burden Plaintiffs," it considered that burden justified, under those particular facts, to maintain "consistency with the parallel proceeding in the Ninth Circuit." *Id.* at 22.

The Ninth Circuit ruled in *Karnoski* in June 2019, finding that the independence, or lack thereof, of the process leading to the Mattis Plan remained a central question for further discovery, noting that the plaintiffs there could present additional evidence to support their argument that the military's decision-making process was circumscribed by the President's orders. *Karnoski*, 926 F.3d at 1202–03. The court issued the writ of mandamus, concluding that the record in that case was inadequate to perform the four-factor balancing test required to analyze the government's deliberative process privilege claims and that the district court "should consider classes of documents separately when appropriate." *Id.* at 1206. The Ninth Circuit did not mandate particular categories, but simply said that "[i]f Defendants persuasively argue that a more granular analysis would be proper, the district court should undertake it." *Id.*

Following that decision, Defendants moved this Court to reconsider its decision on Defendants' discovery objections and moved to extend the stay of compliance with Defendants' discovery obligations. ECF 257-1. On September 3, 2019, this Court issued an Order granting-in-part and denying-in-part Defendants' Motion. *See* ECF 267. The Court again rejected Defendants' challenge to the Magistrate Judge's factual findings, but vacated the Magistrate Judge's "August 14, 2018 Order and remand[ed] this case . . . to apply the *Cipollone* factors to the categories of documents Plaintiffs seek in their Motion to Compel and permit Defendants to argue that Plaintiffs should more narrowly define the categories of documents." *Id.* at 10. This Court went on to reject Defendants' request to extend the stay of discovery, *id.* at 16–17, explaining that, at that time, "Plaintiffs have had to wait more than a year for discovery to move forward" and that delay "has imposed a burden on them." *Id.* at 15. Moreover, the Court "doubt[ed] that the length of [a] stay" pending a motion for reconsideration and potential appellate review "would be reasonable," noting the length of time it took for the Ninth Circuit to issue its opinion in *Karnoski*. *Id.* Finally, the Court determined that "[c]ontinuing the stay . . . would further delay resolution of this case, which would not promote judicial economy." *Id.* at 16.

The parties then provided the Magistrate Judge with supplemental briefing on the *Cipollone* factors, and the Magistrate Judge issued a further Order on April 9, 2020. ECF 300; *see* ECF 299.[2] The Magistrate Judge once again granted Plaintiffs' Motion to Compel discovery

---

2   While this issue was on remand before the Magistrate Judge, the Western District of Washington in *Karnoski* considered similar requests for production and granted a renewed motion to compel in December 2019. Order, *Karnoski v. Trump*, No. C17-1297-MJP (W.D. Wash. Dec. 18, 2019), ECF 401. On February 7, 2020, the Western District of Washington also denied the government's motion to stay the order compelling discovery. Order, *Karnoski v. Trump*, No. C17-1297-MJP (W.D. Wash. Feb. 7, 2020), ECF 413. Defendants then filed a

of the same three categories of materials for which Plaintiffs had originally moved to compel

nearly two years prior. ECF 299 at 12; *see* ECF 177-1. As an initial matter, the Magistrate Judge

determined that Plaintiffs' requests were appropriately discrete, not "overly broad," and that

Defendants "already have knowledge of the documents that comprise each of the three

categories." ECF 299 at 2–3. The Magistrate Judge also noted that the Parties had agreed that

while Defendants had made a number of productions following submission of the supplemental

briefing, these had not resolved the disputes between the parties. *Id.* at 2. Defendants had

produced some but far from all of the documents Plaintiffs requested within Category 2, and

their productions had done nothing to satisfy Plaintiffs' request for deliberative materials falling

into Categories 1 or 3. *See* ECF 298 at 4.

The Magistrate Judge then carefully applied the *Cipollone* factors to each category of

documents, finding that Plaintiffs satisfied the first three factors because all three categories of

evidence were relevant to Plaintiffs' claims and Defendants' defenses, alternative evidence was

not available, and the Government played a necessary and important role in the litigation. ECF

299 at 6–9. In considering the fourth *Cipollone* factor, the Magistrate Judge rejected Defendants'

"approach of sheltering all documents because the exposure of any one will result in the

catastrophic disruption of the deliberative process," but the Magistrate Judge also rejected  "the

notion that Plaintiffs are entitled to the universe of documents regardless of the level of its origin

and the why the privilege applies." *Id.* at 9–10. The Magistrate Judge concluded that "[n]either

---

second petition for writ of mandamus to the Ninth Circuit, and requested a stay pending
consideration of the merits of its petition. *Trump v. U.S. District Court for the Western District of
Washington*, No. 20-70365 (9th Cir. Feb. 11, 2020), ECF 1-1. The Ninth Circuit has granted the
Defendants a temporary administrative stay, but has not yet ruled on the merits of Defendants'
petition or their request for a full stay. *See* Order, *Trump v. U.S. District Court for the Western
District of Washington*, No. 20-70365 (9th Cir. Feb. 12, 2020), ECF 3.

party is entitled to an all or none result here," and invited Defendants to file a motion for a protective order if they "have specific and well-defined objections based upon the *level* at which the documents were issued, or any other *good faith* reasons as to specific documents." *Id.* at 11 (emphasis in original).

Defendants once again moved to stay compliance with the Magistrate Judge's Opinion, *see* ECF 301, a request which Plaintiffs have opposed, *see* ECF 306. Defendants have stated that they will not comply with the Magistrate Judge's Opinion while their request for a stay is pending, and it is unclear if they will produce anything until their Objections are resolved.

## LEGAL STANDARD

A district court should only overrule the magistrate judge if the contested order is "clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "This standard vests broad discretion in the magistrate judge with regard to the resolution of discovery disputes." *Baird v. CCDC/CCSCC*, 2008 WL 4999252, at *2 (S.D. W.Va. Nov. 20, 2008) (internal quotation marks omitted). "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Patrick v. PHH Mortg. Corp.*, 298 F.R.D. 333, 336 (N.D.W. Va. 2014) (internal quotation marks omitted). Under the clearly erroneous standard, "the reviewing court is not to ask whether the finding is the best or only conclusion based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge." *Huggins v. Prince George's Cty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010). "[I]t is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123, 124 (D. Md. 2002).

**ARGUMENT**

This Court remanded "this case to the USMJ to apply the *Cipollone* factors to the categories of documents Plaintiffs seek in their Motion to Compel and permit Defendants to argue that Plaintiffs should more narrowly define the categories of documents." ECF 267 at 10. The Magistrate Judge did exactly what this Court directed, finding that Plaintiffs' categories are appropriately discrete and that the *Cipollone* factors weigh in favor of disclosure. Defendants failed to explain how they believe Plaintiffs should have more narrowly defined the categories and did not propose any categories of their own, but the Magistrate Judge nevertheless provided a common-sense process under which Defendants could attempt to make a showing that particular documents or types of documents are entitled to greater protection. Defendants have not shown that any aspect of the Magistrate Judge's Opinion was in error, much less "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). Because Defendants cannot meet the high standard required to overturn a magistrate judge's nondispositive discovery order, their Objections should be overruled.

**I.     DEFENDANTS' "SUFFICIENT NEED" ARGUMENT IS NOT SUPPORTED BY THE LAW OR THE FACTS**

    **A.     The Court Should Reject Defendants' Attempt to Supplant the *Cipollone* Factors with a Separate "Sufficient Need" Test.**

Defendants urge this Court to set aside the *Cipollone* factors and replace them with a single criterion: whether Plaintiffs have established a "'need for [deliberative] materials' and that such 'need for accurate fact-finding override[s] the government's interest in non-disclosure.'" ECF 302 at 1. Defendants' new formulation is not only wrong under Fourth Circuit law, but it also falls far short of the requirement of showing that there is no "legal authority that supports the USMJ's conclusion." ECF 227 at 15 (citing *Guiden v. Leatt Corp.*, 2013 WL 4500319, at *3 (W.D. Ky. Aug. 21, 2013)).

First, the Magistrate Judge properly considered the relevance of the requested discovery, since the Fourth Circuit in *Cipollone* set this out as the first of the four factors to be considered. As *Cipollone* itself establishes, and this Court has acknowledged, whether Plaintiffs' need for the materials outweighs the Defendants' interest in nondisclosure is the *outcome* of balancing of the *Cipollone* factors, not an independent inquiry. *See Cipollone*, 812 F.2d 1400 at *2 (noting that application of *Cipollone* factors determines whether need for information outweighs public interest in nondisclosure); ECF 267 at 6 ("This test requires the Court to balance four factors to determine whether the litigant's 'need for accurate fact-finding override the government's interest in non-disclosure.'" (quoting *Karnoski*, 926 F.3d at 1206)). Defendants' attempt to parse Plaintiffs' need for the requested materials as an independent inquiry not only ignores *Cipollone*, but also relies on selective quotation of prior opinions by both this Court and the Ninth Circuit in *Karnoski*. *See* ECF 302 at 3, 13. Read in full, this Court and the Ninth Circuit have in fact articulated that Defendants' proposed need test is merely a summation of the balancing test described in *Cipollone*. *See* ECF 267 at 6 ("This test requires the Court to balance four factors to determine whether the litigant's 'need for [deliberative] materials and the need for accurate fact-finding override the government's interest in non-disclosure.'") (quoting *Karnoski*, 926 F.3d at 1206); *Karnoski*, 926 F.3d at 1206 ("'[A] litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure.' . . . As the district court here correctly recognized, we balance four factors in determining whether this exception to the deliberative process privilege is met." (quoting *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984))). In applying this balancing test, the Magistrate Judge acknowledged that need for information was part of the balancing process: "the validity of the privilege 'depends . . . upon a balancing of the public interest in

nondisclosure with the need for the information as evidence. . . . In striking this balance, the common law of discovery developed a number of factors for the court to consider.'" ECF 299 at 5 (quoting *Cipollone*, 812 F.2d 1400, at *2). Defendants cannot claim that the Magistrate Judge ignored Plaintiffs' need by applying the *Cipollone* factors, because the Magistrate Judge considered Plaintiffs' need *by applying those factors*.

Further, Defendants' argument ignores the long history of this case. Plaintiffs originally argued that the Court need not rely on the *Cipollone* balancing test, because, "when the government's intent is at issue," as it is here, "withholding documents based on the deliberative process privilege would improperly shield the very type of documents litigants need." *See, e.g.*, ECF 177-33 at 9 (citing, *inter alia*, *In re Delphi Corp.*, 276 F.R.D. 81, 85 (S.D.N.Y. 2011) ("Where the deliberative or decisionmaking process is the 'central issue' in the case, the need for the deliberative documents will outweigh the possibility that disclosure will inhibit future candid debate among agency decision-makers.")). After the Magistrate Judge agreed with Plaintiffs, *see* ECF 204 ("[T]he privilege is simply inapplicable where government intent is at the heart of the issue."), Defendants submitted objections insisting that the Court balance the *Cipollone* factors instead of treating as dispositive the party's need when the government's intent is at issue, *see* ECF 209 at 16–17; the Court concluded the *Cipollone* factors "would have reached the same conclusion." ECF 227 at 16. On remand following the *Karnoski* appeal, after the Magistrate Judge explicitly applied the test Defendants demanded, Defendants now reverse course,[3] arguing

---

[3]     Indeed, Defendants have repeatedly implored the Court to weigh the *Cipollone* factors. *See, e.g.*, ECF 184 at 19–20 (calling for the Court to apply the *Cipollone* factors); ECF 209 (arguing Magistrate Judge committed error by ignoring "the Fourth Circuit's directive that this privilege should be evaluated under [*Cipollone*]"); ECF 281 at 9 (arguing that *Cipollone* test is "required").

that the *Cipollone* factors are not dispositive and that Plaintiffs must separately show a "need."[4] Having lost on the balancing of factors, Defendants attempt to move the goal posts. But the Magistrate Judge's Opinion applies the *Cipollone* factors exactly as directed by the Court, and consistently with *Cipollone* itself.

### B.    In Any Event, Plaintiffs Have Shown a Need for the Materials at Issue.

Even if a party seeking discovery of deliberative materials were required to make an independent showing of need, Plaintiffs have plainly made that showing. For nearly two years, Plaintiffs have repeatedly articulated a need for the materials at issue. Plaintiffs' Motion to Compel, filed in June 2018, explained how the information sought was necessary to "prove [Plaintiffs'] claims that the Ban was motivated by animus and lacked a legitimate government rationale, and that steps Defendants have taken to implement the Ban are similarly infected." ECF 177-3 at 6. Plaintiffs further demonstrated this need in their responses to Defendants' Motion to Stay Compliance with the Magistrate Judge's initial ruling, ECF 211 at 12–13, their response to Defendants' objections to the Magistrate Judge's initial ruling, ECF 216 at 17–18,

---

[4]    The cases Defendants cite in support of this argument in fact support Plaintiffs' arguments and show that the Magistrate Judge's Opinion was not contrary to law. *See Holmes v. Hernandez*, 221 F. Supp. 3d 1011, 1021 (N.D. Ill. 2016) ("Where a plaintiff directly challenges a government agency's deliberative process, courts routinely find that there is a particularized need for disclosure."). Defendants also quote language from *Marriott International Resorts, L.P. v. United States*, 437 F.3d 1302, 1307 (Fed. Cir. 2006), that relies exclusively on a decision that not only directed the use of the balancing test to determine whether the deliberative process privilege can be overcome, but also stated that "where there is reason to believe the documents sought may shed light on government misconduct, the privilege is routinely denied." *See In re Sealed Case*, 121 F.3d 729, 738 (D.C. Cir. 1997) (internal citations and quotation marks omitted). Finally, although the Seventh Circuit required a showing of a "particularized need" in *United States v. Farley*, 11 F.3d 1385 (7th Cir. 1993), a later decision relying on *Farley* found such a particularized need for the requested documents could be shown where the Plaintiff's case turned on the government's decision-making process. *See Ferrell v. U.S. Dep't of Hous. & Urban Dev.*, 177 F.R.D. 425, 430–31 (N.D. Ill. 1998).

and their response to Defendants' motion for reconsideration, ECF 260 at 13–22. Most recently,

on remand, the Magistrate Judge ordered supplemental briefing, and Plaintiffs' opening and

reply supplemental briefs extensively addressed their need for these materials. ECF 276 at 8–16;

ECF 285 at 10–12, 16–17.[5] Defendants' assertion that Plaintiffs have failed to demonstrate need

is wholly without merit in light of the record.

Defendants' argument concerning need appears to depend on recently produced

documents that Defendants claim provide a sufficient basis on which to evaluate their policy.

ECF 302 at 11–12. But these limited productions do not show or even suggest that the Magistrate

Judge's Opinion is clearly erroneous or contrary to law.

First, Defendants' assertion that the Magistrate Judge failed to consider the significance

of Defendants' recent disclosure of certain Panel of Experts materials is incorrect. *See* ECF 301

at 11–12. To the contrary, the Magistrate Judge's Opinion specifically acknowledged this

disclosure, and nonetheless found that the remaining Category 2 documents should be disclosed,

because the relevance of the documents was "blatantly obvious," and because withholding the

documents "does not serve the public interest." ECF 299 at 8, 11. In doing so, the Magistrate

Judge found that these materials were needed to prove Plaintiffs' claims and to evaluate

Defendants' stated rationale for the Ban, as the materials were "inextricably intertwined with the

decision-making process or lack of process as Plaintiffs allege." *Id.* at 8, 10.

Second, Defendants' assertion that evidence outside of their handpicked disclosures is not

needed ignores Plaintiffs' fundamental theory of the case. Plaintiffs allege that animus and

discrimination have infected Defendants' policy making process, resulting in an unconstitutional

---

[5]     Plaintiffs' Opposition to Defendants' recent stay motion also addresses the need for these
documents. *See* ECF 306 at 1, 13–14

policy, with Defendants' intent squarely at issue. The Court has already found that the deliberative documents at issue here are relevant and necessary to Plaintiffs' case for precisely that reason. *See* ECF 227 at 16 (finding that "the deliberative evidence Plaintiffs seek on government intent is *highly relevant* to the lawsuit because it may explain why the Government changed its policy on transgender service members and whether that policy change was motivated by a legitimate government interest" (emphasis added)). The Ninth Circuit in *Karnoski* has also determined that documents similar to the ones sought here are necessary in that case. As the Ninth Circuit explained, the "[p]laintiffs on remand may present additional evidence to support [their] theory" that the Panel of Expert process was circumscribed by the President's orders, and "the litigation may require the district court to consider the basis of the President's initial decision, as well as the 2018 Policy[.]" 926 F.3d at 1202. That is because the plaintiffs there had raised "non-frivolous arguments that the 2018 Policy did not independently analyze the impact of transgender individuals serving in the armed services, but rather implemented" the President's orders. 926 F.3d at 1204. This is exactly the type of evidence Plaintiffs need and now seek.[6] Defendants have not shown that the documents they have produced to date have information similar to what Plaintiffs seek.

---

[6]   Plaintiffs' supplemental briefing provided numerous specific examples of documents in each Category that will show, *inter alia*: whether the military interpreted the President's Tweets as binding and limiting their options in conducting an independent analysis; whether the Panel of Experts process itself lacked independence and led the Panel to disregard data that might undercut the President's stated policy goal; and whether political appointees and third parties who worked on development of the Mattis Plan after the Panel of Experts made its recommendation were motivated by unconstitutional discriminatory intent or animus. *See* ECF 276 at 7–17.

Finally, Defendants' position would turn the rules of discovery on their head, essentially allowing Defendants to decide for themselves what is relevant and when Plaintiffs have acquired all of the evidence they "need." If Defendants control the record on which the Mattis Plan is evaluated, it will be Defendants, and not the courts, that serve as the true arbiter of the Mattis Plan's lawfulness. The courts have repeatedly rejected Defendants' assertion that "what we have given you is enough," at every turn ordering Defendants to produce documents that they have improperly withheld. *See, e.g.*, *Karnoski v. Trump*, 2019 WL 6894510, at *3–4 (W.D. Wash. Dec. 18, 2019); *Doe 2 v. Esper*, 2019 WL 4394842, at *6–10 (D.D.C. Sept. 13, 2019). The Court should reject the assertion once again here.[7]

Plaintiffs have consistently articulated a need for these documents. In striking the balance of the *Cipollone* factors, the Magistrate Judge agreed that Plaintiffs had made a sufficient showing, a conclusion that was entirely consistent with law and supported by the record.

## II.   THE MAGISTRATE JUDGE'S FINDING THAT PLAINTIFFS' CATEGORIES WERE APPROPRIATELY DISCRETE IS SUPPORTED BY THE EVIDENCE

The Magistrate Judge's finding that the categories are appropriately discrete is not clearly erroneous. *See* ECF 299 at 2–3. When remanding the case to the Magistrate Judge, the Court made clear that Defendants had the burden of showing that Plaintiffs' categories were overly broad. *See* ECF 267 at 10; *see also id.* at 7 ("The [Ninth] Circuit Court placed the burden on the *Karnoski* defendants to 'persuasively argue that a more granular analysis would be proper.'")

---

[7]      Setting aside that litigants may not unilaterally determine what should and should not be produced, Defendants' representations that they have produced all that is necessary and more is not credible given the course of discovery in these cases. As the court in the related *Karnoski* litigation observed, "Defendants have failed to comply with Court orders, changed their arguments, retracted previous statements, and have often been unable to respond to questions about their own documents." *See* District Court's Requested Response to the Petition For a Writ of Mandamus, *Trump v. U.S. District Court for the Western District of Washington*, No. 20-70365 (9th Cir. Mar. 5, 2020), ECF 15.

(quoting *Karnoski*, 926 F.3d at 1206). The Magistrate Judge found that Defendants did not carry

that burden, citing the facts that Defendants "already [had] knowledge of the documents that

comprise each of the three categories" and "described in detail the types of documents contained

in each category." ECF 299 at 2–3. This finding was not clear error.

Defendants again argue that the categories of materials Plaintiffs seek are "far too

broadly defined for the Court to properly apply the *Cipollone* balancing test." ECF 302 at 24.

Instead, Defendants summarily assert that a "document-by-document" analysis across tens of

thousands of documents is required. *Id.* at 24–25.[8] This suggestion is an obvious "delay tactic,"

as the Magistrate Judge correctly pointed out. ECF 299 at 5. Defendants also continue to point to

the privilege logs that they have produced in this litigation as though the logs hold the key to

identifying narrower categories. *See* ECF 302 at 6.[9] But Defendants' logs are "woefully lacking,"

making their utility to this endeavor limited at best. *See* ECF 299 at 3; *see also* ECF 296-2 at 18.

Plaintiffs—through no lack of effort on their part over the past two years—simply do not

have sufficient information about what materials are in Defendants' possession or what narrower

categories of documents or information Defendants believe warrant separate analysis. In

remanding to the Magistrate Judge, this Court made clear that the burden *is on Defendants* to

establish that Plaintiffs' categories are too broad. As Plaintiffs have shown before, Defendants

have consistently refused to propose narrower categories or show that it would be feasible for

---

[8]     *Cipollone* does not require or suggest that a document-by-document evaluation is
required, and Defendants have previously acknowledged that evaluation of categories is proper.
*See* ECF 209 at 1.

[9]     Defendants allege that they have produced privilege logs with required information "for
every single document that DoD has withheld as privileged in this case." ECF 302 at 4.
Defendants' piecemeal supplementation and revisions to the privilege logs they have produced
make it impossible for Plaintiffs to confirm their representation, but Defendants do not appear to
have produced privilege logs for documents withheld from their recent productions.

Plaintiffs to do so. *See*, *e.g.*, ECF 276 at 20; ECF 285 at 4. And Defendants cannot show that it would be feasible for Plaintiffs to do so because Defendants conducted their document collection pursuant to their own internal criteria, leaving Plaintiffs without the ability to identify more discrete subcategories of documents. Particularly in light of Defendants' failure to provide information on what types of materials they believe should be analyzed separately, the Magistrate Judge's finding that the three categories Plaintiffs identified were appropriately discrete was not clearly erroneous.

## III.   THE MAGISTRATE JUDGE'S APPLICATION OF THE *CIPOLLONE* FACTORS WAS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW

Defendants fall far short of showing that that the Magistrate Judge's application of the *Cipollone* factors was clearly erroneous or not supported by law. Instead, the Magistrate Judge's balancing of the four factors—(1) the relevance of the evidence to the lawsuit; (2) the availability of alternative evidence on the same matters; (3) the government's role (if any) in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions—was supported by the evidence and law.

### A.   The Magistrate Judge's Finding that the Materials at Issue Were Highly Relevant Was Not Clearly Erroneous or Contrary to Law.

The Magistrate Judge's finding that the documents and information at issue are highly relevant to Plaintiffs' claims was supported by the evidence. Acknowledging that the "litigation here is very fact driven," the Magistrate Judge rested his analysis on supported findings of fact. As to documents in Category 1, involving facts surrounding President Trump's original Tweets and August 2017 Memorandum, the Magistrate Judge found that the documents were necessary because they went to "not only the crux of Plaintiffs' claims but also to the heart of the Defense." ECF 299 at 7, 10. As to Category 2, involving the work of the Panel of Experts and its working groups, the Magistrate Judge correctly found that those documents "are inextricably intertwined

with the decision-making process or lack of process" that led to the Mattis Plan. *Id.* at 10. And as to Category 3, involving the additional work to develop the Mattis Plan following the Panel's completion of its report, the Magistrate Judge correctly found that those documents are needed to show whether "outside special interest groups may have unduly influenced the decision-making process resulting in the transgender ban," as well as possibly answering the question of "why" the Carter Policy was abandoned on the eve of its inception.[10] *Id.* at 8, 11. Because he recognized that these materials are "at the heart of this litigation," "blatantly" relevant, and "critical to proving [Plaintiffs'] claims," the Magistrate Judge correctly weighed the first factor in favor of disclosure. *Id.* at 7–8.

> **B.      The Magistrate Judge's Finding that There Is No Alternative Evidence Was Not Clearly Erroneous or Contrary to Law.**

As to the second factor, the Magistrate Judge determined that there are "no sources of alternative evidence in this case since the government controls all of the documents and witnesses related to these documents." ECF 299 at 9. Defendants indirectly contest this finding only as to Category 2, asserting that "Plaintiffs have ample alternative evidence available to them within Category Two, namely the deliberations of the actual Panel of Experts itself." ECF 302 at 16. But Defendants' focus on other documents they have produced misses the point—the

---

[10]      Although the Magistrate Judge's Opinion states that it "appears" Category 3 seeks "evidence that outside special interest groups may have unduly influenced the decision-making process," that category is actually broader; it seeks all "deliberative materials relating to the Department of Defense's Implementation Plan and the President's acceptance of that Plan . . . including any participation or interference with that process by anti-transgender activists and lobbyists." ECF 299 at 8. This includes not just materials reflecting interference by *outside* special interest groups, but also any deliberative materials from *within* the Department of Defense or other Defendant agencies, unrelated to outside groups or the Panel of Experts, such as deliberative materials indicating that political appointees rejected, modified, or influenced the Panel's findings or shaped the Mattis Plan to conform more closely to the President's original intent.

alternative evidence must relate to the same subject as the evidence Plaintiffs seek. *See Cipollone*, 812 F.2d 1400, at *2 (evaluating the "availability of alternative evidence *on the same matters*" (emphasis added)). As Defendants acknowledge, they have not produced "deliberative materials of working groups that no member of the Panel of Experts ever received or considered," which fall within Category 2. ECF 302 at 16. But as the court in *Karnoski* recently articulated, these materials are "just as important" as the documents that were given to the Panel, because the working groups "can leave out studies that [Defendants] don't think support [their] position." ECF 296-2 at 9. And obviously, what was provided to the Panel is not alternative evidence of what was provided to the working groups *but not* to the Panel. Put simply, Plaintiffs have alleged a decision-making process that was corrupted with animus and discriminatory intent. The deliberations of the Panel of Experts alone are obviously insufficient to determine whether the Panel of Experts' conclusions were manipulated based on the information provided to it, or based on the information *deliberately withheld from it*.

To the extent Defendants claim that Plaintiffs have alternative evidence for Category 3 documents, *see* ECF 302 at 17–18, that argument also fails. Plaintiffs allege that the Mattis Plan was not the product of military expertise, but instead that the White House, political appointees, and third parties dictated the development of the Plan. *See, e.g.*, ECF 177-3 at 8 (discussing reports indicating that the White House and other political appointees participated in crafting the Mattis Plan). Defendants' recent production of lists of individuals who reviewed and authored the policies and their limited production of documents provided to third parties, *see* ECF 302 at 17–18, is not alternative evidence to the sort of influence Plaintiffs allege.[11]

---

[11] Defendants do not contest the Magistrate Judge's findings with regard to the third factor that the government plays a necessary and important role in the litigation. Accordingly, there is no dispute that the third *Cipollone* factor weighs in favor of disclosure.

**C.      The Magistrate Judge Provided a Remedy to Mitigate Any Potential Chilling Effect from Disclosure.**

As to the fourth *Cipollone* factor, Defendants are wrong in asserting that the Magistrate Judge did not adequately consider potential chilling effects from production of the materials at issue. The Magistrate Judge found that the materials as a whole should not be protected from disclosure, because Defendants had made "no particularized showing that a significant chilling effect would occur in future deliberations" and that "[t]he prior disclosure and the lack of specificity in Defendants' objections weigh in favor of full disclosure." ECF 299 at 10–11. These findings were not clearly erroneous or contrary to law, especially given Defendants' steadfast refusal to identify certain documents or categories of documents for which disclosure would result in a specific chilling effect on discussion of policies or decisions.

Nonetheless, the Magistrate Judge adequately addressed Defendants' concerns about chilling effect by giving them the opportunity to seek protective order relief for particular documents (or groups of documents) if they "have specific and well-defined objections based upon the *level* at which the documents were issued, or any other *good faith reasons* as to specific documents." ECF 299 at 11 (emphasis in original).

Defendants insist that protective orders are no solution to their alleged confidentiality concerns, citing a case in which a protective order only "limit[ed] dissemination." *See* ECF 301 at 15 (citing *Perry v. Schwarzenegger*, 591 F.3d 1147, 1164 (9th Cir. 2010)). But there is no reason to think the Magistrate Judge contemplated solely protective orders that would only limit dissemination as opposed to precluding any disclosure. As noted above, the Magistrate Judge rejected "the notion that Plaintiffs are entitled to the universe of documents regardless of the level of its origin and the why the privilege applies" and concluded that "[n]either party is entitled to an all or none result here." ECF 299 at 10. Further, the scope of a protective order is

— 20 —

within the discretion of the court. If Defendants can make a particularized showing to alter the balance of the *Cipollone* factors for certain materials, the Magistrate Judge has explicitly left open the possibility that they may seek a protective order permitting them to withhold such documents on privilege grounds.[12]

Moreover, *Cipollone* and other cases strongly support the Magistrate Judge's finding that protective orders limiting dissemination can mitigate any risks to Defendants' interests that might result from disclosure to the public. *See Cipollone*, 812 F.2d 1400, at *3 (holding that the government's interest in nondisclosure was "de minimis at best" in part because "the materials would not be released to the public" because of a protective order); *Harrison v. Shanahan*, 2019 WL 2216474, at *8 (E.D. Va. May 22, 2019) ("[T]he Court finds that any risks to those interests [in nondisclosure] do not outweigh Plaintiffs' need for the information, particularly in light of the protective order in place.").[13]

If the Court issues a protective order that Defendants believe insufficiently protects their interests, Defendants could challenge the order at that time. However, speculation about the inadequacy of a potential protective order is not a legitimate basis to further delay discovery. The Magistrate Judge properly evaluated the risk of a chilling effect and crafted a solution grounded in caselaw that would adequately ameliorate that risk.

---

[12]     For the avoidance of doubt, Plaintiffs do not concede that any such protective order would ultimately be warranted for the documents here at issue.

[13]     The Courts in both *Karnoski* and *Doe* have also found that any chilling effect of disclosure can be limited through the use of protective orders. *See Karnoski*, 2019 WL 6894510, at *3 (quoting *Doe 2*, 2019 WL 4394842, at *9).

IV.   **THE MAGISTRATE JUDGE'S OPINION PROPERLY ALLOWS FOR WHETHER GREATER DEFERENCE SHOULD BE APPLIED TO CERTAIN DOCUMENTS**

Defendants are also wrong when they assert that the Magistrate Judge did not consider whether greater deference to the Government's interests was appropriate depending on "who was party to the document." *See* ECF 302 at 22–24. To the contrary, the Magistrate Judge's proposed protective order solution also allows Defendants to seek a protective order for objections "based upon the *level* at which the documents were issued." ECF 299 at 11 (emphasis in original). This directly responds to the Court's direction to "give due consideration to whether a document or category of documents requires greater deference depending on who is involved." *See* ECF 267 at 10–11. Despite Defendants' longstanding refusal to identify which documents allegedly require greater protection, they will still have the opportunity to seek protection for those specific documents for which they can establish "good faith reasons."

The Magistrate Judge's protective-order procedure ends an untenable stalemate Defendants themselves created through their refusal to propose a reasonable way to differentiate the tens of thousands of documents they are withholding. Defendants' objection to this reasonable mechanism would force the Plaintiffs or the Court to somehow identify which documents should receive greater protection, despite never having seen the documents or having any information about them beyond Defendants' boilerplate assertions of privilege. That is not a methodology for identifying privileged materials in any reasonable sense—it is just another attempt to justify blanket withholding of materials that are undoubtedly important to Plaintiffs' claims of unconstitutional discrimination. The Magistrate Judge's reasonable process adequately protects Defendants' interests, keeps the litigation moving forward, and is not clearly erroneous or contrary to law.

## V.   DEFENDANTS HAVE CONCEDED THAT CERTAIN INFORMATION WITHIN PLAINTIFFS' CATEGORY 1 IS NOT DELIBERATIVE AND THUS NOT PROTECTED BY THE DELIBERATIVE PROCESS PRIVILEGE

Additionally, the Magistrate Judge's Opinion correctly held that certain information relevant to Category 1 does not fall under the deliberative process privilege at all. *See* ECF 299 at 7 ("The who, what, when, where and how this Twitter announcement occurred along with the facts regarding Secretary Mattis and the Department of Defense's actions and reactions to the [Tweets] are not protected by the deliberative process [privilege]."); *see also Warner*, 742 F.2d at 1161 (holding that the deliberative process privilege does not protect "[p]urely factual material that does not reflect deliberative processes" (citing *EPA v. Mink*, 410 U.S. 73, 87–89 (1973)).[14] Thus, any factual information related to Category 1 and any documents that contain solely factual information are properly analyzed under general discovery rules, not the *Cipollone* test. *See Mink*, 410 U.S. at 88–89. Defendants did not object to this portion of the Magistrate Judge's ruling. Accordingly, they have conceded that this information within Category 1 is not protected by the privilege in the first instance, and have waived any argument to the contrary. *See, e.g., Wells v. Shriners Hosp.*, 109 F.3d 198, 199 (4th Cir. 1997).

## VI.   DEFENDANTS CONCEDE THAT THE MAGISTRATE JUDGE'S FACTUAL FINDINGS WERE NOT CLEARLY ERRONEOUS

As filed, the Defendants' Objections asserted that one of the Magistrate Judge's factual findings was clearly erroneous and warranted revisiting,[15] arguing that "subsequent developments in this litigation and in discovery" proved the Magistrate Judge's factual finding

---

[14]   As Defendants acknowledge, it is "the Government [that] bears the burden of establishing that the privilege *applies* in the first instance." ECF 302 at 12 (emphasis in original).

[15]   The Magistrate Judge found that the "'circumstances regarding readiness and deployability [could not] have changed so dramatically' between 2016 and 2018 to warrant the creation of a new policy." ECF 302 at 26 (quoting ECF 204 at 6).

wrong. ECF 302 at 26. In doing so, Defendants relied on certain DoD documents discussing the delay, but not reversal, of the Carter Policy. Defendants now withdraw this objection, *see* ECF 307, acknowledging that they cited these same documents in their previous challenge to the Magistrate Judge's findings, *id.* at 1, which was rejected by this Court twice. *See* ECF 227 at 9–10 (upholding the Magistrate Judge's factual findings); ECF 267 at 12–13 (denying Defendants' motion to reconsider the Court's decision upholding the factual findings). Plaintiffs appreciate Defendants' withdrawal of this meritless challenge to the Magistrate Judge's factual finding, which was the latest example of Defendants' pattern of delay and obstruction in litigating this case.

## CONCLUSION

For the foregoing reasons, Defendants' Objections to the Magistrate Judge's Memorandum Opinion and Order should be overruled.

Dated: May 7, 2020

Respectfully submitted,

*/s/ Peter J. Komorowski III*
Peter J. Komorowski III

David M. Zionts*
Carolyn F. Corwin*
Mark H. Lynch (Bar No. 12560)
Jeff Bozman*
Marianne F. Kies (Bar No. 18606)
Joshua Roselman*
Peter J. Komorowski III (Bar No. 20034)
Mark Andrews-Lee*
Jeffrey Huberman*
Rishi R. Gupta*
Covington & Burling LLP
One CityCenter
850 Tenth St. NW
Washington, DC 20001
Telephone: (202) 662-6000
Fax: (202) 778-5987
dzionts@cov.com
ccorwin@cov.com
jbozman@cov.com
mkies@cov.com
jroselman@cov.com
pkomorowski@cov.com
mandrewslee@cov.com
jhuberman@cov.com
rrgupta@cov.com

Mitchell A. Kamin*
Nicholas M. Lampros*
Covington & Burling LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
mkamin@cov.com
nlampros@cov.com

*Admitted pro hac vice*

Deborah A. Jeon (Bar No. 06905)
David Rocah (Bar No. 27315)
American Civil Liberties Union Foundation of
Maryland
3600 Clipper Mill Road, #350
Baltimore, MD 21211
Telephone: (410) 889-8555
Fax: (410) 366-7838
jeon@aclu-md.org
rocah@aclu-md.org

Joshua A. Block*
Chase B. Strangio*
James Esseks*
Leslie Cooper*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2627
Fax: 212-549-2650
jblock@aclu.org
cstrangio@aclu.org
jesseks@aclu.org
lcooper@aclu.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2020, a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Peter J. Komorowski III*
Peter J. Komorowski III