## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| BROCK STONE, *et al.*, | |
| *Plaintiffs*, | Case 1:17-cv-02459-GLR |
| v. | Hon. George L. Russell, III |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | |
| *Defendants*. | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY COMPLIANCE WITH THE MAGISTRATE JUDGE'S MEMORANDUM OPINION AND ORDER

### INTRODUCTION

A stay of the Magistrate Judge's Memorandum Opinion and Order, ECF Nos. 299, 300, is warranted to prevent the disclosure of thousands of deliberative documents from the Department of Defense ("DoD") and the Military Services. The balance of harms weighs overwhelmingly in Defendants' favor because DoD will suffer immediate, irreparable harm absent a stay, as a result of the disclosure's chilling effect on discussions regarding sensitive personnel and national security matters. In contrast, the only harm Plaintiffs would suffer would be a delay in receiving deliberative documents that they have not established any need for.

This Court previously stayed the Magistrate Judge's 2018 discovery order, which ordered disclosure of the same categories of documents at issue here, in light of the related Ninth Circuit mandamus proceedings. *See* Order at 22 (Nov. 30, 2018), ECF No. 227 ("Stay Order"). Defendants now ask that the Court simply take the same approach it did previously. It would be anomalous for the Court not to grant a stay here.

Plaintiffs' brief in opposition, ECF No. 306 ("Opp'n"), is long on heated rhetoric but short

on persuasive rebuttals to the legal and factual showings made in the Government's Motion for Stay, ECF No. 301 ("Mot.").  Rather than engaging in "persistent delay tactics" as Plaintiffs contend, Opp'n at 1, Defendants have simply sought to prevent the disclosure of privileged documents where Plaintiffs have not established an adequate need to overcome the Government's interests in confidentiality.  Defendants' arguments are well founded, as shown repeatedly by this Court in granting Defendants' prior motion to stay and their motion for reconsideration regarding the Court's resolution of the Magistrate Judge's deliberative process ruling.  *See* Stay Order at 22; Mem. Op. at 10–11 (Sept. 3, 2019), ECF No. 267.  It has also been shown by the Ninth Circuit in taking the extraordinary step of granting the writ of mandamus and, now, staying another overbroad deliberative process ruling.  *Karnoski v. Trump*, 926 F.3d 1180, 1208 (9th Cir. 2019); Order, *In re Trump*, No. 20-70365 (9th Cir. Feb. 13, 2020), ECF No. 3.  Plaintiffs' continued failure to make the showing required for further disclosures shows that the Motion to Stay should be granted.

## ARGUMENT

### I.   The Court Should Stay Compliance with the Order and Opinion Because All Relevant Factors Weigh in Favor of a Stay.

Defendants' opening brief showed that a stay should be issued based on all the relevant factors—in particular the balance of harms between the parties and the Defendants' likelihood of success on the Objections—and for the reasons of judicial economy that this Court previously relied on to stay a similar discovery order in recognition of parallel Ninth Circuit proceedings. Mot. at 4–14.

Indeed, this Court stayed the Magistrate Judge's prior discovery order, which ordered disclosure of the same categories of deliberative documents.  *See* Stay Order.  The Court explained that the Ninth Circuit was considering a mandamus petition concerning the *Karnoski* district

2

court's order compelling disclosure of documents that "significant[ly] overlap[ped]" with the deliberative documents Plaintiffs seek in this case. *Id.* at 21. The Court reasoned that granting a stay "could avoid duplicative litigation" and that denying a stay "would impose a burden on Defendants by requiring them to disclose deliberative documents that are currently being withheld under a stay in the Ninth Circuit." *Id.* at 21–22. The Court also emphasized that "[w]hile granting a stay may burden Plaintiffs by delaying the litigation, the Court has a strong interest in consistency with the parallel proceedings in the Ninth Circuit." *Id.* at 22. Here, the Ninth Circuit is again considering many of the same documents in mandamus proceedings, and the Ninth Circuit similarly granted a stay of the district court's production order.

There is no reason for this Court to deviate from its previous decision to grant a stay. Plaintiffs' arguments in response are unavailing.

**A.    Balance of Harms.**    First, Plaintiffs' brief fails to show that the balance of harms weighs in their favor. To begin, Plaintiffs do not even acknowledge the large body of binding and persuasive authorities cited in the Motion establishing that the forced disclosure of privileged information constitutes irreparable injury. *See* Mot. at 7–8.

Instead, Plaintiffs contend any harms to the Government are "slight," because the Magistrate Judge provided for the possibility that Defendants may move for a protective order if they "have specific and well-defined objections based upon the *level* at which the documents were issued." Mem. Op. at 11 (Apr. 9, 2020), ECF No. 299. Defendants explained in their motion to stay that protective orders limiting dissemination of material do not resolve the concerns underlying the deliberative process privilege. Mot. at 14 (citing *Perry v. Schwarzenegger*, 591 F.3d 1147, 1164 (9th Cir. 2009)). Plaintiffs contend in response that the Magistrate Judge's Order contemplates protection from production as well.

3

But that is not readily apparent from the Opinion and Order.  The Magistrate Judge has ordered the disclosure of thousands of privileged documents.  And the Magistrate Judge has already rejected unrebutted evidence from DoD about the substantial harms to the deliberative process resulting from mass disclosure of deliberative materials, as well as evidence demonstrating that the documents involve senior military and civilian leaders, including the Secretary of Defense, as well as individuals at all other levels of the DoD and Military hierarchy.  Decl. of Robert E. Easton ¶¶ 24, 30, 31, 34 (Oct. 25, 2019), ECF No. 281-1.  Thus, it is not clear what effective relief could be sought to limit the current order, and it seems exceptionally unlikely that it would protect more than a tiny fraction of the thousands of privileged documents subject to the Order.  Moreover, asking the Magistrate Judge to reconsider his decision as to some subset of the materials (unidentified in the order) based on the same chilling effect concerns makes little sense, particularly where the Magistrate Judge has already indicated his skepticism of any potential motion for protective order.  Mem. Op. at 12 (Apr. 9, 2020), ECF No. 299 (indicating the Magistrate Judge may view such motions as of a piece with purported "persistent delay tactics").  In any event, Plaintiffs have not explained why the current disclosure order would not constitute irreparable injury.

Plaintiffs also have not established any competing harm sufficient to outweigh the irreparable injury caused by mass disclosure of privileged material.  Plaintiffs argue that they are harmed by Defendants' actions as alleged in the complaint and that this "litigation can[not] move forward" to a resolution of the merits of that complaint until the parties' privilege disputes are resolved.  Opp'n at 9.  But that argument simply assumes the truth of the premise on which it relies, namely that production of further privileged materials is necessary to resolve this case.  As Defendants explained in the Objections, Plaintiffs have already received the information the Court

held to support their Rule 56(d) response to Defendants' motion for summary judgment.  Defs.' Objections at 18–19, ECF No. 302 (citing Mem. Op. at 50–51 (Aug. 20, 2019), ECF No. 263). Defendants stand ready and willing to move again for summary judgment and resolve this long-running challenge to DoD's policy.  Plaintiffs' strategic decision to continue pressing for deliberative disclosures they have no demonstrated need for does not establish that a stay would harm Plaintiffs sufficiently to outweigh the Government's harm from disclosure.  That is particularly true when comparing the harm of a brief delay in production versus the impossibility of undoing disclosure once it has occurred.  *See Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) ("balance of hardship" favors a stay when weighing the harm of "postpon[ing] the moment of disclosure" against the "total and immediate divestiture of appellants' rights to have effective review in this court"); *see also In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008) ("[O]nce information is published, it cannot be made secret again.").

**B.** **Likelihood of Success on the Objections.**  Plaintiffs also fail to rebut Defendants' substantial showing of a likelihood of success on their Objections to the Opinion and Order.[1]

**1.** First, Plaintiffs have not shown that the Magistrate Judge correctly applied the *Cipollone* factors to find a sufficiently compelling need to warrant disclosure.  Plaintiffs provide no explanation for why the numerous types of information contained in their three broad categories are actually relevant to these proceedings.  Contrary to Plaintiffs' assertion in their brief that Defendants have not "challenged the relevance" of the documents sought, Opp'n at 14, Defendants have shown in their Objections—and in their prior briefing to the Magistrate Judge—that the relevance of this information is minimal to non-existent.  Defs.' Objections at 14–18, ECF No.

---

[1] This discussion is largely confined to responding to Plaintiffs' arguments in their opposition to the Motion to Stay.  Defendants will respond to the arguments in Plaintiffs' opposition to the Objections, ECF No. 308, in a separate brief filed by May 21.

302; Defs.' Suppl. Brief at 18–27, ECF No. 281.  Plaintiffs also do not explain why the *Cipollone* factor regarding availability of other evidence weighs in their favor where they have already obtained the core deliberations of the Panel of Experts for which they have long claimed a need. *See* Mem. Op. at 50–51 (Aug. 20, 2019), ECF No. 263 (citing Declaration of Marianne F. Kies, ECF No. 163-16).  The Magistrate Judge did not consider whether the voluminous information already disclosed, both privileged and non-privileged, suffices for Plaintiffs to litigate this case or whether still more deliberative disclosures are necessary.  In this essential respect, the Magistrate Judge in fact "failed to evaluate the current record."  *Contra* Opp'n at 14.

Further, Plaintiffs have not shown that the Magistrate Judge adequately weighed the Government's confidentiality interests.  Plaintiffs do not dispute that the Magistrate Judge did not cite or discuss the unrebutted evidence that Defendants submitted regarding the chilling effect of mass disclosure.  The Magistrate Judge's bare statement that Plaintiffs point to—holding that Defendants have not made a "particularized showing" of a chilling effect, *see* Opp'n at 15—cannot suffice where it is not supported by *any* discussion of the Government's unrebutted evidence or explanation for why it is inadequate.

Plaintiffs' attempt to rehabilitate the Magistrate Judge's summary rejection of Defendants' concerns about mass disclosure, which he deemed "far-fetched," should similarly be denied.  *See* Opp'n at 15.  The Magistrate Judge made this statement in responding to Defendants' argument that disclosure of "all the deliberative documents" would have a chilling effect.  Mem. Op. at 9 (Apr. 9, 2020), ECF No. 299 (quoting Defs.' Suppl. Brief at 31, ECF No. 281).  In response, the Magistrate Judge deemed Defendants' concerns far-fetched, seeming to misconstrue Defendants' position to be that disclosure of any single document would necessarily have catastrophic implications for the deliberative process.  *See id.* at 9.  As the very sentence quoted by the

Magistrate Judge shows, though, Defendants' position is that the *mass disclosure* of deliberative material that Plaintiffs seek will have a serious chilling effect, not that the disclosure of any single document necessarily would.  That the Magistrate Judge's ruling appears to be based in part on such an essential misapprehension of Defendants' position alone indicates that the Opinion and Order should not be upheld.

Plaintiffs' broader attack on the Government's purportedly "all-or-nothing approach" to applying the deliberative process privilege should also be rejected.  Opp'n at 15.  It is Plaintiffs who from the beginning have taken the position that the deliberative process privilege should not apply at all in this case.  Pls.' Mem. in Support of Mot. to Compel at 2, ECF No. 177-3 (arguing in Plaintiffs' initial motion to compel that the "deliberative process privilege is inapplicable in a case such as this one").  When that approach failed, Plaintiffs fell back on asking the Court to apply the *Cippolone* factors to three categories of information far too broad to permit a proper consideration of whether they could overcome the Government's valid assertions of privilege.  It is Plaintiffs that have taken an all-or-nothing approach to attempting to overcome the deliberative process privilege.

In sum, Plaintiffs fail to grapple with the fact that it is their burden to establish that the deliberative process privilege has been overcome, something the Magistrate Judge also did not recognize.  *Compare* Mem. Op. at 6 (Apr. 9, 2020), ECF No. 299 (holding that Defendants bear the burden of persuasion on Plaintiffs' motion), *with, e.g.*, *Redland Soccer Club, Inc. v. Dep't of Army*, 55 F.3d 827, 853 (3d Cir. 1995) (holding that the party seeking to overcome the deliberative process privilege bears the burden of persuasion).  And as the Federal Rules dictate, the default rule is that privileged documents are not subject to discovery.  *See* Fed. R. Civ. P. 26(b)(1) (stating that the "scope of discovery" includes "nonprivileged matter[s]").  Plaintiffs can only overcome

the hurdle of that default rule if they establish a compelling need for those privileged materials. *See* Defs.' Objections at 10–19, ECF No. 302.  Defendants are likely to succeed in showing Plaintiffs have not done so.

2.      Plaintiffs also have not shown that the Magistrate Judge adequately followed this Court's instruction to consider whether "greater deference" is warranted as to particular documents because of "who is involved."  Mem. Op. at 10–11 (Sept. 3, 2019), ECF No. 267.  Plaintiffs' only arguments in response are to once again attack the Defendants' purported all-or-nothing approach to the privilege and to point to the protective order procedure discussed above.  On the former point, Defendants have put forward clear evidence of the chilling effect that Plaintiffs' requested disclosures would cause, and have demonstrated the kinds of officials and employees party to the documents in Plaintiffs' three categories.  They need do no more.  That Plaintiffs' categories are too broad to permit Defendants to make a more granular argument in response is not a basis to elide this Court's instruction; it is a basis to reject Plaintiffs' categories and their claim to have overcome the privilege.

As for the protective order procedure, Defendants respectfully submit that this simply does not cohere with the Court's instructions.  Those instructions did not contemplate a procedure where the Magistrate Judge would consider whether to apply "greater deference" as to only a subset of documents in Plaintiffs' categories, after disclosure had already been ordered, and based on a last-chance motion akin to a request for reconsideration with relief *possibly* including the prevention of disclosure.  The Court's instructions, and the law more generally, contemplate a more rigorous and deferential approach to resolution of the privilege.

3.      Plaintiffs also have not shown that the Magistrate Judge adequately considered whether the categories of documents at issue in Plaintiffs' motion are overly broad.  Plaintiffs

assert the Magistrate Judge resolved this point by stating that Defendants have "knowledge of the documents that comprise each of the three categories" and described the types of documents "in detail." Opp'n at 12 (quoting Mem. Op. at 2–3 (Apr. 9, 2020), ECF No. 299). But this statement is simply inapposite. Defendants' primary point regarding the breadth of Plaintiffs' categories is that the categories are too broad—encompassing too many types of agency employees, categories of documents, and subject matters—to permit *the Court* to adequately consider the *Cipollone* factors. Indeed, explaining this essential limitation on the Court's ability to review the categories is why, as the Magistrate Judge recognized, Defendants described the documents at issue "in detail." *See* Defs.' Objections at 23–25, ECF No. 302. But the Magistrate Judge said nothing at all in response to this argument. He certainly did not explain how it was possible to adequately evaluate the *Cipollone* factors as to documents involving such disparate topics as media strategy and personnel policy or involving such disparate officials as low-level civilian career employees and the Secretary of Defense himself. *See id.* The fact that Defendants can describe the documents subject to Plaintiffs' categories does not satisfy the Magistrate Judge's obligation to consider whether the documents in those categories can be assessed *en masse* under the *Cipollone* factors.

For all of these reasons, Defendants have made a strong showing that the Magistrate Judge's Opinion and Order are contrary to law and should be set aside.[2] This factor accordingly weighs in favor of a stay.

**C.     Judicial Economy and Duration of Stay.** The remaining stay factors also weigh in Defendants' favor. Judicial economy would be served by a stay pending the Court's resolution

---

[2] For purposes of the deliberative process ruling under challenge, Defendants have withdrawn their objection to the Magistrate Judge's findings of fact regarding whether the "circumstances regarding readiness and deployability" changed sufficiently between 2016 and 2018 to warrant creation of a new policy. *See* Notice, ECF No. 307. Defendants' remaining objections, however, warrant vacating and setting aside the Order and Opinion in full as contrary to law.

of the Objections.  In the absence of a stay, the Magistrate Judge's Opinion and Order would have the effect of mooting a substantial part of the pending proceedings at the Ninth Circuit in *Karnoski* by causing the release of a large proportion of the documents at issue in that proceeding (as well as any similar proceeding that may be necessary in this circuit).  That outcome would be inconsistent with the Court's prior approach to a nearly identical scenario less than two years ago. *See* Stay Order at 22.  And Defendants do not seek a limitless stay, but only a brief stay to permit the Court an opportunity to review the currently pending Objections and, should they be rejected, a reasonable opportunity for the Solicitor General to seek appellate relief if he so chooses.

Plaintiffs distinguish the Court's prior stay order by arguing that the current *Karnoski* appellate proceeding is "procedurally distinct" because the Ninth Circuit has issued an administrative stay and has not yet acted on Defendants' request for a full stay.  Opp'n at 8. However, by granting an administrative stay, the Ninth Circuit has stopped the disclosure of documents pursuant to a similar discovery order as the one at issue here.  Accordingly, the same concerns for judicial economy and comity militate in favor of a stay in this case too.  *See* Stay Order at 21–22 (describing a "strong interest in consistency with the parallel proceeding in the Ninth Circuit" and recognizing the harm caused by disclosure of "deliberative documents that are currently being withheld under a stay in the Ninth Circuit").

## II.     The Court's September 2019 Order Denying a Further Stay Does Not Support Plaintiffs' Position.

Plaintiffs also contend the Court should deny a stay for the reasons it denied one in September 2019, arguing the "conditions now are substantially the same as they were" at that time. Opp'n at 7.  Plaintiffs' position is untenable.

The situation now is far from "substantially the same" because there is now a pending order to disclose thousands of deliberative documents.  In denying Defendants' motion for a stay in

September 2019, in contrast, the Court deemed Defendants' stay request essentially moot, finding no hardship warranting a stay because the Court concurrently vacated the Magistrate Judge's prior order to produce deliberative documents.  *See* Mem. Op. at 14 (Sept. 3, 2019), ECF No. 267 (explaining that "Defendants will not, at this point in time, be forced to produce the documents they contend will result in irreparable harm").  The Court similarly found this fact essential in balancing potential harm to Plaintiffs from a stay.  *Id.* at 14–15.

Moreover, the Court found that the duration of the stay and judicial economy weighed against a stay in September 2019 because the Court construed Defendants' request as contingent on possible Fourth Circuit proceedings.  The Court observed that those proceedings were unlikely to occur in light of the Court's partial vacatur of the Magistrate Judge's prior order.  *Id.* at 15–16 (stating the "prospect" of Defendants seeking appellate review was "highly unlikely given that the Court will vacate" the Magistrate Judge's ruling on deliberative process privilege).  Defendants' current Motion to Stay does not rely on any "unlikely" or hypothetical proceedings; it asks the Court for a stay of disclosure of a mass of deliberative documents pending its adjudication of the Objections to the Opinion and Order, which will shortly be fully briefed.  Although Defendants also ask that the stay extend for a reasonable period following the Court's decision on those Objections to permit the Solicitor General an opportunity to seek appellate relief if he chooses to, this is consistent with the Court's prior decision in September 2019.  The Court there provided a brief stay for that exact purpose.  *Id.* at 16–17.[3]

Unlike the Court's previous denial of an essentially moot stay request, the circumstances

---

[3] The Court provided a 48-hour stay pending possible appeal in light of Plaintiffs' consent.  Mem. Op. at 16–17 (Sept. 3, 2019), ECF No. 267.  To the extent any stay pending possible appeal becomes necessary following the Court's ruling on the Objections, Defendants request the stay extend at least two weeks from the date of the ruling.

now are far more similar to that facing the Court in November 2018, when the Court stayed a discovery order covering the same categories of documents as at issue here in light of a parallel Ninth Circuit proceeding covering substantially the same information.  *See* Stay Order.  A stay is warranted again.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants respectfully request that the Court stay the Magistrate Judge's Memorandum Opinion and Order pending the Court's resolution of Defendants' Objections to the Opinion and Order.  Defendants also ask that the stay extend for a reasonable period following the Court's decision on the Objections to allow the Solicitor General the opportunity to consider whether to seek appellate relief if the Court upholds the Opinion and Order in whole or in part.

Date:  May 8, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

DAVID MORRELL
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

ANTHONY J. COPPOLINO
Deputy Director

*/s/ Courtney D. Enlow*
COURTNEY D. ENLOW
ANDREW E. CARMICHAEL
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Telephone: (202) 616-8467
Email: courtney.d.enlow@usdoj.gov

*Counsel for Defendants*