IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

|  |  |
|---|---|
| BROCK STONE, *et al.*,<br><br>               *Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity<br>as President of the United States, *et al.*,<br><br>               *Defendants*. | Case 1:17-cv-02459-GLR<br><br>Hon. George L. Russell, III |

## DEFENDANTS' REPLY IN SUPPORT OF OBJECTIONS TO THE MAGISTRATE JUDGE'S MEMORANDUM OPINION AND ORDER

## INTRODUCTION

Plaintiffs' rhetoric that the Government is engaged in "obstructive litigation tactics" in objecting to the Magistrate Judge's disclosure order at issue here, Pls.' Opp'n at 1, ECF No. 308, is baseless.  They do not dispute that, since this Court set aside the last deliberative process ruling by the Magistrate Judge, the Government has produced every deliberative document sent from, received by, generated by, presented to, or considered by the Panel of Experts that formulated the now-challenged Mattis policy.  Plaintiffs also cannot dispute that the Panel's recommendations were fully adopted in the Department of Defense's Report and Recommendation, further recommended by then-Secretary of Defense James Mattis to the President, and later accepted by the President in his March 2018 Memorandum.  Plaintiffs thus possess the entire deliberative history of the Panel that developed the challenged military policy.

Plaintiffs point to nothing in that history that supports their demand for additional privileged documents.  They urge that they need not demonstrate any such need.  Instead, in their view, the Magistrate Judge implausibly had no obligation to consider the deliberative disclosures

and existing record before ordering vast swaths of additional discovery.  Moreover, they construe the Magistrate Judge's decision as having adequately applied the *Cipollone* test for overcoming the deliberative process privilege to three categories of documents encompassing officials from all levels of the Department and the Military Services and covering numerous subjects.  Those categories are far too broad, and the Magistrate Judge's *Cipollone* analysis was manifestly erroneous.

The extensive disclosure of privileged materials that has occurred to date is extraordinary, particularly in the context of a military determination.  Plaintiffs already possess everything they reasonably need—and much more—to pursue their legal challenges to the Mattis policy.  Before ordering further broad intrusions into military deliberations, it was incumbent on the Magistrate Judge to evaluate carefully whether the disclosed materials provide any basis for Plaintiffs' claim of intentional, impermissible discrimination, and whether any aspect of the record justifies additional, targeted discovery.  Instead, by fashioning a discovery order with little regard to the existing record, the Magistrate Judge in effect reinstated the same discovery ruling that this Court vacated.  Although the Magistrate Judge stated that "[n]either party is entitled to an all or none result here," Mem. Op. at 10 (Apr. 9, 2020), ECF No. 299, that is precisely what has occurred.  The Magistrate Judge's ruling should be vacated again and Plaintiffs' motion should be denied.

## ARGUMENT

### I.  Plaintiffs Have Not Established a Need Adequate to Overcome the Privilege in Accord with the *Cipollone* Factors.

Defendants' opening brief showed that Plaintiffs have not carried their burden to establish any need for the deliberative documents they seek—let alone a sufficiently compelling need to overcome the Government's interest in confidentiality—in light of the highly attenuated relevance of the materials they seek and the availability of tens of thousands of documents produced in

discovery, including all deliberations of the Panel of Experts that recommended the policy under challenge.  Defs.' Objections at 10–19, ECF No. 302.  The Magistrate Judge's Opinion and Order were thus contrary to law, particularly where he erroneously assigned the burden of persuasion to Defendants and applied garden variety civil discovery principles of relevance and proportionality in deciding a motion to compel documents subject to an executive privilege.  *See id.* at 10–12. Plaintiffs' arguments in response to Defendants' objections should be rejected.

    **1.**       Plaintiffs first argue that Defendants are "mov[ing] the goal posts" by arguing that Plaintiffs must establish a sufficient need to overcome the deliberative process privilege.  Opp'n at 12.  Plaintiffs assert that Defendants are discarding the test from *Cipollone v. Liggett Group, Inc.*, 812 F.2d 1400 (table), 1987 WL 365515 (4th Cir. 1987), which they have repeatedly argued for, in favor of a need analysis discussed in their opening brief.  Opp'n at 11–12.

          Plaintiffs misconstrue Defendants' argument.  Defendants' essential point is not that some different test should be applied but, rather, that the purpose of the *Cipollone* factors is ultimately to balance the Plaintiffs' need for information and the Government's interest in confidentiality. *See Cipollone*, 812 F.2d 1400 at *2.  Indeed, Plaintiffs appear to largely *agree* with Defendants that "whether Plaintiffs' need for the materials outweighs the Defendants' interest in nondisclosure is the *outcome* of balancing of the *Cipollone* factors."  Opp'n at 10.  The Magistrate Judge's Opinion and Order are contrary to law precisely because, in applying the *Cipollone* factors, the Magistrate Judge failed to consider this overriding principle.  Thus, although the opinion walks through each of the *Cipollone* factors, it nonetheless fails to conform to the analysis required in this circuit because it does not actually consider whether the party seeking information has a sufficiently compelling need in light of the existing evidentiary record and its relationship to Plaintiffs' claims.

Nowhere is the failure to reckon with the purpose of the *Cipollone* balancing test made more apparent than the Magistrate Judge's failure to adequately account for the voluminous deliberative disclosures already made by the Government.  Plaintiffs now have every deliberative document used or considered by the Panel that formulated the policy, which the Government produced pursuant to the order in *Doe 2 v. Esper*, No. 17-cv-1597, 2019 WL 4394842 (D.D.C. Sept. 13, 2019).  In applying the *Cipollone* factors, it was incumbent on the Magistrate Judge to consider whether Plaintiffs need still more disclosures.

Plaintiffs respond by protesting that the Magistrate Judge "specifically acknowledged this disclosure" responsive to Plaintiffs' Category 2.  Opp'n at 13.  To be sure, the Magistrate Judge mentioned that certain disclosures responsive Plaintiffs' Category 2 had occurred.  Mem. Op. at 8, 11 (Apr. 9, 2020), ECF No. 299.  But mentioning that disclosures took place is not a substitute for *considering* them, and the Magistrate Judge's opinion nowhere indicates that he reviewed the Government's privileged document productions at all so as to determine their impact on Plaintiffs' purported need for additional privileged documents.  The Magistrate Judge did not determine, for example, whether those documents supported Plaintiffs' theories in any way or whether they otherwise increased or diminished Plaintiffs' need for additional deliberative documents.  To the contrary, the Magistrate Judge's discussion of relevance simply asserted that the Government had not challenged the relevance of any Category 2 documents.  *See id.* at 8.  That is incorrect.  *See* Defs.' Suppl. Brief at 20–24, ECF No. 281.  And while the Magistrate Judge also concluded that the disclosure of the Panel's deliberations diminished the Government's interests in confidentiality as to other documents still withheld, *see* Mem. Op. at 11 (Apr. 9, 2020), ECF No. 299, that conclusion is incorrect.  The fact that the Government produced deliberative documents in compliance with a court order with which it disagreed does not in any way diminish the

Government's interests in confidentiality and the chilling effect that would result from the disclosure of different privileged material.

Plaintiffs also misleadingly describe the extensive production of the Panel's deliberations as mere "handpicked disclosures" that are insufficient for Plaintiffs to litigate the merits of their case. Opp'n at 13–14. That contention blinkers reality. The disclosure of Panel deliberations was not limited to particular documents that Defendants subjectively assessed would be helpful to either side. The disclosure was categorical and encompassed the full deliberative record of the Panel of Experts, per the court order requiring that production. And although Plaintiffs' theory of the case is erroneous—that "animus and discrimination have infected Defendants' policy making process," Opp'n at 13—one can hardly imagine a more apt body of evidence for investigating that theory than the deliberations from the very policy-making process being challenged. Plaintiffs' apparent inability to support their theory with the Panel's deliberative documents should speak volumes about their lack of need for even more privileged information that is further afield from the deliberative process they purportedly seek to probe. This Court should reject Plaintiffs' effort as mere "fishing," just as the *Doe* court did in response to a similar request for materials never seen by the Panel. *See* Tr. of Telephone Conference, *Doe 2 v. Esper*, at 20:1–13 (D.D.C. Jan. 14, 2020), ECF No. 293-5.

**2.**     Bearing in mind that the purpose of the *Cipollone* test is to weigh Plaintiffs' need for privileged material against the Government's interest in confidentiality, Defendants' opening brief also showed that the Magistrate Judge's application of the *Cipollone* factors to the three categories of documents that Plaintiffs seek was contrary to law. The remaining withheld deliberative documents in each category have minimal relevance to this case, and Plaintiffs have received ample alternative evidence in the form of thousands of non-privileged documents and the

complete deliberative record of the Panel of Experts. *See* Defs.' Objections at 14–19. Plaintiffs' responses as to why they need documents in each category are unavailing.

> *Category One:* Category One requests deliberations regarding the President's 2017 statements on Twitter and the August 2017 Presidential Memorandum. Plaintiffs' only defense of the relevance of these materials is the bare statement in the Magistrate Judge's Opinion that these documents go to the "crux of Plaintiffs' claims" and the "heart of the Defense." Opp'n at 17. That does not suffice in light of this Court's conclusion that the record establishes DoD's current policy was a "product of military judgment" and that there has been a "significant change in the factual circumstances" between the August 2017 Presidential Memorandum and the current policy. Mem. Op. at 14 (Aug. 20, 2019), ECF No. 263. The Magistrate Judge's decision also cannot be reconciled with this Court's conclusion that DoD's current policy differs from any policy announced by the President in 2017, either on Twitter or in the 2017 Presidential Memorandum. *See id.* at 19–20; *see also Doe v. Shanahan*, 755 F. App'x 19, 23–24 (D.C. Cir. 2019) (finding that the district court "clear[ly] err[ed]" in finding that DoD's 2018 policy was the same as the President's announcement in summer 2017). The *Doe* district court has rejected a similar request for deliberations regarding the August 2017 Memorandum, and the Ninth Circuit has questioned the relevance of those materials. *See* Defs.' Objections at 15 (citing *Doe 2*, 2019 WL 4394842 at *1; *Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019)). To these points, Plaintiffs offer no response.

> *Category Two:* Plaintiffs also cannot support their request for deliberative documents relating to the activities of working groups supporting the Panel of Experts, considering that all materials actually conveyed to the Panel—including materials from working groups—have already been produced. Defs.' Objections at 15–16. Thus, the only remaining deliberative

documents in Category Two are those that no decision-maker ever saw. Such materials have no relevance where the Court's role is to "assess the evidence the Panel gathered and the military's evaluation of that evidence." Mem. Op. at 58 (Aug. 20, 2019), ECF No. 263. Plaintiffs certainly possess evidence sufficient to make arguments under the standard of review articulated by the Court, given that they have the deliberations reflecting the Panel's evaluation of the evidence before it.

Plaintiffs assert nonetheless that they need working group deliberations because they must "determine whether the Panel of Experts' conclusions were manipulated based on the information provided to it, or based on the information *deliberately withheld from it*." Opp'n at 19. Plaintiffs' apparent hypothesis is that lower-level service members and DoD employees "deliberately withheld" information from the Panel, thus "manipulat[ing]" the Panel's conclusions. *Id.* Plaintiffs cite nothing to support this baseless speculation that individuals across the military were concealing information, which is contrary to the presumption of regularity to which executive actions are entitled. *See, e.g.*, *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14–15 (1926) ("The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."); *Nardea v. Sessions*, 876 F.3d 675, 680 (4th Cir. 2017) (applying "the 'presumption of regularity [that] attaches to the actions of Government agencies,' such that 'in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties' (quoting *U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 10 (2001); *Chem. Found.*, 272 U.S. at 14–15)). Plaintiffs' unsupported conjecture that somebody somewhere in the military hid documents is not enough to overcome the Government's serious confidentiality interests, which is supported by a sworn declaration from DoD. *See* Decl. of Robert E. Easton ¶¶ 30–38 (Oct. 25, 2019), ECF No. 281-1.

*Category Three:*        Plaintiffs' request for deliberations regarding DoD's Report and Recommendation, the Mattis memorandum, and the President's March 2018 memorandum should also be rejected.  Plaintiffs do not need deliberative materials about these documents where the policy recommended by the Panel of Experts is identical to the one articulated in the Report to Secretary Mattis, adopted in the Mattis memorandum, and accepted in the President's March 2018 memorandum.  *See* Defs.' Objections at 17 (citing Administrative_Record_003059–60, Action Memo from the Under Secretary of Defense for Personnel and Readiness to the Secretary of Defense, ECF No. 133-15; Mattis Mem., ECF No. 120-1; DoD Report & Recommendation, ECF No. 120-2; March 2018 Presidential Memorandum, ECF No. 120-3).

Plaintiffs respond that such documents are needed to show whether "outside special interest groups" or the "White House" may have influenced DoD's decision-making process.  Opp'n at 18, 19.  This rationale makes no sense.  Plaintiffs already have the deliberations of the Panel of Experts and thus the basis on which the policy was adopted.  Moreover, as a result of orders by the district court in *Karnoski*, Defendants recently produced to Plaintiffs all deliberative documents or communications exchanged with non-governmental third parties.  *See Karnoski v. Trump*, No. 17-1297 (W.D. Wash.), ECF Nos. 454, 509, 518.  Nothing in those materials suggest any improper influence existed in the decision-making process under challenge.  Given production of these materials, Plaintiffs' "outside influence" theory cannot provide a basis for *additional* disclosures of deliberative documents.  As to the process for drafting the Mattis memorandum and DoD's Report and Recommendation, Plaintiffs now know from sworn interrogatory responses in *Karnoski* exactly who wrote those documents and who reviewed or commented on them.  *See* Ex. B to Defs.' Objections at 5–7, 9–12, ECF No. 302-2.  No one outside the federal government is on those lists.  The Court should reject Plaintiffs' *ipse dixit* that they have not received adequate

alternative evidence to prove a negative or to show the "sort of influence Plaintiffs allege."  Opp'n at 19.

## II.     The Potential Chilling Effects of Disclosure Outweigh Any Need for Further Disclosures.

The Government's opening brief also showed that the Magistrate Judge failed to adequately weigh the undisputed evidence submitted by the Department of Defense regarding the chilling effect that would result from the mass disclosure of deliberative materials.  Defs.' Objections at 19–22.  That evidence, in concert with the principle that the "military's interest in full and frank communication about policymaking raises serious—although not insurmountable—national defense interests," shows that the Government's interest in confidentiality far outweighs Plaintiffs' need for further privileged materials.  *See Karnoski*, 926 F.3d at 1206.

Plaintiffs' primary response is to fall back on the protective order procedure referenced at the end of the Magistrate Judge's opinion.  But, as previously explained, this passing suggestion of the possibility of re-litigating privilege as to a subset of documents (unidentified in the order) does not alter the fact that the Magistrate Judge has now ordered the production of deliberative documents with no relevance to the claims *en masse*.  That order must be revisited regardless of what further litigation of a smaller subset might hold.

In any event, it is not apparent from the Opinion and Order whether the Magistrate Judge contemplates protection from production for a subset of documents or merely a limitation on dissemination to the public.  Neither outcome would be adequate to resolve the Government's confidentiality concerns.

Plaintiffs argue that a protective order limiting public release of deliberative materials would adequately protect the Government's confidentiality interests.  That ignores the essential premise of the deliberative process privilege, which rests on "the obvious realization that officials

will not communicate candidly among themselves if each remark is a *potential item of discovery*." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8–9 (2001) (emphasis added). That is why courts have held that a "protective order limiting dissemination" may "ameliorate but cannot eliminate" the chilling effects of disclosure." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1164 (9th Cir. 2009).

Even if the opportunity exists to seek protection from production for some subset of materials, it is unclear how this procedure is intended to work where the Magistrate Judge has already rejected unrebutted evidence from DoD about the substantial harms to the deliberative process resulting from mass disclosure of deliberative materials, as well as evidence demonstrating that the documents involve senior military and civilian leaders, including the Secretary of Defense, as well as individuals at all other levels of the DoD and Military hierarchy. Decl. of Robert E. Easton ¶¶ 24, 30, 31, 34 (Oct. 25, 2019), ECF No. 281-1. There is no indication that re-litigating the question would protect more than a tiny fraction of the thousands of privileged documents subject to the Order, if any. Moreover, asking the Magistrate Judge to reconsider his decision as to some subset of the materials based on the same chilling effect concerns impermissibly places the burden on the Defendants to identify a subset of relevant material (*see infra*) and makes little sense where the Magistrate Judge has already set forth his views as to the application of the privilege here. Mem. Op. at 12 (Apr. 9, 2020), ECF No. 299 (indicating the Magistrate Judge may view such motions as of a piece with purported "persistent delay tactics").

## III.    The Magistrate Judge Failed to Adequately Consider Whether Plaintiffs' Categories are Overly Broad or Whether Documents Generated at Different Levels of the Military Should be Treated Differently.

The Government's opening brief further showed that the Magistrate Judge did not follow this Court's instruction to consider whether "greater deference" is warranted as to particular

documents because of "who is involved," and failed to adequately consider whether the categories of documents in Plaintiffs' motion are overly broad.  Defs.' Objections at 22–26.

As to whether greater deference is due to certain persons involved, Plaintiffs point to the protective order procedure discussed above as responsive to the Court's instructions.  Opp'n at 22. As explained above, there is no reasoned basis to conclude that "greater deference" would be applied as to a subset of documents after disclosure has already been ordered and based on a last-chance request for reconsideration with relief *possibly* including non-disclosure.  The Court's instructions, and the law more generally, contemplate a more rigorous and deferential approach to resolution of the privilege.

Plaintiffs also assert the Magistrate Judge resolved the problem caused by the breadth of Plaintiffs' categories by stating that Defendants have "knowledge of the documents that comprise each of the three categories" and described the types of documents "in detail."  Opp'n at 7, 16 (quoting Mem. Op. at 2–3 (Apr. 9, 2020), ECF No. 299).  But this statement is simply inapposite. Defendants' primary point regarding the breadth of Plaintiffs' categories is that they are too broad—encompassing too many types of agency employees, categories of documents, and subject matters—to permit *the Court* to adequately consider the *Cipollone* factors.  Indeed, explaining this essential limitation on the Court's ability to review the categories is why, as the Magistrate Judge recognized, Defendants described the documents at issue "in detail."  *See* Defs.' Objections at 23– 25.  But the Magistrate Judge did not respond to this argument and certainly did not explain how it was possible to adequately evaluate the *Cipollone* factors as to documents involving such disparate topics as media strategy and personnel policy or involving such disparate officials as low-level civilian career employees and the Secretary of Defense himself.  *See id.*  The fact that Defendants can describe the documents subject to Plaintiffs' categories does not satisfy the

Magistrate Judge's obligation to consider whether the documents in those categories can be assessed *en masse* under the *Cipollone* factors

More generally, Plaintiffs contend that the Magistrate Judge had no obligation to apply the *Cipollone* analysis to narrower categories because Defendants purportedly failed to show that Plaintiffs' categories are overly broad.  Regardless of the accuracy of Plaintiffs' asserted placement of that burden, Defendants have done exactly that.  As explained in Defendants' opening brief, Plaintiffs' three broad categories encompass various types of documents generated by officials at varying levels of seniority in numerous agencies and components across a large time span and, accordingly, implicate different analyses that must be considered separately as contemplated by *Karnoski* and *Cipollone*.  Defs.' Objections at 23–25.

But Plaintiffs also contend that Defendants have *another* burden—to propose alternative categories that would allow for a satisfactory *Cipollone* analysis.  Opp'n at 16–17.  That is backwards.  It is *Plaintiffs'* motion to compel, and they bear the burden of identifying any specific documents or discrete categories of documents they seek to compel.  And obligating Defendants to identify the categories of documents that Plaintiffs should seek to compel to support their claims is not contemplated by this Court's prior remand or by the Ninth Circuit in *Karnoski*.  Plaintiffs cite no authority for the proposition that a party is obligated to, in effect, litigate both sides of a motion to compel privileged documents.

Plaintiffs also assert that they "simply do not have sufficient information" to propose alternative categories because of purported deficiencies in Defendants' privilege logs.  Opp'n at 16.  But that plainly is not so—Plaintiffs can, and did, point to several specific documents in their supplemental brief to the Magistrate Judge that they claim are relevant to their case.  *See* Pls.' Supplemental Brief at 8–16, ECF No. 276.  In doing so, Plaintiffs quoted from Defendants'

privilege logs.  *See id.*[1]

Plaintiffs' ability to identify discrete categories of documents becomes even more apparent when the Court considers the procedure undertaken in the related *Doe* case.  As described in the opening brief, the plaintiffs in *Doe* identified four discrete categories of documents withheld under the deliberative process privilege for which they believed they had a particular need (for example, one discrete category consisted of the briefing presentations given by the Panel of Experts to the Deputy Secretary of Defense, the Vice Chairman of the Joint Chiefs of Staff, and the Secretary of Defense).  Defendants then identified in their production the documents within each discrete category, reviewed those documents, and provided narrowed privileged logs to the Plaintiffs. Defendants even waived their assertion of privilege over many of the documents, and produced them to the plaintiffs in all four cases.  The parties in *Doe* litigated over the remaining documents in dispute.  But in this case, despite repeated requests from Defendants that Plaintiffs identify discrete categories of documents, Plaintiffs refused to do so.  *See* Decl. of Courtney Enlow ¶ 2 (May 29, 2018), ECF No. 177-28 (explaining that before Plaintiffs filed a motion to compel, "if Plaintiffs identified specific documents, Defendants could review the documents to determine whether to perfect the deliberative process privilege over those documents or whether to withdraw the assertion of privilege over the documents with the goal of narrowing the dispute"); Email from Courtney Enlow to Nicholas Lampros (Sept. 26, 2019), ECF No. 281-2 (explaining the process that occurred in *Doe* and requesting that Plaintiffs engage in a similar process).  Indeed, Plaintiffs

---

[1] Plaintiffs' drive-by attack on the adequacy of Defendants' privilege logs should be rejected.  The adequacy of Defendants' logs is not before the Court.  Accordingly, this brief does not address the sufficiency of the privilege logs, aside from noting that to the extent there may be defects in the logs, it is a result of the broad discovery requests issued by Plaintiffs.  *See Rein v. PTO*, 553 F.3d 353, 370 n.24 (4th Cir. 2009) ("Parties who frame massive and all-inclusive requests for documents should expect some fall-off from perfection when the agency responds.").

are in an even stronger position to propose alternative categories than the *Doe* plaintiffs were because they now possess all deliberative documents of the Panel of Experts.  Those documents, in addition to the voluminous non-privileged disclosures already made and Defendants' privilege logs, provide Plaintiffs a wealth of information from which to tailor their requests.

In sum, Plaintiffs' argument that "Defendants have consistently refused to propose narrower categories or show that it would be feasible for Plaintiffs to do so" is unfounded.  *See* Opp'n at 16.  And Plaintiffs' failure to identify discrete categories of documents in their motion to compel prevents the Court from being able to undertake the required balancing test under *Cipollone*.

## IV.   Defendants Have Not Conceded That Any Deliberative Materials in Response to Category One Should Be Released.

Finally, Plaintiffs contend that Defendants have conceded certain privileged materials responsive to Category One must be released in response the Magistrate Judge's Order.  That is not the case.

Plaintiffs cite the Magistrate Judge's statement that the deliberative process privilege does not generally protect purely factual material and that, therefore, certain facts that may be responsive to Category One do not fall under the deliberative process privilege.  Opp'n at 23 (citing Mem. Op. at 7 (Apr. 9, 2020), ECF No. 299).  Defendants understood these statements in the Magistrate Judge's decision to simply reiterate the point that information responsive to Plaintiffs' categories that is not in fact privileged should be produced.  Defendants have done that, and they are not withholding under the deliberative process privilege any documents they have assessed are not privileged.  Accordingly, Defendants have already produced documents reflecting factual information that is not intertwined with the deliberative process and factual information that can reasonably be segregated from deliberations.  Of course, consistent with relevant authorities,

14

factual materials that *are* inextricably intertwined with the deliberative process or that would reveal that process have been withheld. *See, e.g.*, *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1118–19 (9th Cir. 1988) (documents that are "a part of the *deliberative process*" and whose disclosure would expose that process are covered by the privilege, even if the information contained therein is factual or otherwise does not contain a "recommendation"); *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) (factual material may be protected where it is "so inextricably intertwined with the deliberative sections of documents that its disclosure would inevitably reveal the government's deliberations"). But such "facts" as contained within deliberative documents are privileged, consistent with this case law.

To the extent the Magistrate Judge intended the cited statements to mean that the deliberative process privilege has been *overcome* as to certain documents in Category One, Defendants have objected to that holding as discussed at length above and in the Objections.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court vacate and set aside the Magistrate Judge's Memorandum Opinion and Order, ECF Nos. 299, 300.


Date:  May 21, 2020                          Respectfully submitted,

                                             JOSEPH H. HUNT
                                             Assistant Attorney General
                                             Civil Division

                                             DAVID MORRELL
                                             Deputy Assistant Attorney General

                                             ALEXANDER K. HAAS
                                             Branch Director

                                             ANTHONY J. COPPOLINO
                                             Deputy Director

*/s/ Courtney D. Enlow*
COURTNEY D. ENLOW
ANDREW E. CARMICHAEL
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Telephone: (202) 616-8467
Email: courtney.d.enlow@usdoj.gov

*Counsel for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 21, 2020, I served the foregoing brief using the Court's

CM/ECF system, causing a notice of filing to be served upon all counsel of record.  I further certify

that I have arranged for a paper copy of this filing to be sent to the Court.


Dated: May 21, 2020                                   */s/ Courtney D. Enlow*
                                                     COURTNEY D. ENLOW
                                                     Trial Attorney
                                                     United States Department of Justice
                                                     Civil Division, Federal Programs Branch
                                                     Telephone: (202) 616-8467
                                                     Email: courtney.d.enlow@usdoj.gov

                                                     *Counsel for Defendants*

17